1   **LEVI & KORSINSKY, LLP**
    Adam M. Apton (SBN 316506)
2   Adam C. McCall (SBN 302130)
    75 Broadway, Suite 202
3   San Francisco, CA 94111
    Tel: (415) 373-1671
4   Email: aapton@zlk.com
    Email: amccall@zlk.com
5

6   *Attorneys for Movant David Joseph Primeau*

7               **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9   ANTHONY JOSEPH PETERS,                     Case No.: 5:22-cv-08168-EJD
    Individually and on Behalf of All Others
10  Similarly Situated,                        **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT OF DAVID**
11                  Plaintiff,                 **JOSEPH PRIMEAU'S MOTION FOR: (1)**
                                               **APPOINTMENT AS LEAD PLAINTIFF;**
12  v.                                         **AND (2) APPROVAL OF SELECTION OF**
                                               **COUNSEL**
13
    TWIST BIOSCIENCE CORPORATION,
14  EMILY M. LEPROUST, and JAMES M.            Date:        July 20, 2023
    THORBURN,                                  Time:        9:00 a.m.
15                                             Courtroom:   4-5th Floor
                    Defendants.                Judge:       Hon. Edward J. Davila
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE, that on July 20, 2023 at 9:00 a.m., or as soon as counsel may be

4

heard, the undersigned will move before the Honorable Edward J. Davila at the United States District

5

Court for the Northern District of California, San Jose Courthouse, Courtroom 4 on the 5th Floor, 280

6

South 1st Street, San Jose, California 95113, pursuant to Rule 23 of the Federal Rules of Civil

7

Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

8

1.      Appointing David Joseph Primeau ("Movant") as Lead Plaintiff;

9

2.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead

10

Counsel; and

11

3.      Granting such other and further relief as the Court may deem just and proper.

12

Movant respectfully submits the following memorandum in support of his motion for: (a)

13

appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ................................................................................. 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

III.    STATEMENT OF FACTS .................................................................................... 2

IV.    PROCEDURAL HISTORY .................................................................................. 3

V.    ARGUMENT ........................................................................................................ 3

    A.    Movant's Appointment as Lead Plaintiff Is Appropriate. ............................ 3

        1.    The Procedure Required by the PSLRA ............................................. 3

            a.    Movant Is Willing to Serve as Class Representative. ............................ 4

            b.    Movant Has the Largest Financial Interest in the Relief Sought by the Class. ............................ 4

        2.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ............................ 5

            a.    Movant's Claims Is Typical of the Claims of All Class Members. ........ 6

            b.    Movant Will Adequately Represent the Class. ...................................... 7

    B.    Approval of Movant's Choice of Counsel Is Appropriate. ............................ 8

VI.    CONCLUSION ..................................................................................................... 9

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Booth v. Strategic Realty Trust, Inc.*,
No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ............................4

4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ......................................................................................1, 4, 5

5

6

*In re Coinbase Global Securities Litigation.*
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................................7

7

*Crawford v. Honig,*
37 F.3d 485 (9th Cir. 1994) ......................................................................................6

8

9

*Daniels Family 2001 v. Las Vegas Sands Corp..*
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ......................................................7

10

*Deinnocentis v. Dropbox, Inc..*
2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ................................................8

11

12

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992) ......................................................................................6

13

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ................................................................................5

14

15

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982) ......................................................................................6

16

*Gold v. Lumber Liquidators, Inc.,*
323 F.R.D. 280 (N.D. Cal. 2017) ................................................................................6

17

18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................................5

19

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004) ......................................................................................5

20

21

*Hessefort v. Super Micro Computer, Inc,*
317 F.Supp.3d 1056 (N.D. Cal. 2018) ........................................................................5

22

*Johnson v. OCZ Tech. Grp.*,
2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ..............................................1, 3

23

24

*In re LendingClub Sec. Litig.*,
282 F.Supp.3d 1171 (N.D. Cal. 2017) ......................................................................5, 6

25

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ......................................................................................5

26

27

*Nickerson v. American Electric Power Company, Inc.. et al..*
No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ..........................................8

28

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID JOSEPH PRIMEAU'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................5

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ......................................................................................5

*Veal v. LendingClub Corporation*,
   2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ............................................................5

*White Pine Invs. v. CVR Ref.*,
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ..............................................7

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ...........................................................................................1, 5, 6, 7

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of a class of all persons and entities who purchased or otherwise acquired Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019, and November 14, 2022, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $21,348.79 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

---

[1] Movant's certification identifying his transactions in Twist, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired common stock during the Class Period.

2.    Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

**III. STATEMENT OF FACTS[3]**

Twist is a Delaware corporation with its principal executive offices in South San Francisco, California. ¶ 2. The Company is a biotechnology company that manufactures synthetic DNA and DNA products. *Id.* Synthetic DNA products allow users to design and modify DNA for the purposes of academic research, enhancing specialty chemical production, and developing healthcare treatments, among other uses. *Id.* Twist's common stock trades in the United States on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "TWST." *Id.*

Throughout the Class Period, Defendants repeatedly assured investors that the Company possessed innovative proprietary technology relating to its synthetic DNA products that positioned Twist for significant future growth. ¶ 3. Indeed, Defendants claimed that the Company had already achieved substantial growth during the Class Period, growing from a customer base of approximately 1,300 diagnostic companies, hospitals, research institutions, and others at the end of fiscal year 2019, to approximately 2,900 customers at the end of fiscal year 2021. *Id.*

Defendants reported skyrocketing gross margins, which purportedly grew from 12.8% in fiscal year 2019, to 39.1% in fiscal year 2021, with margins projected to reach 40% for fiscal year 2022. ¶ 4. The Company also announced plans to build a "Factory of the Future" in Wilsonville, Oregon (the "Oregon Facility"), which would purportedly provide hundreds of jobs and occupy 110,000 square feet. By August 2022, when Twist reported its financial results for the third quarter of fiscal year 2022, Defendants projected annual capital expenditures between $95 million and $100 million, largely attributable to "building out" this new manufacturing facility. ¶ 5.

Plaintiff and other members of the class learned the truth about the Company's actual financial health on November 15, 2022, when Scorpion Capital ("Scorpion") published a lengthy report (the

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Peters* Complaint") filed in the action styled *Peters v. Twist Bioscience Corporation, et. al.,* Case No. 5:22-cv-08168-EJD (the "*Peters* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Peters* Complaint. The facts set forth in the *Peters* Complaint are incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID JOSEPH PRIMEAU'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

"Scorpion Report") alleging that Twist is "a cash-burning inferno that is not a going concern." ¶ 6. Specifically, Scorpion alleged that, among other things, Twist's purported DNA chip technology is a "farce" comparable to Theranos Inc.'s now infamous non-existent blood-testing technology, and that the Company's growth and revenues are unsustainable, among other issues. *Id.*

In response to the revelations in the Scorpion Report, the price of Twist common stock declined nearly 20%, or $7.57 per share, from a close on November 14, 2022 of $38.00 per share, to close on November 15, 2022 at $30.43 per share. ¶ 9.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Peters* Action against the Defendants. Plaintiff Anthony Joseph Peters ("Peters") commenced the first-filed action of December 12, 2022. On that same day, counsel acting on behalf of Peters published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

## V. ARGUMENT

### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as Class Representative.

On December 12, 2022, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Twist and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[4]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the

---

[4] The Notice was published over *Business Wire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

**Class.**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Twist shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $21,348.79 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc*, 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation*, 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh*, 306 F.3d at 730, n.5, 732.

Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.   Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because hia claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Twist common stock during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses

Movant seeks to recover are similar to those of other Class members and his losses resulted from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

**b.  Movant Will Adequately Represent the Class.**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 40 years. He currently resides in Murrieta, California. He attended three years of college and studied engineering and business. Movant is currently retired, but prior to that, he worked in Sales, Traffic and Operations at Truckline Management for 45 years. Further, Movant has experience hiring and overseeing attorneys. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID JOSEPH PRIMEAU'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B. Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at *15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at *7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *9 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID JOSEPH PRIMEAU'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 10, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for David Joseph Primeau and Proposed Lead Counsel for the Class*