**KESSLER TOPAZ MELTZER
 & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:   (415) 400-3000
Fax:  (415) 400-3001

*Counsel for Randall Bradford and Proposed
Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>                    Defendants. | Case No. 5:22-cv-08168-EJD<br><br>**NOTICE OF MOTION AND MOTION OF RANDALL BRADFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Date:   July 20, 2023<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF ISSUES ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 2

I.    PRELIMINARY STATEMENT ................................................................................. 2

II.    FACTUAL BACKGROUND ....................................................................................... 3

III.    ARGUMENT ................................................................................................................. 4

    A.    Mr. Bradford Should Be Appointed Lead Plaintiff ...................................... 4

        1.    Mr. Bradford's Motion Is Timely ................................................... 5

        2.    Mr. Bradford Has the Largest Financial Interest ........................... 5

        3.    Mr. Bradford Satisfies the Relevant Requirements of Rule 23 ..... 5

            a.    Mr. Bradford Is Typical ...................................................... 6

            b.    Mr. Bradford Is Adequate ................................................... 6

    B.    Mr. Bradford's Selection of Counsel Should Be Approved ...................... 7

IV.    CONCLUSION .............................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................ *passim*

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ....................................................................................................7

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ....................................................................................6

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 .......................................................................................................................6

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 9:00 a.m. on July 20, 2023, or on a date and at a time set by the Court, before the Honorable Edward J. Davila, at the United States District Court for the Northern District of California, located at the San Jose Courthouse, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California, 95113, Randall Bradford ("Mr. Bradford") will respectfully move this Court for entry of an Order for: (1) appointment of Mr. Bradford as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the class.

This Motion is made on the grounds that Mr. Bradford believes he is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Mr. Bradford believes that he has the "largest financial interest" in the relief sought by the class in this action by virtue of, among other things, his significant investments in the common stock of Twist Bioscience Corporation ("Twist" or the "Company"). Mr. Bradford also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other class members' claims and because he will fairly and adequately represent the interests of the class. In addition, Mr. Bradford has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

In support of this Motion, Mr. Bradford submits the accompanying Memorandum of Points and Authorities and the Declaration of Jennifer L. Joost (the "Joost Decl.").

**STATEMENT OF ISSUES**

1. Whether Mr. Bradford is the "most adequate plaintiff" and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

2. Whether Mr. Bradford's selection of counsel, Kessler Topaz, should be approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

# MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Bradford, by and through his counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion for: (1) appointment of Mr. Bradford as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of Mr. Bradford's selection of Kessler Topaz as Lead Counsel for the class.

## I.     PRELIMINARY STATEMENT

The above-captioned action (the "Action") is a securities class action brought under Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and SEC Rule 10b-5, promulgated thereunder (17 C.F.R. § 240.10b-5), against Twist and certain of its executive officers (collectively, "Defendants").  The Action is brought on behalf of all persons who purchased Twist common stock between December 13, 2019, and November 14, 2022, inclusive (the "Class Period").

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws and sets forth the process for determining which movant is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)-(B); *see also Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must appoint as lead plaintiff the movant that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Bradford respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. Bradford's Motion is timely and his losses of approximately $11,327 in connection with his transactions in Twist common stock during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Joost Decl., Exs. A-B.  In addition to asserting the largest financial interest, Mr. Bradford easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Lastly, Mr. Bradford has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Bradford's selection of Kessler Topaz as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted). Kessler Topaz has an extensive history of prosecuting complex actions under the PSLRA and has already demonstrated its commitment to the claims against Defendants by investigating Defendants' conduct and filing the Action. Thus, the class can be assured of zealous representation if Mr. Bradford's selection of Kessler Topaz as Lead Counsel is approved.

## II.   FACTUAL BACKGROUND

Twist, a Delaware corporation with principal executive offices in South San Francisco, California, is a biotechnology company that manufactures synthetic DNA and DNA products. The Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements and omissions about the Company's business, operations, and compliance policies. Specifically, Defendants overstated the commercial viability of Twist's synthetic DNA manufacturing technology while engaging in accounting fraud and using unsustainable pricing to inflate the Company's true financial condition and prospects.

Investors began to learn the truth on November 15, 2022, when Scorpion Capital ("Scorpion") published a lengthy report claiming that Twist is "a cash-burning inferno that is not a going concern" and is "operating a Ponzi-like scheme that will end in bankruptcy." Specifically, Scorpion alleged that Twist's "DNA chip" technology was not an innovative microchip but was merely forty-year-old technology already offered by many competitors. Scorpion further revealed that the Company was using price dumping and steep customer subsidies "to buy revenue and create the illusion of 'growth,'" which had crashed pricing in the industry. Moreover, according to Scorpion, Twist had concealed its unremarkable technology and unsustainable pricing strategies by, among other things, reporting fraudulent gross margins and improperly classifying and capitalizing certain costs. Scorpion also identified certain additional "red flags," including

potential undisclosed related-party transactions and suspicious transactions between Twist and offshore Chinese entities.

In response to these revelations, the price of Twist common stock declined $7.57 per share, or nearly 20%, from a close of $38.00 per share on November 14, 2022, to close at $30.43 per share on November 15, 2022.

### III.  ARGUMENT

#### A.  Mr. Bradford Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *Id.* § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Bradford is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1. Mr. Bradford's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, in connection with the filing of the Action, Kessler Topaz published notice in *Business Wire* on December 12, 2022, alerting investors to the pendency of the action and informing them of the February 10, 2023 deadline to seek appointment as Lead Plaintiff. *See* Joost Decl., Ex. C; ECF No. 8. Accordingly, Mr. Bradford has timely moved for appointment as Lead Plaintiff.

### 2. Mr. Bradford Has the Largest Financial Interest

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32. Here, Mr. Bradford suffered losses of approximately $11,327 in connection with his Class Period transactions in Twist common stock. *See* Joost Decl., Exs. A-B. To the best of Mr. Bradford's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, Mr. Bradford has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Mr. Bradford Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23 provides that a party may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, at this stage of litigation, the presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

### a.    Mr. Bradford Is Typical

The typicality requirement is satisfied where "other [class] members have the same or similar injury," "the action is based on conduct which is not unique to the named plaintiffs," and "other class members have been injured by the same course of conduct." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018) (citations omitted). Mr. Bradford satisfies the typicality requirement because, just like all other proposed class members, he seeks recovery for the losses on his investments in Twist common stock that he incurred as a result of Defendants' misrepresentations and omissions. Thus, Mr. Bradford's claims arise from the same conduct as those of the other class members and he satisfies Rule 23's typicality requirement.

### b.    Mr. Bradford Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, the adequacy element is satisfied where: "the class representative[s] and [their] counsel [do not] have any conflicts of interest with other class members" and "the class representative[s] and [their] counsel will prosecute the action vigorously on behalf of the class." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citations and internal quotation marks omitted).

Here, Mr. Bradford is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and/or misleading statements. There is no antagonism or potential conflict between Mr. Bradford's interests and those of the other members of the class, and Mr. Bradford is fully committed to vigorously pursuing the claims on behalf of the class. Moreover, as set forth in Mr. Bradford's Declaration, he understands the obligations of a lead plaintiff—including attending court proceedings, depositions, and other relevant events; overseeing and regularly communicating with counsel; and reviewing and authorizing the filings of important litigation documents—and is fully committed to satisfying these obligations. *See* Joost Decl., Ex. D, ¶ 8.

Further, Mr. Bradford has demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

### B. Mr. Bradford's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted).

Here, Mr. Bradford has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz—which maintains an office in the District—specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Joost Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record

recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (JLA) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Mr. Bradford's selection of Kessler Topaz as Lead Counsel for the class.

### IV.  CONCLUSION

For the reasons discussed above, Mr. Bradford respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of Kessler Topaz as Lead Counsel for the class, and grant any such further relief as the Court may deem just and proper.

| | |
|---|---|
| DATED: February 10, 2023 | Respectfully submitted,<br><br>**KESSLER TOPAZ MELTZER & CHECK, LLP**<br><br>*/s/ Jennifer L. Joost*<br>JENNIFER L. JOOST (Bar No. 296164)<br>(jjoost@ktmc.com)<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104<br>Tel:   (415) 400-3000<br>Fax:  (415) 400-3001<br><br>*Counsel for Randall Bradford and Proposed Lead Counsel for the Class* |