Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Counsel to Movant Stanley Schreiber
and Proposed Lead Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date: July 20, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila |

# NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 20, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Edward J. Davila, in Courtroom 4 on the 5th Floor of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, putative class member Stanley Schreiber will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (1) appointing Mr. Schreiber as Lead Plaintiff and (2) approving his selection of Block & Leviton LLP as Lead Counsel for the putative Class.

This Motion is made on the grounds that Mr. Schreiber is the most adequate proposed lead plaintiff. Mr. Schreiber seeks appointment as Lead Plaintiff and approval of his choice of Block & Leviton LLP as Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker and the exhibits thereto, the Court's complete files and records in this action, and such further argument as the Court may allow at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On December 12, 2022, the above-captioned securities class action was brought on behalf of all persons and entities that purchased or acquired shares of Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019, and November 14, 2022, inclusive (the "Class Period"). The lawsuit alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(j)(b) and 78(t), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Mr. Schreiber as Lead Plaintiff because he has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve of Mr. Schreiber's selection of Block & Leviton LLP as Lead Counsel because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Mr. Schreiber as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

2. Whether the Court should approve of Mr. Schreiber's selection of Block & Leviton LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS[1]

Twist Bioscience is a biotechnology company that manufactures synthetic DNA and related products that allow the modification of DNA for certain uses including, academic research, enhancing specialty chemical production, and developing healthcare treatments, among others. Throughout the Class Period, Defendants touted the Company's future growth prospects related to

---

[1] The facts are taken from the Complaint that was filed in *Peters v. Twist Bioscience Corporation et al.,* No. 5:22-cv-08168-EFD (N.D. Cal.) (ECF No. 1).

MOTION FOR APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 5:22-CV-08168-EJD

3

the Company's synthetic DNA products, claiming customer base growth from approximately 1,300 to near 2,900 for the two fiscal years ending in 2021.

In addition to customer base growth, Twist announced plans to buld a "Factory of the Future" in Wilsonville, Oregon (the "Oregon Facility"). The Oregon Facility would encompass over 100,000 square feet and house hundreds of employees. In reporting quarterly financial results in August of 2022, Twist projected annual capital expenditures between $95 million and $100 million, most of which would be used to build out the Oregon Facility.

On November 15, 2022, Scorpion Capital ("Scorpion") published a report alleging that Twist's DNA chip technology is a "farce", and compared the product to well known blood-testing fraud, Theranos Inc. Additionally, the Scorpion report alleged that Twist's growth and revenues were unsustainable, that the company was reporting false capital expenditures and gross margins, and that Scorpion's investigation of the Oregon Facility indicated that the Company is using the facility to hide large operating expenses as fraudulent capital expenditures. Further allegations in the Scorpion report include that Twist's growth is dependant on unsustainable pricing strategies where the Company undercuts competitors by offering below-cost prices.

Following the release of the Scorpion report, the price of common shares of Twist stock fell $7.57 per share, close to 20% from the prior day's closing price, to close at $30.43 per share on November 15, 2022. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class Members have suffered significant losses and damages.

## IV. ARGUMENT

### A. Mr. Schreiber Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (i.e., today, February 10, 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Mr. Schreiber satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

### 1. The Motion Is Timely.

The statutorily-required notice of this action was published on December 12, 2022, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by February 10, 2023. See Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Schreiber timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Schreiber has signed a certification pursuant to the PSLRA. See Walker Decl., Ex. B. Mr. Schreiber has selected and retained qualified counsel to

represent him and the proposed class. See Walker Decl., Ex. D. Accordingly, Mr. Schreiber is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### 2. Mr. Schreiber Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by Mr. Schreiber's accompanying signed certification and loss chart, Mr. Schreiber incurred substantial losses of approximately $84,493.69 on his transactions in Twist Bioscience Corporation common stock during the class period. See Walker Decl. Exs. B, C. At the time of this filing, Mr. Schreiber believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Schreiber is entitled to the presumption that he is the most adequate lead plaintiff.

### 3. Mr. Schreiber Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (citing *Cavanaugh*, 306 F.3d at 729-31).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class

members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Mr. Schreiber has submitted a sworn certification confirming his desire, willingness, and ability to serve as lead plaintiff. *See* Walker Decl., Ex. B. Like all class members, Mr. Schreiber acquired Twist Bioscience Corporation stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. B, C. Mr. Schreiber's substantial financial interest indicates that he has the requisite incentive to vigorously represent the putative class' claims. Moreover, Mr. Schreiber is not subject to unique defenses or aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, he has selected qualified counsel, highly experienced in securities litigation.

Mr. Schreiber's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

### B. The Court Should Approve of Mr. Schreiber's Selection of Block & Leviton LLP as Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Schreiber has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Walker Decl., Ex. D. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation, (S.D. Tex.), In re Google Inc. Class C Shareholder Litig. (Del. Ch. Ct.), and In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.)*. I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Accordingly, the Court should approve of Mr. Schreiber's selection of Block & Leviton LLP as Lead Counsel.

## V. CONCLUSION

Mr. Schreiber satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, he respectfully requests that the Court issue an Order: (1) appointing Mr. Schreiber as Lead Plaintiff in the Action; and (2) approving his selection of Lead Counsel.

February 10, 2023

Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Counsel to Movant Stanley Schreiber and Proposed Lead Counsel*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                        /s/ Jacob A. Walker
                                        Jacob A. Walker