1  Robert V. Prongay (SBN 270796)
     *rprongay@glancylaw.com*
2  Charles H. Linehan (SBN 307439)
     *clinehan@glancylaw.com*
3  Pavithra Rajesh (SBN 323055)
     *prajesh@glancylaw.com*
4  **GLANCY PRONGAY & MURRAY LLP**
   1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
   Telephone: (310) 201-9150
6  Facsimile: (310) 201-9160

7  *Counsel for Lead Plaintiff Movant Robert Basker*
   *and Proposed Lead Counsel for the Class*
8
   [Additional Counsel on Signature Page]
9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12 | ANTHONY JOSEPH PETERS, Individually | Case No. 5:22-cv-08168-EJD |
   and on Behalf of All Others Similarly Situated,
13 |                                      | **NOTICE OF MOTION AND MOTION OF** |
   |              Plaintiff,               | **ROBERT BASKER FOR APPOINTMENT** |
14 |                                      | **AS LEAD PLAINTIFF AND APPROVAL** |
   |                 v.                    | **OF LEAD COUNSEL; MEMORANDUM** |
15 |                                      | **OF POINTS AND AUTHORITIES IN** |
   | TWIST BIOSCIENCE CORPORATION,         | **SUPPORT THEREOF** |
16 | EMILY M. LEPROUST, and JAMES M.
   | THORBURN,                            | Date:    July 20, 2023 |
17 |                                      | Time:    9:00 a.m. |
   |              Defendants.              | Crtrm.:  4 – 5th Floor |
18 |                                      | Judge:   Edward J. Davila |

19

20

21

22

23

24

25

26

27

28

BASKER'S MOTION OF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:22-cv-08168-EJD

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 20, 2023, at 9:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Edward J. Davila, at the San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Robert Basker ("Basker") will move this Court for entry of an Order: (i) appointing Basker as Lead Plaintiff; (ii) approving Basker's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). In support of this Motion, Basker submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Basker is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced actions.  Further, Basker satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he will fairly and adequately represent the interests of the class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Robert Basker ("Basker") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Basker as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Basker's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.       PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities who purchased or otherwise acquired Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019, and November 14, 2022, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure

Basker believes he has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Basker satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Basker respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Basker's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

ZZZ

## II.     FACTUAL BACKGROUND[1]

Twist is a biotechnology company that manufactures synthetic DNA and DNA products that allow users to design and modify DNA for the purposes of academic research, enhancing specialty chemical production, and developing healthcare treatments.

The complaint filed in this action alleges that throughout the Class Period, the Defendants made false and misleading statements and failed to disclose that Defendants overstated the commercial viability of Twist's synthetic DNA manufacturing technology while engaging in accounting fraud and using unsustainable pricing to inflate the Company's true financial condition and prospects.

On November 15, 2022, Scorpion Capital ("Scorpion") published a lengthy report (the "Scorpion Report") alleging that Twist is "a cash-burning inferno that is not a going concern." Scorpion also alleged that, among other things, Twist's purported DNA chip technology is a "farce" comparable to Theranos Inc.'s now infamous non-existent blood-testing technology, and that the Company's growth and revenues are unsustainable, among other issues. According to the Scorpion Report, Twist is perpetuating its fraud through false reporting of capital expenditures and gross margins—which Scorpion claims are actually negative. Indeed, Scorpion's investigation of the forthcoming "Factory of the Future" in Wilsonville, Oregon revealed no evidence that the Company is preparing to begin manufacturing there, suggesting that the Company is using the facility to hide large operating expenses as fraudulent capital expenditures. Scorpion further alleged that the Company's growth is dependent upon unsustainable pricing strategies, such as using below-cost prices to undercut competitors by as much as 70% to 85%. Ultimately, the Scorpion Report concluded that Twist is "operating a Ponzi-like scheme that will end in bankruptcy."

---

[1] This section is adapted from the allegations in the complaint in the above-captioned action. Dkt. No. 1.

In response to the revelations in the Scorpion Report, the price of Twist common stock fell $7.57 per share, or nearly 20%, to close at $30.43 per share on November 15, 2022, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's common stock, Basker and other members of the Class have suffered significant damages.

## III.   ARGUMENT

### A.   Basker Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Basker has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Basker, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23 and is not aware of any unique defenses the defendants could raise against him that would

1    render him inadequate to represent the class. Accordingly, Basker respectfully submits that he

2    should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the

3    plaintiff with the largest financial stake in the controversy provides information that satisfies these

4    requirements, he becomes the presumptively most adequate plaintiff").

5                    **1.      Basker's Motion Is Timely**

6            Basker has made a timely motion in response to a PSLRA early notice. On December 12,

7    2023, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with

8    this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Basker

9    had sixty days (*i.e.*, until February 10, 2023) to file a motion to be appointed as lead plaintiff. As a

10   purchaser of Twist securities during the Class Period, Basker is a member of the proposed class

11   and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in

12   compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

13           Additionally, as set forth in his PSLRA certification, Basker attests that he has reviewed

14   the complaint, adopts the allegations therein, and is willing to serve as a representative of the

15   class. Linehan Decl., Ex. B. Accordingly, Basker satisfies the first requirement to serve as lead

16   plaintiff for the class.

17                   **2.      Basker Has the Largest Financial Interest in the Relief Sought by the
                             Class**
18
19           The PSLRA requires courts adopt the rebuttable presumption that "the most adequate

20   plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

     sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*,
21
     209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Basker believes that he has the
22
     largest financial interest among class members who filed timely applications for appointment as
23
     lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."
24
25           Basker purchased Twist securities during the Class Period at prices alleged to be

26   artificially inflated by the defendants' misstatements and omissions and, as a result, suffered

     financial harm of $10,157.76. *See* Linehan Decl., Ex. C. To the best of his knowledge, Basker is
27
     not aware of any other class member that has filed a motion for appointment as lead plaintiff who
28

---

BASKER'S MOTION OF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:22-cv-08168-EJD                                                                              5

1   is claiming a larger financial interest. As such, Basker believes he has the "largest financial

2   interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be

3   appointed as lead plaintiff for the class.

        **3.      Basker Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure**

        Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

        In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

        **a)      Basker's Claims Are Typical**

        Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's

1    claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at \*4. Under Rule 23 a

2    lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class

3    members; they need not be substantially identical.'"  *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150

4    F.3d 1011, 1019 (9th Cir. 1998)).

5         Here, Basker's claims are typical of the claims asserted by the proposed class. Like all

6    members of the class, Basker purchased Twist securities during the Class Period and suffered

7    losses as a result of his transactions. Like all members of the class, Basker alleges that defendants

8    violated federal securities laws by disseminating materially misleading statements concerning

9    Twist's operations and financial prospects. Basker's losses, like the losses suffered by all other

10   members of the class, arise from the artificial inflation of Twist securities caused by the

11   defendants' alleged misrepresentations and omissions.  Accordingly, Basker's interests and claims

12   are typical of the interests and claims of the class.

13                              **b)     Basker Is an Adequate Representative**

14        The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a

15   representative party "will fairly and adequately protect the interests of the class." Accordingly,

16        The Ninth Circuit has held that representation is "adequate" when counsel for the
         class is qualified and competent, the representative's interests are not antagonistic
17       to the interests of absent class members, and it is unlikely that the action is
         collusive.
18
     *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re*
19
     *Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).
20
21        The class representative must also have "sufficient interest in the outcome of the case to

22   ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at

     \*6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).
23
24        Here, Basker easily satisfies the adequacy requirements. Basker's financial interest

25   demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence

26   exists to suggest that [Basker is] antagonistic to other members of the class or their attorneys,

27   thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*,

28   70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted).  Moreover, Basker has retained

---

competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). Basker is not aware of any conflict between his claims and those asserted on behalf of the class. There are no facts that indicate any conflicts of interests between Basker and the other class members, and therefore Basker satisfies the typicality and adequacy requirements of Rule 23.

As such, Basker should be appointed as lead plaintiff.

**B.     The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).  Here, Basker has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Basker's motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Basker's selection of counsel.

**IV.     CONCLUSION**

For the foregoing reasons, Robert Basker respectfully asks the Court to grant his motion and enter an Order: (i) appointing Basker as Lead Plaintiff; (ii) approving Basker's selection of GPM as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

1   DATED:  February 10, 2023          Respectfully submitted,

2                                      **GLANCY PRONGAY & MURRAY LLP**

3                                      By:    */s/ Charles H. Linehan*

4                                      Robert V. Prongay
                                       Charles H. Linehan
5                                      Pavithra Rajesh
                                       1925 Century Park East, Suite 2100
6                                      Los Angeles, California 90067
                                       Telephone: (310) 201-9150
7                                      Facsimile: (310) 201-9160
                                       Email:  clinehan@glancylaw.com
8

9                                      *Counsel for Lead Plaintiff Movant Robert Basker and*
                                       *Proposed Lead Counsel for the Class*
10

11                                     **LAW OFFICES OF HOWARD G. SMITH**
                                       Howard G. Smith
12                                     3070 Bristol Pike, Suite 112
                                       Bensalem PA 19020
13                                     Telephone: (215) 638-4847
                                       Facsimile: (215) 638-4867
14
                                       *Additional Counsel*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

BASKER'S MOTION OF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:22-cv-08168-EJD

1    **PROOF OF SERVICE BY ELECTRONIC POSTING**

2         I, the undersigned, say:

3         I am not a party to the above case and am over eighteen years old. On February 10, 2023, I

4    served true and correct copies of the foregoing document, by posting the document electronically

5    to the ECF website of the United States District Court for the Northern District of California, for

6    receipt electronically by the parties listed on the Court's Service List.

7         I affirm under the penalty of perjury under the laws of the United States of America that

8    the foregoing is true and correct. Executed on February 10, 2023, at Los Angeles, California.

9                                                                 */s/ Charles H. Linehan*
                                                                  Charles H. Linehan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28