Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
         passmore@bespc.com

*Counsel for Gerald Haney and Proposed
Liaison Counsel for the Class*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN, <br><br> Defendants. | Case No. 5:22-cv-08168-EJD <br><br> <u>CLASS ACTION</u> <br><br> **NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:       July 20, 2023 <br> Time:       9:00 a.m. <br> Courtroom: 4 – 5th Floor <br> Judge:      Honorable Edward J. Davila |

Case No. 5:22-cv-08168-EJD

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 20, 2023, at 9:00 a.m., or as soon as counsel may be heard, before the Honorable Edward J. Davila, at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Gerald Haney ("Movant") will and hereby does respectfully move this Court for an Order: (1) appointing Movant as Lead Plaintiff, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), on behalf of a putative Class consisting of all purchasers, other than defendants and their affiliates, of Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019 and November 14, 2022, inclusive; (2) approving Movant's selection of the law firms of Bernstein Liebhard LLP and Bragar Eagel & Squire, P.C. as Lead and Liaison Counsel, respectively, for the putative Class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant believes he is the "most adequate plaintiff" under the PSLRA and, therefore, should be appointed Lead Plaintiff. Specifically, Movant believes that he has the "largest financial interest" in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other members of the Class and because he will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa A. Fortunato, the [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Gerald Haney ("Movant") hereby respectfully submits this Memorandum of Points and Authorities in support of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Bragar Eagel & Squire, P.C. ("BES") as Lead and

Liaison Counsel, respectively, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## I.   SUMMARY OF ARGUMENT

Currently pending in this District is the above-captioned securities class action lawsuit (the "Action") brought on behalf of a class consisting of all purchasers of Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019 and November 14, 2022, inclusive (the "Class Period").   The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Twist and several of the, the Company's officers (collectively, "Defendants").

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").   *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   Movant suffered a financial loss of $102,756 on his purchases of Twist common stock.[1]   *See Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1052 (N.D. Cal. Dec. 8, 2017) ("The most capable plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake") (internal quotations omitted).   Movant is a former Marine and retired Master Electrician living in Texas.   Movant has been investing for 20 years.   As Movant believes he has the largest loss and thus the largest financial interest recoverable by the Class, he is the presumptive lead plaintiff in the Action.   Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class and that he will fairly and adequately represent the interests of the Class.   As such, Movant satisfies the standard under the PSLRA to be appointed as Lead Plaintiff.

---

[1]  A signed certification identifying Movant's Twist transactions during the Class Period, as required by the PSLRA, as well as a chart calculating his losses, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1 and 2, respectively.

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Accordingly, Movant respectfully requests that he be appointed Lead Plaintiff and his selection of Bernstein Liebhard and BES as Lead and Liaison Counsel, respectively, be approved.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2.    Whether the Court should approve Movant's selection of Bernstein Liebhard and BES as Lead and Liaison Counsel, respectively, for the proposed Class.

## III.   FACTUAL BACKGROUND[2]

Twist is a biotechnology company that manufactures synthetic DNA and DNA products. Synthetic DNA products allow users to design and modify DNA for the purposes of academic research, enhancing specialty chemical production, and developing healthcare treatments, among other uses. Plaintiff alleges that throughout the Class Period, Defendants repeatedly assured investors that the Company possessed innovative proprietary technology relating to its synthetic DNA products that positioned Twist for significant future growth.  Specifically, Defendants claimed that Twist had already achieved substantial growth during the Class Period, growing from a customer base of approximately 1,300 diagnostic companies, hospitals, research institutions, and others at the end of fiscal year 2019, to approximately 2,900 customers at the end of fiscal year 2021. Defendants also reported skyrocketing gross margins, which purportedly grew from 12.8% in fiscal year 2019, to 39.1% in fiscal year 2021, with margins projected to reach 40% for fiscal year 2022. During the Class Period, Defendants also announced plans to build a "Factory of the Future" in Wilsonville, Oregon, which would purportedly provide hundreds of jobs and occupy 110,000 square feet. By August 2022, when Twist reported its financial results for the third quarter of fiscal year 2022, Defendants projected annual capital expenditures between $95 million and $100 million, largely attributable to "building out" this new manufacturing facility.

The truth about Twist's actual financial health was revealed on November 15, 2022, when Scorpion Capital ("Scorpion") published a lengthy report alleging that Twist is a "cash-burning inferno

---

[2]  Citations to "¶ __" are to paragraphs of the Class Action Complaint For Violations Of The Federal Securities Laws filed on December 12, 2022 (the "Complaint").  ECF No. 1.  The allegations set forth in the Complaint are incorporated herein by reference.

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

that is not a going concern." Specifically, Scorpion alleged that, among other things, Twist's purported DNA chip technology is a "farce" comparable to Theranos' now infamous non-existent blood-testing technology, and that Twist's growth and revenues are unsustainable, among other issues.  After the Scorpion Report, the price of Twist common stock fell nearly 20%.

## IV.  ARGUMENT

### A.  The Court Should Appoint Movant as Lead Plaintiff

#### 1.  The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider, within 90 days of the publication date, all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id*. at 741; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II);

*Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. May 15, 2008) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against him that Defendants could raise. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 2. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, believes he holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### a. Movant Filed a Timely Motion

On December 12, 2022, the plaintiff caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. *See* Fortunato Decl. Ex. 3.

Movant has reviewed the complaint and timely filed his motion within the statutory guidelines. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person or entity can "either file[] the complaint or [make] a motion in response to a notice").

### b. Movant Believes He Has the Largest Financial Interest in the Relief Sought

As demonstrated herein, Movant believes he has the largest known financial interest in the relief sought by the Class. *See* Fortunato Decl., Ex. 2 (Loss Chart). The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Query*, 558 F. Supp. 2d, 973.

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

During the Class Period, Movant purchased Twist common stock in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of $102,756. *See* Fortunato Decl., Ex. 2 (Loss Chart). Movant thus believes he has the greatest financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.  Movant Meets Rule 23's Typicality and Adequacy Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1051 (N.D. Cal. Jan. 27, 2010). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See UCBH Holdings, Inc.*, 682 F. Supp. 2d at 1053. The Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### a.  Movant's Claims Are Typical of the Claims the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because it: (i) suffered the same injuries as the absent Class members; (ii) suffered the injury as a result

of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See UCBH Holdings, Inc.*, 682 F. Supp. 2d at 1053; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if his situation shares a common issue of law or fact. *See id.*

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to the Class, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Twist common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

### b.  Movant Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 98 (9th Cir. 2011); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Costco Wholesale Corp.*, 657 F.3d at 98 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action). There is no evidence of any antagonism between Movant's interests and the Class'.

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)( iii)(I).

### B.    Movant's Choice of Counsel Should be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.   15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Fortunato Decl., Ex. 4. Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country.

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)
- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel BES is well-suited to serve as Liaison Counsel and is well-experienced in securities class actions.  *See* Fortunato Decl., Ex. E.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; (2) approve Bernstein Liebhard and BES as Lead and Liaison Counsel for the Class, respectively; and (3) grant such other and further relief as the Court may deem just and proper.

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Dated: February 10, 2023

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ Melissa A. Fortunato
Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

*Liaison Counsel for Gerald Haney and
Proposed Liaison Counsel for the Proposed
Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
          seidman@bernlieb.com

*Counsel for Gerald Haney and Proposed
Lead Counsel for the Proposed Class*

NOTICE OF MOTION AND MOTION OF GERALD HANEY FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS
AND AUTHORITIES