1 | John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
2 | 600 W. Broadway, Suite 3300
3 | San Diego, CA 92101
Telephone: 619-233-4565
4 | Facsimile:  619-233-0508
jjasnoch@scott-scott.com
5 |
6 | *Attorneys for Lead Plaintiff Movant John Mitchell and Proposed Lead Counsel for the Class*
7 |
8 | [Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168<br><br>**NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Judge: Edward J. Davila<br>Dept.: Courtroom 04, 5th Floor<br>Date: July 20, 2023<br>Time: 9:00 a.m. |
|---|---|

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ....................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.  INTRODUCTION ............................................................................................................. 2

II. FACTUAL AND PROCEDURAL BACKGROUND....................................................... 3

III. ARGUMENT..................................................................................................................... 4

    A.  Movant Should Be Appointed Lead Plaintiff ..............................................................4

        1.  Movant's Motion Is Timely ..............................................................................4

        2.  Movant Has the Largest Financial Stake in the Relief Sought by the Class ....................................................................................................4

        3.  Movant Is Otherwise Qualified Under Rule 23 ................................................5

    B.  The Court Should Approve Movant's Choice of Counsel..........................................7

IV. CONCLUSION.................................................................................................................. 9

i

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadilla v. Precigen, Inc.*,
   No. 5:20-cv-06936 (N.D. Cal.) ..................................................................................................8

*Blake v. MacroGenics, Inc.*,
   No. 8:19-cv-2713 (D. Md.) ........................................................................................................8

*Cohen v. U.S. Dist. Ct. for N. Dist. of California.*,
   586 F.3d 703 (9th Cir. 2009) .....................................................................................................7

*Cornwell v. Credit Suisse Grp.*,
   No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011) .............................................8

*Corwin v. ViewRay, Inc.*,
   No. 1:19-cv-2115 (N.D. Ohio) ...................................................................................................8

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .................................................5

*Gupta v. Athenex, Inc.*,
   No. 21-cv-337 (W.D.N.Y.) .........................................................................................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................................2, 7

*In re Conn's, Inc. Sec. Litig.*,
   No. 4:14-cv-00548 (S.D. Tex.) ..................................................................................................8

*In re Emulex Corp. Sec. Litig.*,
   No. 8:01-cv-00219 (C.D. Cal.) ..................................................................................................8

*In re Nw. Corp. Sec. Litig.*,
   No. 4:03-cv-04049 (D.S.D.) ......................................................................................................8

*In re Priceline.com Inc. Sec. Litig.*,
   No. 3:00-cv-01844 (D. Conn.) ...................................................................................................7

*In re SanDisk LLC Sec. Litig.*,
   No. 3:15-cv-01455 (N.D. Cal.) ..................................................................................................7

*In re Sprint Sec. Litig.*,
   No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ..............................................................................8

ii

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF
SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

*In re Wash. Mut. Mortg. Backed Sec. Litig.*,
   No. 2:09-cv-00037 (W.D. Wash.) ........................................................................................ 8

*Irvine v. ImClone Sys., Inc.*,
   No. 1:02-cv-00109 (S.D.N.Y.) ............................................................................................. 8

*Jochims v. Oatly Group AB*,
   No. 21-cv-6360 (S.D.N.Y.) .................................................................................................. 8

*Kanugonda v. Funko, Inc.*,
   No. 2:18-cv-00812 (W.D. Wash.) ........................................................................................ 8

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................................... 5

*Marechal v. Acadia Pharmaceuticals Inc.*,
   No. 3:21-cv-762 (S.D. Cal.) ................................................................................................. 8

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ............................. 4

*Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*,
   No. 1:12-cv-02865 (S.D.N.Y.) ............................................................................................. 7

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................... 5

*Robinson v. Diana Containerships Inc.*,
   No. 2:17-cv-06160 (E.D.N.Y.) ............................................................................................ 8

*Russo v. Finisar Corp.*,
   No. 5:CV11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ............................ 6

*Schnall v. Annuity & Life Re (Holdings) Ltd.*,
   No. 3:02-cv-02133 (D. Conn.) ............................................................................................. 8

*Silverberg v. DryShips Inc.*,
   No. 2:17-cv-04547 (E.D.N.Y.) ............................................................................................ 8

*Thurber v. Mattel, Inc.*,
   No. 2:99-cv-10368 (C.D. Cal.) ............................................................................................. 8

*Westley v. Oclaro, Inc.*,
   No. C-11-2448-EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ................................ 6

*Weston v. RCS Capital Corp.*,
   No. 1:14-cv-10136 (S.D.N.Y.) ............................................................................................. 7

iii

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

**Statutes, Rules & Regulations**

United States Code
    15 U.S.C. §78u-4, *et seq.*: (1) ...............................................................................................1
    15 U.S.C. §78u-4(a)(3)(A)(i) ..................................................................................................4
    15 U.S.C. §78u-4(a)(3)(A)(i)(II)..............................................................................................4
    15 U.S.C. §78u-4(a)(3)(A)-(B) ................................................................................................4
    15 U.S.C. §78u-4(a)(3)(B) ....................................................................................................1, 2
    15 U.S.C. §78u-4(a)(3)(B)(i) ...................................................................................................4
    15 U.S.C. §78u-4(a)(3)(B)(iii) .................................................................................................2
    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ......................................................................................5
    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).......................................................................................5
    15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) .....................................................................................7
    15 U.S.C. §78u-4(a)(3)(B)(v) ..........................................................................................2, 3, 7

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................ *passim*
    Rule 23(a)...........................................................................................................................5, 6
    Rule 23(a)(3).........................................................................................................................6

**Other Authorities**

Newberg on Class Actions §3:13 (4th ed. 2008) ...........................................................................6

iv

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD |
| 3 | PLEASE TAKE NOTICE that Lead Plaintiff Movant John Mitchell ("Mitchell" and/or |
| 4 | "Movant"), by and through his undersigned counsel, hereby moves this Court before the Honorable |
| 5 | Edward J. Davila, in Courtroom 4, 5th Floor, of the U.S. District Court for the Northern District |
| 6 | of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, on July 20, |
| 7 | 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, for the entry of an order, |
| 8 | pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u- |
| 9 | 4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), |
| 10 | 15 U.S.C. §78u-4, *et seq.*: (1) appointing Mitchell as Lead Plaintiff for the putative Class; and |
| 11 | (2) approving Mitchell's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead |
| 12 | Counsel for the putative Class. |
| 13 | This motion is made on the grounds that Mitchell timely filed this motion and is the "most |
| 14 | adequate plaintiff." Based on the information presently available, Mitchell has the largest financial |
| 15 | interest in the relief sought by the Class amongst movants for lead plaintiff and meets the |
| 16 | requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are |
| 17 | typical of the claims of the Class, and he will fairly and adequately represent the interests of the |
| 18 | Class. In addition, Mitchell has selected and retained Scott+Scott, a law firm with substantial |
| 19 | experience in prosecuting securities class actions, to serve as Lead Counsel. |
| 20 | This motion is based on this notice of motion and memorandum of points and authorities |
| 21 | herein, the Declaration of John T. Jasnoch ("Jasnoch Decl."), filed concurrently herewith and in |
| 22 | support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records |
| 23 | previously entered in this action, and such other written or oral argument as may be presented to |
| 24 | the Court. |
| 25 | **STATEMENT OF THE ISSUES TO BE DECIDED** |
| 26 | 1.   Whether the Court should appoint Mitchell as Lead Plaintiff pursuant to 15 U.S.C. |
| 27 | §78u-4(a)(3)(B); and |
| 28 | 1 |

2.   Whether the Court should approve Movant's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

The above-captioned case (the "Action") is a securities class action brought on behalf of all persons and entities that purchased or otherwise acquired Twist Bioscience Corporation ("Twist" or the "Company") common stock between December 13, 2019 and November 14, 2022, inclusive (the "Class Period"). ¶1.[1]  Movant respectfully submits this memorandum of points and authorities in support of his motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Scott+Scott Attorneys as Law LLP ("Scott+Scott") to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii).  As demonstrated below, Movant should be appointed to serve as Lead Plaintiff for this litigation because: (1) his motion for appointment is timely filed; (2) based on information presently available, he has the largest financial interest in this litigation; and (3) he is an adequate and typical Class member.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same).  In addition, Movant's selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and

---

[1]   All "¶" and "¶¶" citations are to the Class Action Complaint For Violations of the Federal Securities Laws filed on December 12, 2022 (ECF No. 1) (the "Complaint"), captioned *Peters v. Twist Bioscience Corp., et al.*, and the facts set forth in the Complaint are incorporated herein by reference.

2

1   retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating
2   securities class actions and possesses the necessary resources to aggressively prosecute this action
3   on behalf of the putative Class.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Twist is a biotechnology company that manufactures synthetic DNA and DNA products. ¶2. Synthetic DNA products allow users to design and modify DNA for the purposes of academic research, enhancing specialty chemical production, and developing healthcare treatments. *Id.* According to the Complaint, during the Class Period, Defendants overstated the commercial viability of Twist's synthetic-DNA-manufacturing technology while engaging in accounting fraud and using unsustainable pricing to inflate the Company's true financial condition and prospects. *See, e.g.*, ¶40. On November 15, 2022, before the market opened, the market learned the truth about these issues. ¶41. On that day, Scorpion Capital issued a lengthy report warning that Twist is "a cash-burning inferno that is not a going concern," and is "operating a Ponzi-like scheme that will end in bankruptcy." *Id.* Among other things, Scorpion Capital revealed that "Twist's 'DNA chip' is simply a cut-and-paste of an old technology" that Defendant Leproust's former employer, Agilent Technologies, developed in the early 2000s and had proven an "epic flop[,]" that "Defendants' representations about the Company's competitive advantages—specifically, the purported ability of [Twist's] DNA chip technology to manufacture DNA at dramatically higher volumes and with less raw materials—are patently false," and that Twist was "price dumping" and offering "customer subsidies to buy revenue and create the illusion of 'growth'" while being "aware that several customers would not continue to purchase from Twist if not for the massive discounts they were receiving." ¶¶42-50. On this news, the price of Twist's stock cratered, dropping over $7.50 per share, or nearly 20%, from a close of $38.00 per share on November 14, 2022, to close at $30.43 per share on November 15, 2022. ¶51.

On December 12, 2022, Twist shareholder Anthony Joseph Peters ("Peters") filed the Complaint. That same day, counsel for plaintiff Peters published a notice via *Business Wire*

3

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

1  announcing the pendency of this Action and the lead plaintiff deadline of February 10, 2023. *See*
2  Jasnoch Decl., Ex. A.

3  **III.    ARGUMENT**

4      **A.    Movant Should Be Appointed Lead Plaintiff**

5          **1.    Movant's Motion Is Timely**

6  Within 20 days of filing a securities class action, the plaintiff must publish a notice
7  informing putative class members of his right to file a motion for appointment as lead plaintiff (the
8  "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of the Action, on
9  December 12, 2022, counsel for Plaintiff Peters published the notice of pendency of the Action
10 via *Business Wire. See* Jasnoch Decl., Ex. A. Because the Early Notice was published within 20
11 days of the filing of the Action, notice was timely. *See Miami Police Relief & Pension Fund v.*
12 *Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014)
13 (finding notice was "timely because it was published within 20 days after the filing of the
14 complaint").

15 All putative Class members seeking to be appointed lead plaintiff in this matter are required
16 to move for appointment within 60 days of publication of the Early Notice, or February 10, 2023.
17 15 U.S.C. §78u-4(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the
18 publication of the Early Notice, it is timely. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Moreover, Movant
19 has submitted a certification stating his willingness to serve as a representative party on behalf of
20 the Class. *See* Jasnoch Decl., Ex. B. Movant has also submitted a Declaration demonstrating his
21 adequacy. *See* Jasnoch Decl., Ex. D.

22         **2.    Movant Has the Largest Financial Stake in the Relief Sought by the Class**

23 The PSLRA provides that courts: "shall appoint as lead plaintiff the member . . . of the
24 purported plaintiff class that the court determines to be most capable of adequately representing
25 the interests of class members (hereafter in this paragraph referred to as the 'most adequate
26 plaintiff') in accordance with this subparagraph." 15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore,
27
28

there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (citing Richardson, 2007 WL 1129344, at *3, quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movant is the class member with the largest financial interest in the relief sought in this litigation. Movant suffered losses of nearly $70,000. *See* Jasnoch Decl., Ex. C. Given that Movant has the largest financial interest in this litigation and, as discussed below, he satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

5

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448-EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party '"has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id.* Here, Movant's claims are typical of the claims of the other members of the putative Class because, like all other Class members, he: (1) purchased Twist common stock during the Class Period; (2) was adversely affected by Defendants' alleged misconduct; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5:CV11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movant are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when they possess common interests and an absence of conflict with fellow class members, and movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation"). Movant satisfies the "adequacy" requirement in the instant litigation because his interests are clearly aligned with the interests of the putative Class. Moreover, Movant, like all other members of the Class, suffered losses as a result of purchasing Twist common stock during the Class Period. Movant will,

6

1  therefore, benefit from the same relief as other Class members. Movant has also submitted a
2  Declaration demonstrating his adequacy. *See* Jasnoch Decl., Ex. D. In short, there is absolutely
3  no evidence of antagonism between Movant and the putative Class.

4  Movant has also demonstrated that he is an adequate representative in this matter by
5  retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified,
6  experienced, and able to conduct this complex litigation in a professional manner. Accordingly,
7  Movant has made a *prima facie* case showing that he satisfies all of the requirements of Rule 23
8  for the purposes of this motion.

### B.   The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. E. Specifically, Scott+Scott has served as Lead or Co-lead Counsel in many high-profile class actions and has recovered hundreds of millions of dollars for victims of corporate fraud.[2]

---

[2]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re*

7

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as Lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiff' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiff' counsel's diligent efforts on behalf of the Settlement Class, as well as his skill and reputations, Lead Plaintiff' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiff' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed Lead or Co-Lead counsel in various federal securities class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Marechal v. Acadia Pharmaceuticals Inc.*, No. 3:21-cv-762 (S.D. Cal.); *Jochims v. Oatly Group AB*, No. 21-cv-6360 (S.D.N.Y.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

---

*Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

8

NOTICE OF MOTION & MOTION OF JOHN MITCHELL FOR (1) APPOINTMENT AS LEAD PLTF. AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES ISO
Case No. 5:22-cv-008168

In light of the foregoing, the Court should approve Mitchell's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving his choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.     CONCLUSION

For the foregoing reasons, Mitchell respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Scott+Scott to serve as Lead Counsel.

Dated: February 10, 2023                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

  s/ *John T. Jasnoch*
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana Swartz (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant John Mitchell and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant John Mitchell*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on February 10, 2023, at San Diego, California.

           s/ *John T. Jasnoch*
           John T. Jasnoch (CA 281605)