Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN<br><br>       Defendants. | Case No. 5:22-cv-8168-EJD<br><br><u>CLASS ACTION</u><br><br>**MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>DATE:  July 20, 2023<br>TIME:  9:00 a.m.<br>CTRM:  4, 5th Floor<br>JUDGE:  Hon. Edward J. Davila |

[CASE NO. 5:22-cv-8168-EJD] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................3

I.      LEGAL STANDARD..................................................................................................3

II.     THE UPR RETIREMENT SYSTEM IS THE PRESUMPTIVE LEAD
        PLAINTIFF..................................................................................................................3

        A.      The Competing Motions for Appointment as Lead Plaintiff ...................................4

        B.      The Court Should Calculate the Movants' Financial Interests Using Dura
                and Exclude Pre-Corrective Disclosure Losses, as PABF's Proposes ...................5

        C.      The UPR Retirement System has the Largest Financial Interest Under
                Dura and Excluding Pre-Corrective Disclosure Losses..........................................7

        D.      The UPR Retirement System Satisfies the Adequacy and Typicality
                Requirements of Rule 23 ......................................................................................10

III.    THE COMPETING MOTIONS SHOULD BE DENIED .................................................11

IV.     THE UPR RETIREMENT SYSTEM'S CHOICE OF COUNSEL SHOULD BE
        APPROVED ..............................................................................................................12

CONCLUSION.........................................................................................................................12

[CASE NO. 5:22-cv-8168-EJD] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF

i

## TABLE OF AUTHORITIES

**CASES**

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ........................................................................................... passim

*Hurst v. Enphase Energy, Inc.*,
No. 20-CV-04036-BLF, 2020 WL 7025085 (N.D. Cal. 2020) ......................................... 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .............................................................................. 3, 4, 10

*In re Fastly, Inc. Sec. Litig.*,
No. 20-CV-06024-PJH, 2021 WL 493386 (N.D. Cal. Feb. 10, 2021) ............................. 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................. 4

*In re Sonthalia*,
No. 22-70044, 2022 WL 3445815 (9th Cir. Aug. 17, 2022) ................................. 3, 4, 6, 7

*Jaszczyszyn v. SunPower Corp.*,
2022 WL 10208559 (N.D. Cal. Oct. 13, 2022) ................................................................. 5

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................................. 4

*Leventhal v. Chegg*, Inc.,
No. 5:21-CV-09953-EJD, 2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ................. passim

*Markette v. XOMA Corp.*,
No. 15-CV-03425-HSG, 2016 WL 2902286 (N.D. Cal. 2016) ......................................... 7

*Mehedi v. View, Inc.*,
No. 21-CV-06374-BLF, 2022 WL 377406 (N.D. Cal. Feb. 8, 2022), *motion
for writ of mandamus denied by Sonthalia*, 2022 WL 3445815 ............................ 4, 6, 7, 9

*Russo v. Finisar Corp.*,
No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) .................... 4, 10

*Utesch v. Lannett Co.*,
No. 16-5932, ECF No. 197 (E.D. Pa. Apr. 9, 2021),
*appeal pending sub nom. Univ. of Puerto Rico Ret. Sys. v. Lannett Co. Inc.*,
No. 21-3150 (3d Cir.) ...................................................................................................... 11

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................. 3

[CASE NO. 5:22-cv-8168-EJD] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

ii

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................ 3, 11

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................... 12

15 U.S.C. § 78u-4(b)(4) ................................................................................................................... 8

15 U.S.C. § 78u-4(e) ........................................................................................................................ 2

15 U.S.C. § 78u-4, *et seq.* ............................................................................................................... 1

**RULES**

Federal Rule of Civil Procedure 23 ................................................................................................ 3

Federal Rule of Civil Procedure 23(a)(4) ..................................................................................... 10

[CASE NO. 5:22-cv-8168-EJD] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

iii

**PRELIMINARY STATEMENT**

On February 10, 2023, the University of Puerto Rico Retirement System ("UPR Retirement System") filed a motion for appointment as lead plaintiff in this securities fraud class action, and for approval of its selection of counsel.  ECF No. 26.  Seven other purported Class members filed similar motions.[1]  The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA"), specifies that the Court shall appoint as lead plaintiff the movant that "has the largest financial interest in the relief sought by the class" and that also meets the adequacy and typicality requirements of Rule 23.  UPR Retirement System has the "largest financial interest in the relief sought by the [C]lass" of "all persons and entities who purchased or otherwise acquired [Twist Bioscience Corporation ("Twist")] common stock during the Class Period" of December 13, 2019 through November 14, 2022 (Class Action Compl. for Violations of the Federal Securities Laws, Dec. 12, 2022, ECF No. 1 ("Complaint") at ¶¶1, 52) and should be appointed lead plaintiff.

Competing lead plaintiff movant PABF argues, and the UPR Retirement System agrees, that losses should be calculated in light of the Supreme Court's decision in *Dura Pharma., Inc. v. Broudo,* 544 U.S. 336 (2005), and that losses that are unrelated to the allegations of the Complaint should be excluded from the calculation of the movants' financial interests.  *See* PABF Mot. at 2, 6.  The Complaint alleges that the truth concerning Defendants' false and misleading statements was revealed through a single corrective disclosure before the market opened on November 15, 2022, when Scorpion Capital issued a short report concerning Twist, and that in response, the price of Twist common stock declined $7.57 per share, from a November 14, 2022 closing price of $38.00 per share to a November 15, 2022 closing price of $30.34 per share.  Complaint at ¶¶6-9, 41-51.

---

[1] The other movants are (in ECF order): (1) David Primeau (ECF No. 16), (2) Randall Bradford (ECF No. 19), (3) Stanley Schrieber (ECF No. 22), (4) Robert Basker (ECF No. 32), (5) Gerald Haney (ECF No. 36), (6) John Mitchell (ECF No. 40), and (7) the Policemen's Annuity and Benefit Fund of Chicago (the "PABF") (Notice of Mot. and Mot. of PABF for Appointment as Lead Pl. and Approval of its Selection of Lead Counsel; Mem. of P. & A. in Supp. Thereof, Feb. 10, 2023, ECF No. 43 ("PABF Mot.")).

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

Applying the principles of *Dura* to the allegations of the Complaint, the UPR Retirement System suffered a loss of $113,859, calculated as the purchase price of the UPR Retirement System's Twist common stock (capped at $38.00 per share to eliminate pre-corrective disclosure losses), minus the value of those shares (which were all retained at the end of the Class Period) at $25.94 per share, the PSLRA's 90-day lookback price.[2]  *See* Ex. A, at 2.[3]  The movant with the next largest financial interest in the relief sought by the Class is PABF, who suffered a loss of $87,477 when PABF's Class Period sales are matched against its Class Period purchases using the first-in, first-out ("FIFO") accounting method, which assumes that the first stocks to be sold were acquired first.  *See* Ex. A, at 1.  FIFO is more appropriate to use to evaluate PABF's financial interest than the last-in, first out ("LIFO") method proposed by PABF because LIFO, which assumes that the first stocks to be sold are the stocks purchased most recently, inflates PABF's asserted financial interest and obscures profit that PABF made on purchases of 4,472 shares of Twist common stock in May 2022 at prices between $28.60 per share and $31.36 per share and then sold three months later in August 2022 at an average price of $47.08 per share.  *See* p. 9, below.

Further, because both LIFO and FIFO are inventory accounting metrics and not designed to calculate losses or financial interest for purposes of a lead plaintiff application, the Court can also compare apples to apples, by evaluating the total alleged inflation in each movant's retained shares by calculating the total inflation above $30.43 per share or $25.94 per share, and subtracting from that the total inflation in sales above $30.43 per share or $25.94 per share.  Using this method, the UPR Retirement System has the largest financial interest in the relief sought by the Class, with a financial interest of $66,137 (using $30.43) or $113,859 (using $25.94), compared to PABF's

[2] The PSLRA provides that damages shall not exceed the difference between the purchase price and the average closing price of the security for the 90-day period starting on the day the truth is disclosed to the market, or if the security is sold during that 90-day period, the average closing price of the security through the date of sale.  15 U.S.C. § 78u-4(e).

[3] References to "Ex. __" are to the Declaration of Joshua W. Ruthizer in Support of UPR Retirement System's Mem. of P. & A. in Opp. to The Competing Mots. for Appointment as Lead Plaintiff, filed concurrently herewith.

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

financial interest of $38,243 (using $30.43) or $87,477 (using $25.94).  *See* Ex. A, at 9-10 and pp. 9-10, below.

The UPR Retirement System also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure and is thus the most adequate plaintiff.  As the presumption in favor of the UPR Retirement System cannot be rebutted, the UPR Retirement System should be appointed lead plaintiff.  Its selection of counsel should also be approved.

**ARGUMENT**

### I.    LEGAL STANDARD

"The PSLRA instructs courts to appoint as lead plaintiff the 'most adequate plaintiff,' which it defines as 'the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.'"  *In re Sonthalia*, No. 22-70044, 2022 WL 3445815, at *1 (9th Cir. Aug. 17, 2022) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).  The PSLRA provides a presumption that the "most adequate plaintiff" is the lead plaintiff movant who meets certain procedural requirements, "has the largest financial interest in the relief sought by the class," and meets the requirements of Federal Rule of Civil Procedure 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Sonthalia*, 2022 WL 3445815, at *1; *Leventhal v. Chegg, Inc.*, No. 5:21-CV-09953-EJD, 2022 WL 4099454, at *2 (N.D. Cal. Sept. 7, 2022).  At the lead plaintiff stage, the Court's Rule 23 analysis focuses on the requirements of typicality and adequacy.  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  The presumption in favor of the most adequate plaintiff can only be rebutted by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### II.    THE UPR RETIREMENT SYSTEM IS THE PRESUMPTIVE LEAD PLAINTIFF

"Courts must presume that a plaintiff is 'the most adequate plaintiff' if he or she 'in the determination of the court, has the largest financial interest in the relief sought by the class,' and meets certain other procedural requirements."  *Sonthalia*, 2022 WL 3445815, at *1 (quoting and citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc) and *Cavanaugh*, 306 F.3d at 729). To determine

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

who is the most adequate plaintiff, "' the district court must calculate each potential lead plaintiff's financial interest in the litigation.'" *Id.* at \*3 (quoting *Cavanaugh*, 306 F.3d at 730 n.4). "The court must thus determine which plaintiff '***has the most to gain from the lawsuit***.'" *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at \*3 (N.D. Cal. Oct. 27, 2011) (emphasis added) (quoting *Cavanaugh*, 306 F.3d at 730). "'In so doing, the court may select accounting methods that are both rational and consistently applied.'" *Sonthalia*, 2022 WL 3445815, at \*1 (quoting *Cavanaugh*, 306 F.3d at 730 n.4). The PSLRA does not provide a specific method for this calculation. *Sonthalia*, 2022 WL 3445815, at \*1.

In considering which movant for lead plaintiff appointment in a securities class action has the largest financial interest, courts in this District have used a four-factor test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Chegg*, 2022 WL 4099454, at \*2. These factors, sometimes referred to as the "*Lax/Olsten* Factors," after the decisions that first set them down, *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), were identified before *Dura*. As such, courts have increasingly considered estimated maximum recoverable loss (*i.e.* losses related to the alleged fraud as required by *Dura*), as opposed to out of pocket loss, when evaluating movants' financial interest and the fourth *Lax/Olsten* factor. *See Mehedi v. View, Inc.*, No. 21-CV-06374-BLF, 2022 WL 377406, at \*5 (N.D. Cal. Feb. 8, 2022), *motion for writ of mandamus denied by Sonthalia*, 2022 WL 3445815.

### A.    *The Competing Motions for Appointment as Lead Plaintiff*

Eight class members filed timely motions requesting appointment as lead plaintiff. As of the time of the filing of this memorandum of law, five movants have either withdrawn their motions or filed notices of non-opposition. *See* Notice by Stanley Schreiber of Mot. of Non-Opp. to Competing Mots. for Appointment as Lead Pl. and Approval of Selection of Counsel, Feb. 21, 2023, ECF Nos. 52; Notice of Non-Opp. of Gerald Haney to Competing Mots. for Appointment

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

as Lead Pl., Feb. 23, 2023, ECF No. 56; Notice of Withdrawal of the Mot. of Randall Bradford for Appointment as Lead Pl. & Approval of Selection of Lead Counsel, Feb. 24, 2023, ECF No. 57; Notice of Non-Opp. of David Joseph Primeau to Competing Lead Pl. Mots., Feb. 24, 2023, ECF No. 58; Notice of Withdrawal of Robert Basker's Mot. for Appointment as Lead Pl. and Approval of Counsel, ECF No. 60.

The UPR Retirement System (ECF No. 26), PABF (ECF No. 43), and Mitchell (ECF No. 40) are the only remaining movants. Mitchell's financial interest calculated using *Dura* is $10,854, significantly less than the financial interests of the UPR Retirement System and PABF.  As such, this motion focuses only on the UPR Retirement System and PABF.  Ex. A, at 2.

> ### B.     The Court Should Calculate the Movants' Financial Interests Using Dura and Exclude Pre-Corrective Disclosure Losses, as PABF's Proposes

PABF acknowledges that the Court should assess the movants losses under *Dura*, and exclude pre-corrective disclosure losses:

> Under *Dura*, "the plaintiff must allege that the defendant's fraud, not market forces, caused the economic loss." *Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *2 (N.D. Cal. Oct. 13, 2022). "To do so, the plaintiff 'must allege that the defendant's 'share price fell significantly after the truth became known.'" Id. (citation omitted). "The Supreme Court noted in *Dura* that 'if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.' . . . Thus, where a complaint alleges just one corrective disclosure, 'only those who held [ ] stock through that date were harmed by the Defendants' alleged fraud.' . . . In such cases, courts considering motions to appoint lead plaintiff have refused to consider losses prior to the alleged disclosure." *Id.* at *3 (citations omitted).

PABF Mot. at 6.

The UPR Retirement System agrees that because this litigation alleges only a single corrective disclosure at the end of the Class Period, the Court should, as other courts in this District have, assess the competing lead plaintiff motions on the basis of *Dura* and should "'refuse to consider losses prior to the alleged disclosure.'"  PABF Mot. at 6 (quoting *SunPower Corp.*, 2022 WL 10208559, at *3).  This *Dura* approach attempts to estimate maximum recoverable losses, as opposed to economic loss, based on the allegations in the complaint, and "considers only the shares retained at the time of the [c]orrective [d]isclosure, so it does not take into account losses from

shares sold previously" and "it ignores the losses the parties experienced from their stocks depreciating prior to the [c]orrective [d]isclosure." *View*, 2022 WL 377406, at *6.

In *View*, there was only one corrective disclosure and resulting stock price decline alleged in the complaint (similar to this case). 2022 WL 377406, at *1. The movants had purchased all of their View shares at prices above the price of View stock immediately before the corrective disclosure (of $5.18 per share). *Id.* at *6; *see also* Ex. B of the Decl. of Ivy T. Ngo in Supp. of Mot. for Appointment of Sweta Sonthalia as Lead Pl. & Approval of Selection of Counsel, *Mehedi et al. v. View, Inc. f/k/a CF Finance Acquisition Corp. II et al.*, No. 21-cv-06374-BLF (N.D. Cal.) ("*Mehedi v. View*"), ECF No. 30-2, and Ex. C of the Decl. of Laurence D. King in Supp. of Stadium Capital LLC's Mot. for Appointment as Lead Pl. and Approval of Lead Counsel, *Mehedi v. View*, ECF No. 31-4. Hon. Judge Beth Freeman rejected using these purchase prices above $5.18 per share to calculate a movant's financial interest because it would "still take[] into account some losses that likely have nothing to do with the alleged fraud" and "may still inflate the financial interest a party actually has in the litigation." *View*, 2022 WL 377406, at *5-6. Judge Freeman concluded that losses that "took place prior to the single [c]orrective [d]isclosure alleged in this case [are] likely not linked to the alleged fraud," and "[p]otentially none of this loss can be traced to the inflated stock value or the [c]orrective [d]isclosure, because it took place before the [c]orrective [d]isclosure." *Id.* at *5-6. "Since this loss is potentially not linked to the [c]orrective [d]isclosure," Judge Freeman "d[id] not see why it should be taken into account for determining the parties' financial interest in the litigation." *Id.* at *6.

Instead, Judge Freemen "consider[ed] the value of each party's retained stock just before the [c]orrective [d]isclosure and subtract[ed] the party's sale proceeds for that stock (or, for stock retained past the 90-day post-Disclosure period, the number of shares multiplied by the [PSLRA look back price])." 2022 WL 377406, at *6. Judge Freeman's approach was approved by the Ninth Circuit in *Sonthalia*, where the Ninth Circuit refused to grant a writ of mandamus from the *View* decision:

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

The district court did not commit clear legal error in choosing Stadium Capital LLC as the lead plaintiff. The court acknowledged that it had to make a preliminary assessment of comparative financial interest at the lead-plaintiff stage. The court was also mindful of the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), which held that courts must ensure that the defendant's misrepresentation "proximately caused the plaintiff's economic loss." *Id.* at 345-46. Citing *Dura*, the court found Sonthalia's methods of calculating financial interest less appropriate because they included losses that occurred "prior to the single Corrective Disclosure alleged in this case," and were therefore "likely not linked to the alleged fraud."

Instead, the court adopted Stadium's approach, which has been utilized by district courts in other cases. *Hurst v. Enphase Energy, Inc.*, [No. 20-CV-04036-BLF, 2020 WL 7025085, at *4] (N.D. Cal. 2020); *Markette v. XOMA Corp.*, [No. 15-CV-03425-HSG, 2016 WL 2902286, at *6] (N.D. Cal. 2016). Based on the information before it at this early stage of the case, and when the defendant's stock price had already "plummeted" before the corrective disclosure, the district court could permissibly choose an accounting methodology that excluded earlier stock depreciation that may not have been tied to the alleged fraud.

*Sonthalia*, 2022 WL 3445815, at *1.

This Court should use the *Dura* approach acknowledged by PABF and evaluate the competing movants' financial interest through their estimated maximum recoverable losses, excluding pre-corrective disclosure losses. However, both the UPR Retirement System and PABF purchased shares of Twist common stock at prices below $38.00 per share, the price immediately before the corrective disclosure, which differs from the facts in *View*, and therefore was not addressed by Judge Freeman. This Court should calculate the movants' financial interest in these shares using their actual purchase price, not $38.00 per share. Calculating the movants' financial interests for these shares using $38.00 per share would inflate the movants' financial interest.

### C.    The UPR Retirement System has the Largest Financial Interest Under Dura and Excluding Pre-Corrective Disclosure Losses

Once the movants' financial interests are calculated using *Dura,* and excluding pre-corrective disclosure losses, the UPR Retirement System has the largest financial interest in the relief sought by the Class.

The UPR Retirement System acquired 10,630 shares of Twist common stock during the Class Period, and held each of those shares through November 15, 2022. 7,553 of its shares were purchased at prices above $38.00 per share, and 3,077 were purchased at prices between $38.00

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

and $30.43 per share. Ex. B of the Decl. of Joshua W. Ruthizer in Supp. of the UPR Retirement System's Mot. for Appointment as Lead Pl. & Approval of Selection of Counsel, Feb. 10, 2023 ("Ruthizer Decl."), ECF No. 26-3; Ex. C of Ruthizer Decl., ECF No. 26-4. The UPR Retirement System suffered a loss of $113,859, calculated as the difference between the purchase price of the UPR Retirement System's Twist common stock, capped at $38.00 per share to exclude pre-corrective disclosure losses, minus the value of those shares at $25.94 per share, the PSLRA 90-day lookback price. Ex. A, at 2. As the UPR Retirement System did not sell any shares during the Class Period, there is no need to match those purchases against sales pursuant to the FIFO or LIFO accounting metrics. The UPR Retirement System's losses are the same under either metric.

By comparison, PABF, the movant with the next largest financial interest, purchased 19,112 shares of Twist common stock during the Class Period (11,547 of which were purchased at prices above $38.00 per share, 5,385 of which were purchased at prices between $38.00 and $30.43 per share, and 2,180 of which were purchased at prices below $30.43 per share[4]), and sold 7,627 shares of Twist common stock during the Class Period at prices above $38.00 per share. Ex. A of the Decl. of Lesley E. Weaver in Supp. of Mot. of PABF for Appointment as Lead Pl. and Approval of its Selection of Lead Counsel, Feb. 10, 2023 ("Weaver Decl.") ECF No. 43-2; Ex. C to Weaver Decl. ECF No. 43-4. PABF suffered a loss of $87,477 in its investment in Twist common stock, when its purchases and sales are matched on the FIFO accounting method. Ex. A, at 1. The financial interest calculations put forward in PABF's motion (ECF No. 43-4) ***do not exclude*** losses that occurred prior to the single corrective disclosure alleged in this case on November 15, 2022. PABF used its actual purchase price, and does not cap that purchase price at

---

[4] One of the elements of a claim for violations of Section 10(b) and Rule 10b-5 is economic loss. *Dura*, 544 U.S. at 338; 15 U.S.C. § 78u-4(b)(4). The Complaint alleges that the price of Twist common stock fell $7.57 per share to close at $30.43 per share in response to the November 15, 2022 corrective disclosure. It is unclear, based on the allegations of the operative Complaint, whether PABF can show for purposes of a lead plaintiff motion that it suffered an economic loss on the 2,180 shares purchased below $30.43 or whether those shares should be included in the financial interest calculation for purposes of appointing a lead plaintiff. If those shares are excluded from the calculation of PABF's financial interest in the relief sought by the Class, then PABF's financial interest, calculated using FIFO, is $81,628, less than the UPR Retirement System's financial interest of $113,859. Ex. A, at 5-6.

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

$38.00 per share, and as a result, PABF inflates its alleged financial interest in the relief sought by the Class by $254,283 ($341,760 – $87,477) on a FIFO basis, and "takes into account some losses that likely have nothing to do with the alleged fraud." *View*, 2022 WL 377406, at *5.

While PABF asserts that its losses should be calculated using the LIFO method, the Court should reject the LIFO method in this case and use the FIFO method to calculate the movants' financial interest. Courts that have applied LIFO over FIFO have done so because of concerns that FIFO may exaggerate losses because FIFO matches sales during the Class Period against pre-Class Period purchases, and LIFO can take into account gains that might have accrued to movants during the Class Period due to inflation in the stock price. *See, e.g, In re Fastly, Inc. Sec. Litig.*, No. 20-CV-06024-PJH, 2021 WL 493386, at *4-5 (N.D. Cal. Feb. 10, 2021). However, in this case, no movant asserts any pre-Class Period purchases, and using LIFO matches 4,472 shares purchased by PABF in May 2022 at prices between $28.60 per share and $31.36 per share against shares sold by PABF in August 2022 at an average price of $47.08 per share. Ex. A, at 3-4. Using the LIFO method obscures this profit (as the shares purchased at low prices are not included in the retained shares) and exaggerates PABF's asserted financial interest to $124,276.[5] Ex. A, at 3. Therefore, in this case, FIFO is more appropriate than LIFO to assess the movants financial interests.

The Court may also choose to use neither LIFO nor FIFO to assess the movants' financial interests in the relief sought by the Class. LIFO and FIFO are accounting metrics for companies that lack a perpetual inventory system and were not designed to assess recoverable losses under the securities laws. Both methods are imperfect, and the choice of the accounting method may impact the movants' financial interest. *See, e.g., Fastly,* 2021 WL 493386, at *5. Instead, the Court can assess each movants' recoverable loss by comparing the total amount of alleged inflation in their retained shares by matching shares with the same levels of inflation (*i.e.*, shares sold above

---

[5] PABF's loss calculation in its motion inflated its loss on a LIFO basis by $690,241 ($814,517 – $124,276). If the shares purchased by PABF at prices less than $30.43 per share are excluded from the calculation of PABF's financial interest on a LIFO basis, then PABF's financial interest is $112,435, less than the UPR Retirement System's financial interest of $113,859. Ex. A, at 7-8.

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

9

$38.00 per share to shares purchased above $38.00 per share).  This will allow the court to assess "which plaintiff '*has the most to gain from the lawsuit*.'"  *Finisar Corp.*, 2011 WL 5117560, at *3 (emphasis added) (quoting *In re Cavanaugh*, 306 F.3d at 730).  The Court should calculate the total recoverable loss by the total of a movant's purchases above $30.43 per share (the closing price on November 15, 2022) or $25.94 per share (the 90-day lookback price), capped at $38.00 per share (the price of Twist common stock immediately before the corrective disclosure), and subtract from that the total amount of a movant's sales above $30.43 per share or $25.94 and capped at $38.00 (representing the movants profit from the sale of common stock inflated by the alleged fraud).  Under this method, the UPR Retirement System has the largest financial interest in the relief sought by the Class, with a financial interest of $66,137 (using $30.43) or $113,859 (using $25.94), compared to PABF's financial interest of $38,243 (using $30.43) or $87,477 (using $25.94).  Ex. A, at 9-10.

### D.    The UPR Retirement System Satisfies the Adequacy and Typicality Requirements of Rule 23

At the lead plaintiff stage, the Court's Rule 23 analysis focuses on the requirements of typicality and adequacy.  *Cavanaugh*, 306 F.3d at 730.  As discussed in the UPR Retirement System's Motion, it meets the requirements of adequacy and typicality under Rule 23.

The Rule 23(a)(3) typicality requirement is satisfied when a proposed class representative "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues."  *Chegg, Inc.*, 2022 WL 4099454, at *3 (citation and internal quotation marks omitted).  The UPR Retirement System's claims are typical of those of the purported Class.  As with all other putative Class members, the UPR Retirement System purchased Twist common stock at prices artificially inflated as a result of Defendants' alleged misrepresentations and was damaged upon the disclosure of the truth regarding those misrepresentations. *Id.*

"To determine adequacy [under Rule 23(a)(4)], a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced,

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

10

and generally able to conduct the litigation." *Chegg, Inc.*, 2022 WL 4099454, at *4 (citation and internal quotation marks omitted).  The UPR Retirement System is an adequate representative of the Class.  The UPR Retirement System's claims are not antagonistic or in conflict with those of the Class. The UPR Retirement System is not subject to any unique defenses.  The UPR Retirement System has retained counsel experienced in securities litigation.

\*        \*        \*

In sum, because the UPR Retirement System has the largest financial interest in the relief sought by the Class, and satisfies the adequacy and typicality requirements of Rule 23, the UPR Retirement System is entitled to the presumption and the most adequate plaintiff.  The presumption in favor of the most adequate plaintiff can only be rebutted by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  There is no such proof, and the UPR Retirement System should therefore be appointed the lead plaintiff.  In fact, in 2021, the Hon. Wendy Beetlestone of the Eastern District of Pennsylvania appointed the UPR Retirement System as a Class representative.  *See Utesch v. Lannett Co.*, No. 16-5932, ECF No. 197 (E.D. Pa. Apr. 9, 2021)*, appeal pending sub nom. Univ. of Puerto Rico Ret. Sys. v. Lannett Co. Inc.*, No. 21-3150 (3d Cir.).[6]

## III.    THE COMPETING MOTIONS SHOULD BE DENIED

As noted above, each of the remaining movant's claimed losses are smaller than those suffered by the UPR Retirement System when calculated using *Dura* and excluding pre-corrective disclosure losses, and no "proof" exists to rebut the UPR Retirement System's presumptive status as the most adequate plaintiff under the PSLRA.  Accordingly, the competing movants' motions for lead plaintiff must be denied.

---

[6] The appeal concerns the issues of price impact and damages, not the UPR Retirement System's adequacy or typicality.

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

11

## IV.    THE UPR RETIREMENT SYSTEM'S CHOICE OF COUNSEL SHOULD BE APPROVED

As stated in the UPR Retirement System's Motion, the UPR Retirement System has selected Wolf Popper LLP to serve as Lead Counsel and Berman Tabacco to serve as Liaison Counsel.  Under the PSLRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class."   15 U.S.C. § 78u-4(a)(3)(B)(v).  " A court should only disturb the lead plaintiff's counsel choice if it is necessary to protect the interests of the class." *Chegg, Inc.*, 2022 WL 4099454, at \*4 (citation omitted).

Wolf Popper and Berman Tabacco are highly experienced in the area of securities litigation and class actions, having successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Ruthizer Decl. Exs. E (Wolf Popper Resume) (ECF No. 26-6) & F (Berman Tabacco Resume) (ECF No. 26-7).  Wolf Popper and Berman Tabacco have also worked together in prior securities litigations, and completed a jury trial together in July 2017 in the United States District Court of the District of Massachusetts that resulted in a $3 million disgorgement from a controlling stockholder. *See MAZ Partners LP v. PHC, Inc.*, No. 11-cv-11049 (D. Mass.).

The Court should approve the UPR Retirement System's Selection of Counsel.

### CONCLUSION

For the foregoing reasons, the UPR Retirement System respectfully requests the Court: (1) appoint the UPR Retirement System as lead plaintiff on behalf of the proposed Class; and (2) approve its selection of Wolf Popper as lead counsel and Berman Tabacco as liaison counsel for the proposed Class.

///

///

///

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATED: February 24, 2023

Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Nicole Lavallee*
Nicole Lavallee

Alex Vahdat
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
avahdat@bermantabacco.com

*Proposed Liaison Counsel for the Class*

Joshua W. Ruthizer (*Pro Hac Vice Motion Filed*)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 459-2093
Email: jruthizer@wolfpopper.com

*Counsel for Movant the University of Puerto Rico Retirement System and Proposed Lead Counsel for the Class*

[CASE NO. 5:22-cv-8168-EJD ] MOVANT THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

13