**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff*
*Policemen's Annuity and Benefit Fund of Chicago,*
*and Proposed Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>                    Defendants. | Case No. 5:22-cv-08168-EJD<br><br><u>CLASS ACTION</u><br>**POLICEMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO'S BRIEF IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Date: July 20, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4—5th Floor<br>Judge: Hon. Edward J. Davila |

BRIEF IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS
CASE NO. 5:22-CV-08168-EJD

PABF respectfully submits this brief in opposition to the competing motions for appointment as Lead Plaintiff and for approval of selection of counsel.  *See* ECF Nos. 16, 19, 22, 26, 32, 36, 40.[1]

## I.    PRELIMINARY STATEMENT

PABF is the "most adequate plaintiff" under the PSLRA because it has the "largest financial interest" in the Twist securities litigation and satisfies the typicality and adequacy requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Seven other movants filed motions seeking Lead Plaintiff appointment: (1) the University of Puerto Rico Retirement System ("UPR"); (2) Gerald Haney ("Haney"); (3) Stanley Schreiber ("Schreiber"); (4) John Mitchell ("Mitchell"); (5) David Joseph Primeau ("Primeau"); (6) Randall Bradford ("Bradford"); and (7) Robert Basker ("Basker").  PABF's loss is *five times* larger than the movant with the second-largest loss, and larger than all other movants *combined*.  In fact, Haney, Schreiber, Primeau, Bradford, and Basker filed notices of non-opposition or withdrew their motion, recognizing that they do not possess the largest financial interest.  *See* ECF Nos. 52, 56–58, 60.



| | PABF | UPR | Haney | Schreiber | Mitchell | Primeau | Bradford | Basker |
|---|---|---|---|---|---|---|---|---|
| Claimed LIFO Loss | $834,761 | $158,704 | $102,757 | $84,494 | $69,925 | $21,349 | $11,327 | $10,158 |

---

[1] All capitalized terms are defined in PABF's initial brief, unless otherwise indicated.  *See* ECF No. 43.  All references to "ECF No." are to the docket in this case, unless otherwise indicated.

Pursuant to the PSLRA, there is a strong presumption that PABF is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted upon "proof" that PABF is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, there is no proof that PABF is unfit to represent the Class. To the contrary, PABF is the paradigmatic Lead Plaintiff envisioned by Congress when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). PABF is a sophisticated institutional investor with roughly $2.8 billion in assets under management, has more than adequate resources available to devote to this litigation, selected well-qualified counsel, and has significant experience supervising the work of outside counsel as Lead Plaintiff in securities class actions and successfully recovered hundreds of millions of dollars for investors. *See* ECF No. 43 at 7–8. Accordingly, PABF is the most adequate plaintiff under the PSLRA.

## II.   ARGUMENT

### A.   PABF Is the Most Adequate Plaintiff

The PSLRA creates a strong presumption that the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is to be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011). Once this presumption is met, it can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (PSLRA presumption met even if the district court believes another movant may be "more typical, [] more adequate . . . . [or] would do a better job"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("Once the court has identified the movant with 'the largest

financial interest in the relief sought by the class,' it should then turn to the question [of] whether that movant 'otherwise satisfies the requirements of Rule 23'") (citation omitted).

### 1.   PABF Has The Largest Financial Interest In The Relief Sought By The Class

Consistent with Ninth Circuit precedent, this Court and others in this District equate financial interest in the litigation with financial loss. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status"); *Abrams v. Intuitive Surgical, Inc.*, 2013 WL 6070031, at *2 (N.D. Cal. Nov. 18, 2013) (Davila, J.) ("the district court considers the losses suffered by potential lead plaintiffs and selects the one who has the largest financial interest in the relief sought by the class") (internal quotations and citations omitted); *In re SiRF Tech. Holdings, Inc. Sec. Litig.*, 2008 WL 2220601, at *1 (N.D. Cal. May 27, 2008) (movant had largest financial interest when "its claimed loss of $1,615,947 [] is significantly higher than that of any other movant"); *Monachelli v. Hortonworks, Inc.*, 2016 WL 3078867, at *2 (N.D. Cal. June 1, 2016) (appointing investor as lead plaintiff based on size of investor's loss).

When calculating financial loss, virtually every court in the country has adopted the LIFO accounting methodology (as opposed to FIFO). *See e.g.*, *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO') methodology'").

What's more, courts in this District and elsewhere have modified the traditional LIFO analysis to account for the Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Under *Dura*, "the plaintiff must allege that the defendant's fraud, not market forces, caused the economic loss." *Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *2 (N.D. Cal. Oct. 13, 2022). "To do so, the plaintiff 'must allege that the defendant's share price fell significantly after the truth became known.'" *Id.* (citation omitted). "The Supreme Court noted in *Dura* that 'if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.' . . . Thus, where a complaint alleges just one corrective disclosure, 'only those who held [ ] stock through that date were harmed by the Defendants' alleged fraud.' . . . In such cases, courts considering motions to appoint lead plaintiff have refused to consider losses prior to the alleged disclosure." *Id.* at *3

(citations omitted); *see also City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021).

Regardless of whether the Court considers *Dura*, PABF's loss is multiples larger than the loss claimed by every other Lead Plaintiff movant and is larger than the loss of all other movants **combined**.

| Movant | LIFO Loss (*Dura*)[2] | Claimed LIFO Loss (non-*Dura*) |
|---|---|---|
| PABF | $814,517 | $834,761 |
| UPR | $158,704 | $158,704 |
| Haney | $102,757 | $102,757 |
| Schreiber | $96,862 | $84,494 |
| Mitchell | $69,925 | $69,925 |
| Primeau | $21,349 | $21,349 |
| Bradford | $15,388 | $11,327 |
| Basker | $10,158 | $10,158 |

In addition to claiming the largest loss, PABF also claims the largest financial interest under each of the four-factors that this Court and others in this District have applied and commonly referred to as the *Lax* factors. *See e.g.*, *Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *2 (N.D. Cal. Sept. 7, 2022) (Davila, J.); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022). The *Lax* test treats loss as the most important factor, but also considers the total number of shares and net shares purchased as well as the amount of net funds expended to purchase those shares. *See DocuSign*, 2022 WL 1301770, at *2 ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology") (internal quotations and citation omitted).

Here, PABF incurred, by far, the largest loss, and as set forth in the table below, also: (1) purchased the most total shares; (2) purchased the most net shares; and (3) expended the most net funds to purchase its shares. *See* ECF Nos. 16-3, 19-3, 23-3, 26-4, 33-3, 36-3, 40-4, 43-4.

---

[2] Charts setting forth the calculation of each opposing movant's *Dura* loss are attached as Exhibit A to the Declaration of Lesley E. Weaver. PABF's *Dura* loss calculation was submitted with its initial papers. *See* ECF No. 43-4.

BRIEF IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS
CASE NO. 5:22-CV-08168-EJD

| Movant | Total Shares Purchased | Net Shares Purchased | Net Expenditures |
|---|---|---|---|
| PABF | 19,112 | 11,845 | $1,142,437 |
| UPR | 10,630 | 10,630 | $435,229 |
| Haney | 2,600 | 2,600 | $169,729 |
| Schreiber | 2,200 | 800 | $105,364 |
| Mitchell | 900 | 900 | $93,303 |
| Primeau | 300 | 300 | $29,141 |
| Bradford | 207 | 132 | $14,756 |
| Basker | 90 | 90 | $12,499 |

As such, PABF has the "largest financial interest in the relief sought by the class" and is presumed to be the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    PABF Otherwise Satisfies The Requirements Of Rule 23

PABF also satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the presumption entitling PABF to appointment as Lead Plaintiff, the PSLRA requires "proof" that PABF is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and there can be no credible arguments to the contrary.

PABF is a typical Class representative. Like all other Class members, PABF: (1) purchased Twist stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was damaged thereby. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech, Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (typicality requirement met when proposed Lead Plaintiff "purchased [the defendant's] common stock during the Class Period, allegedly in reliance upon [the d]efendants' purported false and misleading statements," and incurred harm as a result).

PABF also satisfies the adequacy requirement of Rule 23 because it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). PABF has a substantial financial stake in the litigation and the ability to vigorously represent the purported class's claims. *See* ECF Nos. 43-2; 43-4. PABF has approximately $2.8 billion in net assets and has significant experience overseeing complex litigation and supervising outside counsel, including in securities class actions governed by the PSLRA. *See* ECF No. 43 at 8. Indeed, the results that PABF achieved in other securities

class actions confirm its adequacy. As just two examples, PABF previously served as Lead Plaintiff in *In re DaimlerChrysler, et al.*, No. 1:00-cv-00993-LPS (D. Del.), and secured a $300 million recovery for the class. PABF also served as Lead Plaintiff in *In re Apollo Group Inc. Sec. Litig.*, No. 2:04-cv-02147-JAT (D. Ariz.) and successfully recovered $145 million for investors. *See* ECF No. 43 at 8.

Further, PABF's interests are squarely aligned with those of other putative class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between PABF and other putative class members. To the contrary, PABF is precisely the type of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Numerous courts have recognized that the PSLRA favors appointing institutional investors like PABF as Lead Plaintiff. *See, e.g.*, *SiRF*, 2008 WL 2220601, at *3 ("appointment of [] an institutional investor, would be consistent with the primary purpose of the PSLRA . . . by enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions") (internal quotations and citations omitted).

Finally, PABF has demonstrated its adequacy through its selection of BFA as Lead Counsel to represent the Class, a law firm that has achieved hundreds of millions of dollars in recoveries for investors in the past year alone. *See* ECF Nos. 43 at 9; 43-5. Accordingly, because PABF has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, PABF is the most adequate plaintiff under the PSLRA.

**B.    PABF Selected Well-Qualified Counsel To Represent The Class**

Under the PSLRA, the Lead Plaintiff is given the right, "subject to the approval of the court," to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. United States Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

PABF has selected BFA as proposed Lead Counsel. BFA is among the foremost securities class action law firms in the country and has secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF No. 43-5. Most recently, BFA achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). In this District, BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.), and served as liaison counsel in *In re Twitter, Inc. Securities Litigation*, No. 4:16-cv-5314-JST (N.D. Cal.), helping achieve a $809.5 million recovery for the class. BFA also secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig.*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig.*, No. 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## III. CONCLUSION

For the foregoing reasons, PABF respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of BFA as Lead Counsel for the Class, and grant such other relief as the Court may deem just and proper.

DATED: February 24, 2023                    Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

  */s/ Lesley E. Weaver*
Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

Javier Bleichmar (admitted *pro hac vice*)

jbleichmar@bfalaw.com
Nancy A. Kulesa (admitted *pro hac vice*)
nkulesa@bfalaw.com
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

Ross Shikowitz (admitted *pro hac vice*)
rshikowitz@bfalaw.com
75 Virginia Road
White Plains, NY 10603
Telephone: (212) 789-1349
Facsimile: (212) 205-3960

*Counsel for Proposed Lead Plaintiff
Policemen's Annuity and Benefit Fund of
Chicago, and Proposed Lead Counsel for the
Class*

John A. Kehoe (*pro hac vice* pending)
**KEHOE LAW FIRM, P.C.**
41 Madison Avenue, 31st Floor
New York, NY 10010
Telephone: (215) 792-6676
jkehoe@kehoelawfirm.com

*Additional Counsel for Proposed Lead
Plaintiff Policemen's Annuity and Benefit
Fund of Chicago*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Lesley E. Weaver*
Lesley E. Weaver
