# WEAVER DECLARATION EXHIBIT 1



ABRAHAM, FRUCHTER & TWERSKY, LLP

September 5, 2019

**VIA ECF FILING**

The Honorable Loretta A. Preska
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, NY 10007-1312

      Re:    *Karp v. Diebold Nixdorf, Inc.*, *et al*, Civil Action No. 1:19-cv-6180-LAP; *City of Dearborn Heights Act 345 Police and Retirement System v. Diebold NixDorf, Inc.*, Civil Action No. 1:19-06514-LAP

Dear Judge Preska:

      This firm represents the University of Puerto Rico Retirement System ("UPR Retirement System") and the General Retirement System of the City of Detroit ("Detroit GRS"), who filed a Motion for Consolidation and Appointment as Lead Plaintiff in the above captioned actions. *See* Dkt. No. 14. Pursuant to the Court's request, the UPR Retirement System and Detroit GRS (together, the "Retirement Systems") submit this letter to indicate their asserted recoverable losses in the above captioned actions of **$1,563,084.85**,[1] calculated by applying the "*Dura* LIFO" methodology preferred in this Circuit (*see infra*), as compared to $1,423,226.46 of recoverable losses claimed by competing movants Manoj Arora and Neelam Arora (the "Aroras"), when using the same preferred methodology which they refer to as "Dura LIFO Offsetting Gains". *See* Dkt. No. 20-2, at 2. Additionally, the competing movants may have accounted for the same securities transactions twice in calculating their losses, as identical transactions from the same account are separately listed on the respective certifications submitted by each of the competing movants. If this occurred, the Aroras' true losses would be substantially lower than which, if true, would substantially reduce their claimed losses. Accordingly, as set forth herein, the Retirement Systems have the largest financial interest in the outcome of this litigation and are thus the presumptive most adequate plaintiff to be appointed Lead Plaintiff in this Action.[2]

---

[1] The loss calculations for the Retirement Systems are set forth in the chart attached hereto as Exhibit 1. For the Court's convenience, the chart also provides the Retirement Systems losses under the various alternative methodologies applied by the competing movants in their loss chart and references those methodologies by the designations adopted by the competing movants. For the reasons set forth in this letter and to be provided in greater detail in the Retirement Systems' contemplated brief in opposition to the Aroras' competing motion, the appropriate methodology to be used in calculating the competing movants losses is the methodology addressed in this letter submission.

[2] In addition to the motions for appointment as lead plaintiff filed by the Retirement Systems and Manoj Arora and Neelam Arora, the Indiana Laborers Pension Fund and the Indiana Laborers Welfare Fund (the "Indiana Funds") filed

 

Judge Preska
September 5, 2019
Page 2

_____

Although the Private Securities Litigation Reform Act of 1934 (the "PSLRA) does not prescribe a particular method of calculating the largest financial interest in the relief sought by the class (*see* 15 U.S.C. §78u-4(a)(3)(B)(iii)), the Courts in this Circuit have found that the "*Dura* LIFO*" methodology is the most appropriate for evaluating the financial interests of competing movants for purposes of selecting a lead plaintiff. *See*, *e.g., Sallustro v. CannaVest Corp.*, 93 F.Supp.3d 265, 273 (S.D.N.Y. 2015) (Gardephe, J.); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) (Buchwald, J.). This approach conforms with the Supreme Court's ruling in *Dura Pharma., Inc. v. Broudo*, 125 S. Ct. 1627 (2005), which held that in "fraud on the market" cases such as this, plaintiffs can recover damages only if a specific loss was proximately caused by a defendant's misrepresentations. In so ruling, the Court held that a plaintiff cannot prove loss causation merely by establishing that the stock price was artificially inflated on the date of the purchase; rather, a plaintiff must also prove that the stock price later declined – and caused plaintiff's shares to be worth less – immediately following a disclosure of the wrongful conduct to the public. Accordingly, it is clear under *Dura* and its progeny that losses incurred on shares purchased in an inflated market and then sold prior to the disclosure of wrongful conduct are not recoverable because those losses cannot be proximately linked to the alleged misconduct. *See In re Comverse Tech., Inc. Sec. Litig.*, No. 06 Civ. 1825 (NGG)(RER); 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) (Garaufis, J.).

As a consequence of *Dura*, Courts have determined that any such non-recoverable losses "must not be considered" when determining competing movants' loss calculations in the lead plaintiff context. *Comverse*, 2007 WL 680779, at *4; *see also CannaVest*, 93 F.Supp.3d at 273 (recognizing, "when evaluating a plaintiff's financial interest for purposes of selecting a lead plaintiff, courts in this Circuit consider that plaintiff's recoverable loss, **and do not take into account losses from shares sold prior to corrective disclosures**" (collecting cases), and finding that "The Court would be abdicating its responsibility under the PSLRA if it were to ignore the issue of loss causation at the lead plaintiff appointment stage" (citing *Comverse*, 2007 WL 680779, at *5)(emphasis added)).

In addition to removing losses attributed to in-and-out transactions that occurred prior to a corrective disclosure, the *proper* "*Dura* LIFO" methodology requires movants to offset gains obtained from class period sales. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (utilizing a methodology that offset the gains the parties collected during the class period because "it is a better measurement of the true damages sustained by the plaintiffs"); *Jaffe Pension Plan v. Household Intern., Inc.*, 756 F. Supp.2d 928, 935 (N.D. Ill. 2010) (requiring "netting" of gains based on holdings of the Second, Fifth, Ninth and Tenth Circuits that "require that plaintiffs' losses be netted against their profits attributable to the same fraud" when calculating recoverable

---

a Notice of their filing of a competing motion to be appointed as lead plaintiff in a "related action" filed in the United States District Court for the Northern District of Ohio, captioned, *City of Livonia Retiree Health and Disability Benefits Plan v. Diebold Nixdorf, Inc.*, No. 5:19-cv-01887 (N.D. Ohio). Notably, to the extent that the two Indiana Funds can be considered competing movants for appointment as Lead Plaintiff in this action, their alleged combined losses are far below that of the Retirement Systems. *See City of Livonia* Dkt. No. 19-1, at Exh. D.

Judge Preska
September 5, 2019
Page 3

_____

out-of-pocket damages (citing cases)); *see also* NERA Economic Consulting, *Purchase-Sale Matching in Securities Litigation: FIFO, LIFO, and Offsets*, at pp. 9-11 (October 9, 2008)[3] (describing the need to account for <u>all</u> shares sold during class period even if sold prior to class period purchases in order to account for gains on those sales at artificially inflated prices).[4]

      For these reasons, the Retirement Systems is the presumptive most adequate plaintiff in this action with recoverable losses of **$1,563,084.85** utilizing the proper *Dura* LIFO methodology (accounting for offsetting gains), as compared to the losses of <u>$1,423,226.46</u> claimed by Manoj Arora and Neelam Arora – notwithstanding the open questions regarding the accuracy of reported transactions and calculations provided by the Aroras.

                            Respectfully Submitted,

                            ABRAHAM, FRUCHTER & TWERSKY, LLP

                            /s/   *Mitchell M.Z. Twersky*
                            Mitchell M.Z. Twersky

                            One Penn Plaza, Suite 2805
                            New York, New York 10119
                            Tel. (212) 279-5050
                            Fax. (212) 279-3655
                            <u>MTwersky@aftlaw.com</u>

cc: Counsel via ECF

---

[3] *Available at* https://www.nera.com/content/dam/nera/publications/archive1/PUB_Purchase_Sale_Matching_Wong_1008.pdf.

[4] Additionally, as will be set forth in detail, *inter alia*, in the Retirement Systems contemplated brief to be filed in opposition to the competing movants' motion, the competing movants' repetitive patterns as in-and-out day traders may be indicative of trading strategies that will cause the competing movants to be subject to unique defenses and therefore not typical of the alleged class. Such a finding would be sufficient to deny the Aroras' application to be appointed Lead Plaintiff.

# EXHIBIT 1

**CONSOLIDATED LOSSES CHART**

**Security -** Diebold Nixdorf, Incorporated
**Ticker -** DBD
**Class Period -** 02/14/2017 - 08/01/2018

| ENTITY | FIFO | LIFO | DURA LIFO EXCLUDING GAINS | DURA LIFO OFFSETTING GAINS |
|---|---|---|---|---|
| University of Puerto Rico Retirement System | ($777,462.33) | ($787,409.56) | ($787,307.12) | ($779,528.44) |
| General Retirement System of the City of Detroit | ($785,136.51) | ($785,136.51) | ($783,556.41) | ($783,556.41) |
| **TOTAL LOSSES** | **($1,562,598.84)** | **($1,572,546.07)** | **($1,570,863.53)** | **($1,563,084.85)** |

### LOSSES CHART – GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT

**Security -** Diebold Nixdorf, Incorporated
**Ticker -** DBD
**Class Period -** 02/14/2017 - 08/01/2018
**90-Day Lookback Price -** $4.5632

| TRANSACTION DATE | TRANSACTION TYPE | SHARES | PRICE | FIFO | LIFO | DURA LIFO EXCLUDING GAINS | DURA LIFO OFFSETTING GAINS |
|---|---|---|---|---|---|---|---|
| *Class Period Opening Balance* | | *0* | | | | | |
| 07/13/2017 | Purchase | 6,000 | 21.2500 | ($127,500.00) | ($127,500.00) | ($127,500.00) | ($127,500.00) |
| 07/14/2017 | Purchase | 6,464 | 21.0116 | ($135,818.98) | ($135,818.98) | ($135,818.98) | ($135,818.98) |
| 08/02/2017 | Purchase | 10,085 | 22.8572 | ($230,514.85) | ($230,514.85) | ($230,514.85) | ($230,514.85) |
| 09/08/2017 | Purchase | 9,378 | 20.0901 | ($188,404.96) | ($188,404.96) | ($188,404.96) | ($188,404.96) |
| 10/16/2017 | Purchase | 5,346 | 22.8084 | ($121,933.71) | ($121,933.71) | ($121,933.71) | ($121,933.71) |
| 12/04/2017 | Purchase | 6,861 | 19.1830 | ($131,614.56) | ($131,614.56) | ($56,493.93) | ($56,493.93) |
| 01/24/2018 | Sale | (3,916) | 18.7795 | $73,540.52 | $73,540.52 | - | - |
| 03/22/2018 | Purchase | 5,191 | 15.2500 | ($79,162.75) | ($79,162.75) | ($79,162.75) | ($79,162.75) |
| 04/23/2018 | Purchase | 4,478 | 15.9986 | ($71,641.73) | ($71,641.73) | ($71,641.73) | ($71,641.73) |
| 04/25/2018 | Purchase | 3,052 | 15.8807 | ($48,467.90) | ($48,467.90) | ($48,467.90) | ($48,467.90) |
| 04/26/2018 | Purchase | 2,212 | 15.9000 | ($35,170.80) | ($35,170.80) | ($35,170.80) | ($35,170.80) |
| *Class Period Ending Balance* | | *55,151* | | | | | |
| 08/10/2018 | Sale | (13,953) | 5.7571 | $80,329.41 | $80,329.41 | $80,329.41 | $80,329.41 |
| 08/13/2018 | Sale | (41,198) | 5.6125 | $231,223.78 | $231,223.78 | $231,223.78 | $231,223.78 |
| *End of 90-Day Lookback Period Balance* | | *0* | | | | | |
| **TOTAL LOSSES** | | | | **($785,136.51)** | **($785,136.51)** | **($783,556.41)** | **($783,556.41)** |

*Post Class Sales are priced at the greater of the Actual Sales Price and the Average of Post Class Closing Prices up to the Sales Date*

## LOSSES CHART - UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM

**Security -** Diebold Nixdorf, Incorporated
**Ticker -** DBD
**Class Period -** 02/14/2017 - 08/01/2018
**90-Day Lookback Price -** $4.5632

| TRANSACTION DATE | TRANSACTION TYPE | SHARES | PRICE | FIFO | LIFO | DURA LIFO EXCLUDING GAINS | DURA LIFO OFFSETTING GAINS |
|---|---|---|---|---|---|---|---|
| *Class Period Opening Balance* | | *0* | | | | | |
| 03/02/2017 | Purchase | 2,500 | 31.0837 | ($77,709.25) | ($77,709.25) | ($77,709.25) | ($77,709.25) |
| 03/02/2017 | Purchase | 1,400 | 31.1000 | ($43,540.00) | ($43,540.00) | ($43,540.00) | ($43,540.00) |
| 03/03/2017 | Purchase | 500 | 31.4750 | ($15,737.50) | ($15,737.50) | ($15,737.50) | ($15,737.50) |
| 03/03/2017 | Purchase | 900 | 31.5728 | ($28,415.52) | ($28,415.52) | ($28,415.52) | ($28,415.52) |
| 03/06/2017 | Purchase | 3,300 | 31.1112 | ($102,666.96) | ($102,666.96) | ($102,666.96) | ($102,666.96) |
| 03/16/2017 | Purchase | 1,000 | 28.8910 | ($28,891.00) | ($28,891.00) | ($28,891.00) | ($28,891.00) |
| 03/28/2017 | Purchase | 3,700 | 29.5250 | ($109,242.50) | ($109,242.50) | ($109,242.50) | ($109,242.50) |
| 04/06/2017 | Purchase | 1,000 | 28.5908 | ($28,590.80) | ($28,590.80) | ($28,590.80) | ($28,590.80) |
| 04/21/2017 | Purchase | 1,300 | 27.7949 | ($36,133.37) | ($36,133.37) | ($36,133.37) | ($36,133.37) |
| 04/24/2017 | Purchase | 2,200 | 27.7642 | ($61,081.24) | ($61,081.24) | ($61,081.24) | ($61,081.24) |
| 04/25/2017 | Purchase | 100 | 28.5402 | ($2,854.02) | ($2,854.02) | ($2,854.02) | ($2,854.02) |
| 04/26/2017 | Purchase | 200 | 28.8782 | ($5,775.64) | ($5,775.64) | ($5,775.64) | ($5,775.64) |
| 04/27/2017 | Purchase | 600 | 28.8407 | ($17,304.42) | ($17,304.42) | ($17,304.42) | ($17,304.42) |
| 04/28/2017 | Purchase | 700 | 28.3637 | ($19,854.59) | ($19,854.59) | ($19,854.59) | ($19,854.59) |
| 07/06/2017 | Purchase | 2,300 | 20.4029 | ($46,926.67) | ($46,926.67) | ($46,926.67) | ($46,926.67) |
| 07/18/2017 | Purchase | 5,000 | 21.1400 | ($105,700.00) | ($105,700.00) | ($23,254.00) | ($23,254.00) |
| 11/21/2017 | Sale | (3,900) | 19.1192 | $74,564.88 | $74,564.88 | - | - |
| 12/13/2017 | Purchase | 1,000 | 17.9078 | ($17,907.80) | ($17,907.80) | ($1,790.78) | ($17,907.80) |

| TRANSACTION DATE | TRANSACTION TYPE | SHARES | PRICE | FIFO | LIFO | DURA LIFO EXCLUDING GAINS | DURA LIFO OFFSETTING GAINS |
|---|---|---|---|---|---|---|---|
| 12/18/2017 | Purchase | 1,000 | 16.8331 | ($16,833.10) | ($16,833.10) | - | ($16,833.10) |
| 01/08/2018 | Sale | (1,900) | 18.2480 | $34,671.20 | $34,671.20 | - | $34,671.20 |
| 01/09/2018 | Purchase | 1,300 | 17.3750 | ($22,587.50) | ($22,587.50) | ($22,587.50) | ($22,587.50) |
| 02/12/2018 | Purchase | 3,000 | 14.6066 | ($43,819.80) | ($43,819.80) | ($43,819.80) | ($43,819.80) |
| 02/13/2018 | Purchase | 3,100 | 14.0756 | ($43,634.36) | ($43,634.36) | ($43,634.36) | ($43,634.36) |
| 02/13/2018 | Purchase | 3,000 | 13.6744 | ($41,023.20) | ($41,023.20) | ($41,023.20) | ($41,023.20) |
| 03/19/2018 | Purchase | 2,200 | 16.1008 | ($35,421.76) | ($35,421.76) | ($17,710.88) | ($35,421.76) |
| 03/26/2018 | Purchase | 1,900 | 14.3913 | ($27,343.47) | ($27,343.47) | - | ($27,343.47) |
| 04/10/2018 | Sale | (1,800) | 15.3275 | $27,589.50 | $27,589.50 | - | $27,589.50 |
| 04/20/2018 | Sale | (1,200) | 16.1116 | $19,333.92 | $19,333.92 | - | $19,333.92 |
| 04/30/2018 | Purchase | 1,000 | 15.9250 | ($15,925.00) | ($15,925.00) | ($15,925.00) | ($15,925.00) |
| 05/01/2018 | Purchase | 1,600 | 15.0372 | ($24,059.52) | ($24,059.52) | ($24,059.52) | ($24,059.52) |
| 05/02/2018 | Purchase | 200 | 12.7746 | ($2,554.92) | ($2,554.92) | ($2,554.92) | ($2,554.92) |
| 05/02/2018 | Purchase | 5,400 | 12.7256 | ($68,718.24) | ($68,718.24) | ($68,718.24) | ($68,718.24) |
| 05/03/2018 | Purchase | 1,700 | 12.6127 | ($21,441.59) | ($21,441.59) | ($7,567.62) | ($21,441.59) |
| 05/07/2018 | Purchase | 2,900 | 11.8750 | ($34,437.50) | ($34,437.50) | - | ($34,437.50) |
| 05/09/2018 | Sale | (4,000) | 13.1250 | $52,500.00 | $52,500.00 | - | $52,500.00 |
| 05/14/2018 | Purchase | 1,000 | 12.8750 | ($12,875.00) | ($12,875.00) | ($12,875.00) | ($12,875.00) |
| 05/15/2018 | Purchase | 1,000 | 12.5750 | ($12,575.00) | ($12,575.00) | ($12,575.00) | ($12,575.00) |
| 05/23/2018 | Purchase | 2,300 | 11.8750 | ($27,312.50) | ($27,312.50) | ($27,312.50) | ($27,312.50) |
| 05/23/2018 | Purchase | 1,000 | 11.7331 | ($11,733.10) | ($11,733.10) | ($11,733.10) | ($11,733.10) |
| 07/26/2018 | Purchase | 3,200 | 11.0512 | ($35,363.84) | ($35,363.84) | ($35,363.84) | ($35,363.84) |
| *Class Period Ending Balance* | | *51,700* | | | | | |
| 08/09/2018 | Purchase | 10,900 | 6.0583 | - | - | - | - |
| 08/13/2018 | Sale | (1,000) | 5.6125 | $5,612.50 | - | - | - |
| 08/14/2018 | Sale | (5,700) | 5.5444 | $31,603.33 | - | - | - |

| TRANSACTION DATE | TRANSACTION TYPE | SHARES | PRICE | FIFO | LIFO | DURA LIFO EXCLUDING GAINS | DURA LIFO OFFSETTING GAINS |
|---|---|---|---|---|---|---|---|
| 08/16/2018 | Sale | (22,000) | 5.3500 | $117,700.00 | $95,230.00 | $95,230.00 | $95,230.00 |
| 09/14/2018 | Purchase | 1,000 | 4.9358 | - | - | - | - |
| 09/17/2018 | Purchase | 1,000 | 4.9238 | - | - | - | - |
| *End of 90-Day Lookback Period Balance* | | *35,900* | | $104,953.02 | $154,691.62 | $154,691.62 | $154,691.62 |
| **TOTAL LOSSES** | | | | **($777,462.33)** | **($787,409.56)** | **($787,307.12)** | **($779,528.44)** |

*Post Class Sales are priced at the greater of the Actual Sales Price and the Average of Post Class Closing Prices up to the Sales Date*