# WEAVER DECLARATION EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEWEL WIGGINTON, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>         v.<br><br>ADVANCE AUTO PARTS, INC., THOMAS R. GRECO and THOMAS OKRAY,<br><br>                   Defendants. | Civil Action No. 1:18-cv-00212-GMS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL**

00539653

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     FACTUAL BACKGROUND.........................................................................2

III.    ARGUMENT ...............................................................................................3

    I.      UPR RETIREMENT SHOULD BE APPOINTED LEAD PLAINTIFF ................3

        A.  The Exchange Act Provides That A Lead Plaintiff Be Appointed For Claims Brought As A Class Action.................................................................4

        B.  UPR Retirement's Motion Is Timely...............................................5

        C.  UPR Retirement Has The Largest Financial Interest In The Relief Sought By The Class.................................................................................6

        D.  UPR Retirement Otherwise Satisfies The Requirements of Rule 23.................6

    II.     THE COURT SHOULD APPROVE UPR RETIREMENT'S SELECTION OF LEAD COUNSEL ........................................................................................9

IV.    CONCLUSION............................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*,
    No. 07-10528 (RWS), Dkt. No. 15 (S.D.N.Y. Aug. 11, 2008)............................................9

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines Inc.*,
    2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009)....................................................6, 7

*De La Fuente v. Stokely-Van Camp, Inc.*,
    713 F.2d 225, 232 (7th Cir. 1983) ...................................................................................7

*In re Cendant Corp. Litg.*,
    264 F.3d 201 (3d Cir. 2001)...............................................................................................6

*In re Herley Indus. Secs. Litig.*,
    2009 U.S. Dist. LEXIS 91600n(E.D. Pa. Sep. 30, 2009) ....................................................8

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...........................................................................................7

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)...............................................................................................7

*Janovici v. DVI, Inc.*,
    2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003)....................................................8

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) .......................................................4

**Statutes and Rules**

15 U.S.C. § 78u-4(a)(3) ............................................................................................................6

15 U.S.C. § 78u- 4(a)(3)(A)........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) .....................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................................3, 5

15 U.S.C. § 78u-4(a)(3)(B)(i) .....................................................................................................1

15 U.S.C. § 78u- 4(a)(3)(B)(iii) ............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .........................................................................................1

15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(aa) ...................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................5, 9

Fed. R. Civ. P. 23(a) ......................................................................................................... 6-7

Fed. R. Civ. P. 23(a)(4) .........................................................................................................8

The University of Puerto Rico Retirement System ("UPR Retirement") respectfully submits this Memorandum in support of its Motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (i) appointing UPR Retirement as Lead Plaintiff pursuant to the PSLRA; (ii) approving UPR Retirement's selection of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the Class; and (iii) approving the selection of Cooch and Taylor, P.A. to serve as Local Counsel.

## I.    PRELIMINARY STATEMENT

This action was commenced as a securities class action on behalf of all those who purchased shares of Advance Auto Parts, Inc. ("Advance Auto Parts" or the "Company") between November 14, 2016, and August 15, 2017, both dates inclusive (the "Class Period") alleging violations of sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Advance Auto Parts,: Thomas R. Greco ("Greco"), Advance Auto Parts' President and Chief Executive Officer during the Class Period and Thomas Orkay ("Orkay"), Advance Auto Parts' Chief Financial Officer during the Class Period (collectively, the "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This motion is made on the grounds that UPR Retirement is the most adequate Plaintiff, as defined by the PSLRA, because, to the best of its knowledge, its substantial loss of **$193,738.20** constitutes the largest financial

00539653

interest of any moving class member who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Blake Bennett in Support of UPR Retirement's Motion For Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Bennett Decl.") Decl. Exhibit ("Ex.") A.

UPR Retirement has suffered substantial financial losses in connection with its purchases of Advance Auto Parts' securities during the Class Period. *See* Bennett Decl. Ex. A. Furthermore, UPR Retirement adequately satisfies the requirements of Fed. R. Civ. P. Rule 23 in that its claims are typical of the claims of the putative class and in that UPR Retirement will also fairly and adequately represent the interests of the class. In addition, UPR Retirement has selected a law firm with substantial experience in prosecuting securities class actions to serve as lead counsel for the class.

## II.      FACTUAL BACKGROUND

Advance Auto Parts, with a principle place of business in Roanoke, Virginia, is an automotive aftermarket parts provider in North America. ¶12.[1] The Company serves professional installers, independently-owned operators, and "do-it-yourself" retail customers. ¶20. In early 2014, Advance Auto acquired General Parts International, Inc. ("General Parts"), a privately held distributor that operated under the Carquest and Worldpac brands. ¶21. The Company claimed that the acquisition would allow Advance Auto Parts to embark on a "multi-year integration plan," whereby Carquest would be consolidated in Advance Auto Parts' stores. ¶21. Advance Auto Parts noted similar integration plans for Worldpac, which was the "leading importer and distributor of

---

[1] All "¶" references are to the complaint filed in *Wigginton v. Advance Auto Parts, Inc., et al.*, Docket No. 1:18-cv-00212-GMS, ECF No. 1 (D. Del. Feb. 6, 2018) (the "*Wigginton* Action").

original equipment and quality aftermarket replacement automotive parts to import specialists in North America." *Id*.

The Defendants, however, failed to disclose that: (i) integration issues surrounding the Company's Carquest acquisition resulted in systemic inefficiencies and the cannibalization of sales; (ii) increased competition was negatively impacting sales; and (iii) as a result, Defendants' statements about Advance Auto Parts' business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶32.

The truth began to be revealed on May 24, 2017, when the Company issued a press release to report its first quarter fiscal 2017 financial and operational results, and participated in conference calls with analysts on the same day. ¶¶33-37. Following this partial disclosure, the price of shares of Advance Auto's stock fell $7.64 per share, over 5.4%, to close on May 24, 2017 at $133.02 per share. On August 15, 2017, the truth was fully and finally revealed when the Defendants filed quarterly results for its second quarter of fiscal 2017, reporting in a press release Advance Auto Parts' earnings per share ("EPS"), and participated in an earnings call. ¶¶40-44. The Company revealed that its costs were increasing as inventory was being reduced and it needed to revise its projections downward. ¶¶40-44.  On this news, the price of shares of Advance Auto Parts' stock fell an additional $22.24 per share, or over 20.3% to close on August 15, 2017, at $87.08 per share. ¶45.

### III.    **ARGUMENT**

### I.    **UPR RETIREMENT SHOULD BE APPOINTED LEAD PLAINTIFF**

UPR Retirement respectfully submits that it should be appointed Lead Plaintiff in this action, as the movant "most capable of adequately representing the interests of class members."

15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,* 2014 U.S. Dist. LEXIS 49595, at *7-8 (E.D. Pa. Apr. 9, 2014).

### A. The Exchange Act Provides That A Lead Plaintiff Be Appointed For Claims Brought As A Class Action

On December 22, 1995, Congress amended the Exchange Act by enacting the PSLRA. Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as Lead Plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

> (aa)   has either filed the complaint or made a motion in the response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

00539653                                4

> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or
>
> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

**B.  UPR Retirement's Motion Is Timely**

The Court's selection of the Lead Plaintiff is limited to those members of the Class who filed a complaint or filed a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Such a motion must be filed within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A).

Here, UPR Retirement has timely filed this Motion. On February 6, 2018, a notice was published on *Business Wire* announcing the filing of a class action lawsuit in the U.S. District Court for the District of Delaware on behalf of purchasers of Advance Auto securities.  The notice advised members of the purported class of the pendency of the action, the claims asserted, the purported Class Period and that anyone who wished to serve as Lead Plaintiff needed to make a

00539653

5

motion to the Court no later than 60 days from the date of the notice. *See* Bennett Decl. Ex. B.

With the filing of this Motion, UPR Retirement has satisfied the statutory deadline.

## C.  UPR Retirement Has The Largest Financial Interest In The Relief Sought By The Class

UPR Retirement should be appointed Lead Plaintiff because it incurred significant losses

of **$193,738.20** under either a last-in first-out ("LIFO") or first-in first-out ("FIFO") methodology,

during the Class Period, and is believed to have the largest financial interest in the relief sought by

the Class. 15 U.S.C. § 78u- 4(a)(3)(B)(iii); *see also City of Roseville Emps.' Ret. Sys. v. Horizon*

*Lines Inc.*, 2009 U.S. Dist. LEXIS 62572, at *4 (D. Del. June 18, 2009) (citing *In re Cendant*, 264

F.3d at 264); *see also* Bennett Decl. Ex. A.  Accordingly, UPR Retirement is presumed to be the

most adequate Lead Plaintiff and should therefore be appointed Lead Plaintiff.  *See* 15 U.S.C. §

78u-4(a)(3).

## D.  UPR Retirement Otherwise Satisfies The Requirements Of Rule 23

The Lead Plaintiff must also otherwise satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party

may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

00539653

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Horizon Lines*, 2009 U.S. Dist. LEXIS 62572, at *5 ("Our inquiry here 'need not be extensive,' and 'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'"). As detailed below, UPR Retirement satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality can be established by showing that the proposed class representative's individual circumstances and legal theories upon which the claims are based are not markedly different from those of other class members. *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) ("[T]ypicality [] does not require that all putative class members share identical claims.") (citing *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531-32 (3d Cir. 2004)). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (typicality satisfied despite factual distinctions between claims of named plaintiffs and class members).

UPR Retirement satisfies this requirement because, just like all other members of the Class, its claims arise from the very same course of conduct as the claims of the other members of the

00539653

7

Class.  UPR Retirement, as the other members of the class, purchased Advance Auto securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and were damaged thereby.  Thus, UPR Retirement's claims are typical of those of the other class members because its claims and the claims of other class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of a plaintiff to represent the class to the existence of any conflicts between the interests of the proposed Lead Plaintiff and the members of the Class.  The courts in this District have found that adequacy depends on:  (1) whether the representative party has any conflicts of interest with other class members; and (2) whether the Lead Plaintiff's counsel is qualified, experienced and able to prosecute the action vigorously on behalf of the class.  *In re Herley Indus. Secs. Litig.*, 2009 U.S. Dist. LEXIS 91600, at *41 (E.D. Pa. Sep. 30, 2009).

Here, UPR Retirement has no conflicts with the interests of the class.  It wants to obtain the maximum recovery for the class so as to maximize its pro rata share of that recovery.  UPR Retirement and its counsel have already demonstrated that they will prosecute the claims of the class vigorously by having executed a certification, acted to file this motion and seeking to assert claims on behalf of the class.

In addition, as shown below, the UPR Retirement proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, UPR Retirement satisfies the adequacy requirements of Rule 23.

00539653

8

Accordingly, UPR Retirement satisfies the requirements of Section 21D(a)(3)(B) and is presumptively the most adequate plaintiff. Unless this presumption is rebutted, UPR Retirement must be appointed Lead Plaintiff. *See Janovici v. DVI, Inc.*, 2003 U.S. Dist. LEXIS 22315, at \*14-15 (E.D. Pa. Nov. 25, 2003).

## II.   THE COURT SHOULD APPROVE UPR RETIREMENT'S SELECTION OF LEAD COUNSEL

The Exchange Act provides that the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, UPR Retirement has selected and retained AF&T to serve as Lead Counsel. AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *Accord, e.g.*, *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, No. 07-10528 (RWS), Dkt. No. 15 at 8 (S.D.N.Y. Aug. 11, 2008) (appointing AF&T as lead counsel). Similarly, Cooch and Taylor, P.A. has extensive experience in prosecuting actions of this nature and is well-qualified to serve as local counsel. Firm biographies for proposed lead and local counsel are submitted for the Court's convenience. *See* Bennett Decl. Ex. C, D.

## CONCLUSION

In light of the foregoing, UPR Retirement respectfully requests that the Court: (i) appoint UPR Retirement as Lead Plaintiff; (ii) approve UPR Retirement's selection of the law firm of AF&T to serve as Lead Counsel; (iii) approve UPR Retirement's selection of the law firm of Cooch and Taylor, P.A. as local counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

00539653

9

DATED: April 9, 2018     Respectfully submitted,

           **COOCH AND TAYLOR, P.A.**

           */s/ Blake A. Bennett*

           Blake A. Bennett (#5133)
           The Brandywine Building
           1000 West St., 10th Floor
           Wilmington, Delaware 19801
           (302) 984-3800
           (302) 984-3939 (fax)
           BBennett@coochtaylor.com

           *Local Counsel for the UPR Retirement System*

           **ABRAHAM, FRUCHTER AND TWERSKY, LLP**
           Mitchell M.Z. Twersky (*Pro Hac Vice* forthcoming)
           Atara Hirsch (*Pro Hac Vice* forthcoming)
           Lawrence D. Levit (*Pro Hac Vice* forthcoming)
           Matthew E. Guarnero (*Pro Hac Vice* forthcoming)
           One Penn Plaza, Suite 2805
           New York, New York 10119
           (212) 279-5050
           (212) 279-3655 (fax)
           MTwersky@aftlaw.com
           AHirsch@aftlaw.com
           LLevit@aftlaw.com
           MGuarnero@aftlaw.com

           *Counsel for the UPR Retirement System and Proposed Lead*
           *Counsel for the Class*

00539653

10

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 9, 2018.

/s/Blake A. Bennett
Blake A. Bennett (#5133)

00539653

11