JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ARIEL B. WINAWER (SBN 317821)
awinawer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY M.
LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL SUBMISSION REGARDING DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:     Honorable Edward J. Davila<br>Dept:      4, 5th Floor |

Defendants Twist Bioscience Corporation ("Twist"), Emily M. Leproust, and James M. Thorburn respectfully submit this opposition to Plaintiff's Administrative Motion for Leave to File a Supplemental Submission Regarding Defendants' Motion to Dismiss (ECF No. 95, "Administrative Motion" or "Admin. Mot.").

Although styled as a request to submit a "supplemental submission," Plaintiff's Administrative Motion is in reality a request to file a **sur-reply** in further opposition to Defendants' Motion to Dismiss (ECF No. 86).  Plaintiff's request is based on Defendants' citation to *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699 (N.D. Cal. Feb. 20, 2024) (Gilliam, J.) in their Reply in Support of their Motion to Dismiss (ECF No. 93).  *Berkeley Lights* was decided after Plaintiff filed its Opposition to Defendants' Motion to Dismiss (ECF No. 90) and held—consistent with the Ninth Circuit authorities and argument advanced in Defendants' Motion to Dismiss—that a self-interested short-seller report by Scorpion Capital LLC that disclaims any accuracy—*i.e.*, a short-seller report just like the one in this case (the "Scorpion Report")—cannot serve as a corrective disclosure for purposes of pleading loss causation under Section 10(b) of the Exchange Act.  According to Plaintiff, the Court's decision to vacate oral argument on Defendants' Motion to Dismiss has deprived Plaintiff of an opportunity to address *Berkeley Lights*, and on that basis, Plaintiff seeks leave to file a sur-reply.

However, by vacating oral argument pursuant to its discretion and Civ. L.R. 7-1(b), the Court—with knowledge of Defendants' citation to *Berkeley Lights* in their Reply—already determined that Defendants' Motion to Dismiss is suitable for disposition without further argument. If the Court desired to hear additional argument about *Berkeley Lights*, or any other argument for that matter, it could have left the hearing on Defendants' Motion to Dismiss on calendar.  Plaintiff is now trying to obtain the benefit of an improper sur-reply and circumvent the Court's decision to take the matter under submission without further argument.  Moreover, *Berkeley Lights* does not represent a change in the law that Plaintiff has not had an opportunity to address.  It is a district court decision that applied **existing** Ninth Circuit precedent in the **same way** that Defendants applied that precedent in their Motion to Dismiss to argue that the Scorpion Report cannot serve as a corrective disclosure.  And Plaintiff has **already** had an opportunity to address that argument and

tried to distinguish the Ninth Circuit precedent on which *Berkeley Lights* relied in its Opposition.

As the Court knows, sur-replies are not permitted by the Local Rules of this Court, *see* Civ. L.R. 7-3(d), and "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter," *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (citations omitted).  "Accordingly, courts will not allow surreplies except 'in the most extraordinary circumstances.'" *Id.*  No extraordinary circumstances are present here, and Plaintiff has not shown good cause to be given permission to file a sur-reply.

Indeed, "[a] surreply is improper—and a court should not grant leave to file one—when [as here] a reply neither presents new arguments nor new evidence." *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022) (citation omitted); *see also Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (Davila, J.) (denying plaintiff's administrative motion for leave to file sur-reply where defendants raised no new argument or evidence); *Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) (same).  *Berkeley Lights* is neither "new evidence" nor a "new argument."  It is an on-point decision by another judge of this District that applied existing Ninth Circuit precedent—*In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020) and *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022)—that was previously cited in Defendants' Motion to Dismiss and addressed in Plaintiff's Opposition.  Neither case that Plaintiff cites in its Administrative Motion stands for the proposition that a sur-reply is proper to address a new district court decision that applied existing circuit precedent that had previously been cited in the moving party's opening brief and addressed in the non-moving party's opposition brief.  *See* Admin. Mot. at 1 (citing *TI Payments LLC v. New U Life Corp.*, 2022 WL 195111, at *1-2 (D. Nev. Jan. 21, 2022) and *Liberty Corp. Cap. Ltd. v. Steigleman*, 2020 WL 2097776, at *1-2 n.1 (D. Ariz. May 1, 2020)).

Defendants cited *Berkeley Lights* in their Reply to (i) support an argument that they had already made in their Motion to Dismiss (that under the Ninth Circuit's decisions in *Nektar* and *BofI*, the Scorpion Report cannot serve as a corrective disclosure for purposes of pleading loss causation), *see* ECF No. 86 at 8-9; and (ii) respond to Plaintiff's opposition arguments that *Nektar* and *BofI* were not controlling and did not support Defendants' position, *see* ECF No. 93 at 1-4.

DEFENDANTS' OPPOSITION TO
ADMINISTRATIVE MOTION FOR LEAVE,
5:22-cv-08168-EJD

Simply put, Defendants' citation to *Berkeley Lights* in their Reply did not raise new legal issues or new arguments that justifies a sur-reply. *See, e.g.*, *Synopsys, Inc. v. Siemens Industry Software, Inc.*, 2021 WL 1238039, at *1 n.1-2 (N.D. Cal. April 2, 2021) (denying sur-reply where "new arguments and cases" cited in reply were in direct response to arguments raised in opposition); *Viasat, Inc. v. Acacia Commc'ns, Inc.*, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018) (denying sur-reply and explaining "[i]n the Court's view, Acacia's reply simply responds to the arguments ViaSat raises in its opposition"); *Reyes v. Fed. Express Corp.*, 2023 WL 4183473, at *6 (N.D. Cal. June 23, 2023) (denying sur-reply in part due to FedEx's attempt to use the sur-reply to distinguish cases cited in Reyes's reply brief); *Cooper v. Curallux LLC*, 2020 WL 4051466, at *1 n.1 (N.D. Cal. July 20, 2020) (refusing to consider arguments raised in sur-reply that did not address any "new issues" and only sought to "get in the last word on cases cited by defendant").

At bottom, Plaintiff's request "is merely an attempt to have the last word," which is "precisely why Courts so thoroughly disfavor requests to file sur-replies." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). Moreover, and in any event, Plaintiff's proposed sur-reply would not change the loss causation analysis or save Plaintiff's Section 10(b) claim from dismissal. Plaintiff's proposed sur-reply argues that this case is distinguishable from *Berkeley Lights* because here: (1) investors purportedly reacted to the "new information" that the Scorpion Report provided to the market that was not yet reflected in the company's stock price, *see* ECF No. 95-2 at 1-2, and (2) Plaintiff's Amended Complaint includes allegations from six purported former employees (or "FEs") of Twist that supposedly corroborate the Scorpion Report's scurrilous accusations, *id.* at 3. Plaintiff is wrong on both counts.

Plaintiff's first point does not distinguish this case from *Berkeley Lights*, and it is an argument that Plaintiff has already advanced in its Opposition to Defendants' Motion to Dismiss. In *Berkeley Lights*, as in this case, the company's stock price declined after Scorpion Capital issued a short-seller report attacking the company's business. *See Berkeley Lights*, 2024 WL 695699, at *2. Moreover, like the Scorpion Report in this case, the Scorpion Report in *Berkeley Lights* "was based on," among other things, "interviews with former employees" and "industry" experts and purported to provide "new information" to the market. *Id.* at *2, *17. Nevertheless, Judge Gilliam

DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE,
5:22-cv-08168-EJD

held that the Scorpion Report could not serve as a corrective disclosure "***even if*** the Scorpion Report 'provide[d] new information to the market[.]'" *Id.* at *17 (emphasis added) (citations omitted). This is because under "*BofI* and *Nektar*, the '***character***' of the Scorpion Report—produced by a 'self-interested' short-seller 'who disavowed any accuracy'—renders it inadequate to amount to a corrective disclosure." *Id.* (emphasis added) (citing *Nektar*, 34 F.4th at 840; *BofI*, 977 F.3d at 797).

Plaintiff's second point likewise does not distinguish this case from *Berkeley Lights*. Plaintiff's FE allegations—which, contrary to Plaintiff's assertion, do not corroborate the Scorpion Report's baseless accusations—have no bearing on the loss causation analysis. Consistent with the Ninth Circuit's loss causation analyses in *Nektar* and *BofI*, Judge Gilliam's loss causation analysis in *Berkeley Lights* focused exclusively on "the character" of the Scorpion Report—the presence or absence of corroborating allegations did not in ***any*** way factor into his holding that, under *Nektar* and *BofI*, the Scorpion Report could not serve as a corrective disclosure. Again, under "*BofI* and *Nektar*, [it is] the 'character' of the Scorpion Report—produced by a 'self-interested' short-seller 'who disavowed any accuracy'—[that] renders it inadequate to amount to a corrective disclosure." *Id.* (citing *Nektar*, 34 F.4th at 840; *BofI*, 977 F.3d at 797).

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Administrative Motion.

Dated:  April 23, 2024

JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT
ARIEL B. WINAWER
Orrick, Herrington & Sutcliffe LLP


By: */s/ James N. Kramer*
JAMES N. KRAMER
Attorneys for Defendants

DEFENDANTS' OPPOSITION TO
ADMINISTRATIVE MOTION FOR LEAVE,
5:22-CV-08168-EJD