JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ARIEL B. WINAWER (SBN 317821)
awinawer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY M.
LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 22-cv-08168-EKL<br><br>**STATEMENT OF RECENT DECISION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:     Honorable Eumi K. Lee<br>Dept:      Courtroom 7, 4th Floor |

Defendants Twist Bioscience Corporation, Emily M. Leproust, and James M. Thorburn respectfully bring to the Court's attention the recent published opinion of the U.S. Court of Appeals for the Fourth Circuit, *Defeo v. IonQ, Inc.*, --- F.4th ----, 2025 WL 1035292 (4th Cir. Apr. 8, 2025), which is attached hereto as Exhibit A. *Defeo* is highly relevant to Defendants' argument in support of their motion to dismiss that Plaintiff's Section 10(b) claim fails as a matter of law because Plaintiff attempts to plead loss causation based solely on the self-interested short-seller report issued by Scorpion Capital ("Scorpion Report"). *See* ECF No. 86 at 8-9; ECF No. 93 at 1-4.

As in this case, the plaintiffs in *Defeo* relied on a self-interested short-seller report issued by Scorpion Capital to plead loss causation. The Fourth Circuit affirmed the district court's dismissal of the complaint, relying on *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022) and *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020) in doing so. After examining *Nektar* and *BofI*, the Fourth Circuit found "the Ninth Circuit's jurisprudence persuasive," *Defeo*, 2025 WL 1035292, at *6, and consistent with those decisions, held that the Scorpion Report could not serve as a corrective disclosure for purposes of pleading loss causation because, like the Scorpion Report in this case, "the self-interested [Scorpion] Report [in *Defeo*] relies on anonymous sources for its nonpublic information and disclaims its accuracy," and "admits some quotations 'may be paraphrased, truncated, and/or summarized solely at our discretion, and do not always represent a precise transcript of [] conversations [with anonymous sources],'" *id.* at *7. The Fourth Circuit agreed with the Ninth Circuit that "when a short seller makes the kinds of disclaimers the [Scorpion] Report does here, its potential evidentiary value evaporates." *Id.*

Dated:  April 11, 2025

JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT
ARIEL B. WINAWER
Orrick, Herrington & Sutcliffe LLP


By*:  /s/ James N. Kramer*
JAMES N. KRAMER
Attorneys for Defendants

- 1 -

STATEMENT OF RECENT DECISION,
CASE NO. 22-CV-08168-EKL