JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ARIEL B. WINAWER (SBN 317821)
awinawer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY M.
LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168-EKL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:    Honorable Eumi K. Lee<br>Dept:      7, 4th Floor |

Defendants Twist Bioscience Corporation ("Twist" or the "Company"), Emily M. Leproust, and James M. Thorburn (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to Plaintiff's Amended Class Action Complaint (the "Amended Complaint"). Pursuant to the Court's September 3, 2025 Order in this matter, certain allegations and claims asserted in the Amended Complaint were dismissed, including but not limited to those related to Twist's February 2022 Offering and Twist's purported error rates and turnaround times. *See* ECF No. 117 at 16-17, 30-31. Accordingly, certain portions of the Amended Complaint do not require a response.

## INTRODUCTORY STATEMENT

Plaintiff's claims are without merit. Discovery will show that no Defendant made a materially false or misleading statement, let alone acted with extreme recklessness or an intent to defraud investors. And despite Plaintiff's false allegations of accounting fraud, every Twist financial statement earned a clean, unqualified audit opinion, with no restatements or regulatory actions, because the numbers are accurate.

Plaintiff's claims also fail because Plaintiff cannot establish loss causation. Plaintiff's alleged "revelation of the truth" comes from the Scorpion Report, a completely fictitious short-seller report published solely to drive down Twist's stock price so that Scorpion Capital could profit. Federal courts have repeatedly held that short-seller reports like the Scorpion Report—which explicitly disclaim any accuracy and are based on anonymous sources—cannot be used to establish loss causation as a matter of law, and the evidence will prove that the Scorpion Report was a pack of lies. Accordingly, Defendants welcome the opportunity to respond to the merits of Plaintiff's spurious claims through this litigation.

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Except as specifically admitted, Defendants deny the allegations in the Amended Complaint, including without limitation the Table of Contents, Glossary of Terms, headings, subheadings, and footnotes contained within the Amended Complaint.

The preamble to the Amended Complaint consists of Plaintiff's characterizations of the

- 1 -

Amended Complaint, and as such, requires no response. To the extent a response is required, Defendants deny the allegations in the preamble.

1. Defendants admit that Paragraph 1 purports to describe Plaintiff's claims. Defendants admit that Twist's share price closed at $38.00 on November 14, 2022 and at $30.43 on November 15, 2022. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that Twist is a biotechnology company founded by Dr. Leproust in 2013. Defendants admit that Paragraph 2 purports to describe a lawsuit that Agilent Technologies filed against Twist and Dr. Leproust, among others, on February 3, 2016, captioned *Agilent Technologies, Inc. v. Twist Bioscience Corp., Emily Leproust, et al.*, No. 16-cv-291173, in the Super Court of California, Santa Clara County, which speaks for itself. On February 6, 2020, the parties agreed to the terms of a settlement agreement resolving all claims and containing no admission of liability or wrongdoing. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that synthetic DNA and NGS tools are two of Twist's product offerings, and that they accounted for a portion of the Company's revenues during the putative Class Period. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and 2021 and a statement attributed to Dr. Leproust at the March 12, 2019 Cowen Health Care Conference, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 4.

5. Paragraph 5 relies on allegations attributed to anonymous former employees ("FEs") whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether they provided information to Plaintiff; what information they provided to Plaintiff; to or with whom they spoke or what they talked about while allegedly at Twist; or what information they observed or viewed while at Twist as alleged in Paragraph 5, and on that basis, deny the allegations in Paragraph 5.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

6.    Defendants deny the allegations in Paragraph 6.

7.    Paragraph 7 relies on allegations attributed to anonymous FEs whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether they provided information to Plaintiff; what information they provided to Plaintiff; to or with whom they spoke or what they talked about while allegedly at Twist; or what they observed or viewed while allegedly at Twist as alleged in Paragraph 7, and on that basis, deny the allegations attributed to FEs in Paragraph 7. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Mr. Thorburn at the December 5, 2019 ISI Healthcare Conference, which speaks for itself. Defendants admit that Paragraph 7 purports to set forth Plaintiff's understanding of gross margin. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 7.

8.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and a statement attributed to Dr. Leproust at the March 12, 2019, Cowen Health Care Conference, which speak for themselves. To the extent Paragraph 8 contains allegations related to Twist's purported error rates, those allegations have been dismissed from the case and no response to those allegations is therefore required. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 8.

9.    To the extent Paragraph 9 contains allegations related to Twist's purported error rates and Defendants' stock transactions, those allegations have been dismissed from the case and no response to those allegations is therefore required. Paragraph 9 relies on allegations attributed to anonymous FEs whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether they provided information to Plaintiff; what information they provided to Plaintiff; to or with whom they spoke or what they talked about while allegedly at Twist; or what they observed or viewed while allegedly at Twist as alleged in Paragraph 9, and on that basis, deny the allegations in Paragraph 9.

10.    Defendants admit that Twist conducted an initial public offering ("IPO") and five subsequent offerings from 2018 to February 2022. Defendants admit that Paragraph 10 purports to

state the proceeds of Twist's IPO and subsequent offerings. Defendants admit that Twist filed a Prospectus pursuant to Rule 424(b)(4) and Form 8-K, which disclosed these offerings and speak for themselves. Defendants admit that Twist's stock price reached a high of over $207 per share during the putative Class Period. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 10.

11. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at SynBioBeta's Built with Biology Global Conference in April 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Paragraph 12 purports to describe a report released by short-seller Scorpion Capital on November 15, 2022 regarding Twist. Defendants admit that Twist's stock price closed at $38.00 per share on November 14, 2022, $30.43 per share on November 15, 2022, and $28.29 per share on November 16, 2022. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to plead jurisdiction pursuant to Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v(a), Section 27 of the Exchange Act of 1934, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to plead venue pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b), and that Twist is headquartered at 681 Gateway Blvd, South San Francisco, CA 94080. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

of the allegations in Paragraph 16 regarding Plaintiff's establishment, management, or purchase or acquisition of Twist stock, and, on that basis, deny them. To the extent Paragraph 16 contains allegations related to Twist's February 2022 Offering, those allegations have been dismissed from the case and no response to those allegations is therefore required. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 16.

17.    Defendants admit that Twist is a Delaware corporation with principal executive offices located at 681 Gateway Blvd., South San Francisco, CA 94080. Defendants admit that the Company's common stock trades on NASDAQ under the ticker symbol "TWST." Defendants admit that Twist issued common stock pursuant to multiple offerings, including in December 2020, and that Twist disclosed those offerings in a Prospectus pursuant to Rule 424(b)(4) and Forms 8-K, which speak for themselves. Paragraph 17 asserts legal conclusions regarding the traceability of Twist common stock issuances to its various offerings as to which no response is required. To the extent a response is required, Defendants deny those allegations. To the extent Paragraph 17 contains allegations related to Twist's February 2022 Offering, those allegations have been dismissed from the case and no response to those allegations is therefore required. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 17.

18.    Defendants admit that Dr. Leproust is one of Twist's co-founders, has served as Twist's CEO and a member of Twist's Board of Directors since April 2013, as Twist's President from April 2013 to October 2022, and as Board Chair since October 2018. Paragraph 18 asserts legal conclusions regarding Dr. Leproust's alleged liability under the federal securities laws as to which no response is required. To the extent a response is required, Defendants deny those allegations. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 18.

19.    Defendants admit that Mr. Thorburn served as Twist's Chief Financial Officer from April 2018 to August 2023. Defendants admit that Mr. Thorburn and Twist entered into a month-to-month employment agreement on October 8, 2024, the details of which are set forth in Twist's Schedule 14A Proxy Statement, filed January 6, 2025 which speaks for itself. Paragraph 19 asserts legal conclusions regarding Mr. Thorburn's alleged liability under the federal securities laws as to

which no response is required. To the extent a response is required, Defendants deny those allegations. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that Paragraph 20 purports to set forth Plaintiff's understanding of Twist's business. Defendants admit that Twist was founded in 2013 and has recognized revenue from (1) synthetic DNA; (2) NGS tools; (3) DNA and biopharma libraries; and (4) antibody discovery services. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 20.

21.     Defendants admit that synthetic DNA and NGS tools accounted for a portion of the Company's revenues during the putative Class Period. Defendants admit that the remaining allegations in Paragraph 21 purport to set forth Plaintiff's understanding of Twist's product offerings.

22.     Defendants admit that Paragraph 22 purports to set forth Plaintiff's understanding of Twist's product offerings.

23.     Defendants admit that Twist began offering NGS tools in February 2018 and that Twist sold NGS tools including DNA panels, probes, and NGS kits during the putative Class Period. Defendants admit that the remaining allegations in Paragraph 23 purport to set forth Plaintiff's understanding of Twist's product offerings.

24.     Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, 2021, and 2022, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that Plaintiff references and selectively quotes from Twist's Q2 2022 Earnings Call on May 5, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 25.

26.     Defendants admit that Plaintiff references and selectively quotes from statements made on Twist's Q1 2019 Earnings Call on February 7, 2019, its Q4 2019 Earnings Call on December 11, 2019, the December 5, 2019 ISI Healthcare Conference, the January 15, 2020 JP Morgan Healthcare Conference, and the June 2, 2020 Jeffries Virtual Global Healthcare

- 6 -

Conference, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 26.

27. Defendants admit that Plaintiff references and selectively quotes from an October 18, 2019 and a February 6, 2020 report from Cowen, and a May 31, 2019 report from Evercore, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 27.

28. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019, 2020, and 2021 and a statement attributed to Dr. Leproust at the March 12, 2019 Cowen Health Care Conference, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 28.

29. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019 and 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 29.

30. Defendants admit that Plaintiff references and selectively quotes from Twist's Form 10-K for 2019, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 30.

31. Defendants admit that Plaintiff references and selectively quotes from an August 8, 2022 report from William Blair, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31.

32. Defendants admit that Paragraph 32 purports to state the proceeds of Twist's IPO and subsequent offerings. Defendants admit that Twist filed a Prospectus pursuant to Rule 424(b)(4) and Forms 8-K, which disclosed these offerings and speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 32.

33. Defendants admit that Twist completed an IPO on November 2, 2018. Defendants admit that Paragraph 33 purports to state the proceeds of Twist's IPO before deducting underwriting discounts and commissions and offering expenses, the number and price of the Twist shares offered in the IPO, and the exercise of an option by the underwriters to purchase additional Twist shares. Defendants admit that Twist filed a Prospectus pursuant to Rule 424(b)(4) on November 1, 2018,

which pertained to its IPO and speaks for itself.

34. Defendants admit that Twist's registration statement was declared effective by the SEC and its common stock began trading on NASDAQ on October 31, 2018. Defendants admit that Twist's stock price reached $14.25 per share on October 31, 2018. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 34.

35. Defendants admit that Twist completed an underwritten public offering on January 27, 2020 and that Paragraph 35 purports to state the proceeds of that offering, and the number and price of shares offered. Defendants admit that Twist disclosed the completion of an underwritten public offering in a January 27, 2020 Form 8-K, which speaks for itself.

36. Defendants admit that Twist completed an underwritten public offering on February 19, 2020 and that Paragraph 36 purports to state the proceeds of that offering before deducting underwriting discounts and commissions and offering expenses, the number and price of shares offered, and the exercise of an option by the underwriters to purchase additional Twist shares. Defendants admit that Twist disclosed its completion of an underwritten public offering in a February 19, 2020 Form 8-K, which speaks for itself.

37. Defendants admit that Twist completed an underwritten public offering on June 3, 2020 and that Paragraph 37 purports to state the proceeds of that offering before deducting underwriting discounts and commissions and offering expenses, the number and price of shares offered, and the exercise of an option by the underwriters to purchase additional Twist shares. Defendants admit that Twist disclosed its completion of an underwritten public offering in a June 3, 2020 Form 8-K, which speaks for itself.

38. Defendants admit that Twist completed an underwritten public offering on December 2, 2020 and that Paragraph 38 purports to state the proceeds of that offering before deducting underwriting discounts and commissions and offering expenses, the number and price of shares offered, and the exercise of an option by the underwriters to purchase additional Twist shares. Defendants admit that Twist disclosed its completion of an underwritten public offering in a December 2, 2020 Form 8-K, which speaks for itself.

39. Paragraph 39 consists entirely of allegations that have been dismissed from the case

and as to which no response is required.

40.     Paragraph 40 contains no substantive allegations and does not require a response. To the extent a response is required, Defendants admit that Paragraph 40 purports to summarize the funds raised in Twist's offerings.

41.     Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Paragraph 42 purports to set forth Plaintiff's understanding of the federal securities laws and GAAP. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 42.

43.     Defendants admit that Paragraph 43 purports to set forth Plaintiff's understanding of GAAP.

44.     Defendants admit that Paragraph 44 purports to set forth Plaintiff's understanding of gross margin.

45.     Defendants admit that Paragraph 45 purports to set forth Plaintiff's understanding of ASC 330.

46.     Defendants admit that Paragraph 46 purports to set forth Plaintiff's understanding of cost of revenues.

47.     Defendants admit that Plaintiff references and selectively quotes from Twist's 2022 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 47.

48.     Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 48.

49.     Defendants admit that Plaintiff purports to reference and selectively quote from accounting definitions used by Ernst & Young and PricewaterhouseCoopers ("PwC"), which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 49.

50.     Defendants admit that Paragraph 50 purports to set forth Plaintiff's understanding

of gross margin. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 50.

51. Defendants admit that Plaintiff references and selectively quotes from ASC 730, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 51.

52. Defendants admit that Plaintiff references and selectively quotes from Twist's 2022 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 52.

53. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 53.

54. Defendants admit that Plaintiff references and selectively quotes from ASC 730, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 54.

55. Defendants admit that Plaintiff purports to reference and selectively quotes from accounting definitions used by Ernst & Young and PwC, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 contains no substantive allegations and does not require a response. To the extent a response is required, Defendants admit that Paragraph 56 purports to provide an overview of a section of the Amended Complaint.

57. Paragraph 57 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; FE-1's alleged dates of employment at Twist; FE-1's roles, responsibilities or job function while allegedly at Twist; or to or with whom FE-1 worked or reported while allegedly at Twist, and on that basis, deny the allegations in Paragraph 57.

58. Paragraph 58 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form

a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 58, and on that basis, deny the allegations in Paragraph 58.

59.    Paragraph 59 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 59, and on that basis, deny the allegations in Paragraph 59.

60.    Paragraph 60 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 60, and on that basis, deny the allegations in Paragraph 60.

61.    Paragraph 61 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; FE-1's roles, responsibilities or job function while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 61, and on that basis, deny the allegations in Paragraph 61. To the extent Paragraph 61 contains allegations related to Twist's purported error rates, those allegations have been dismissed from the case and no response to those allegations is therefore required.

62.    Paragraph 62 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information

FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; FE-1's roles, responsibilities or job function while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 62, and on that basis, deny the allegations in Paragraph 62.

63.     Paragraph 63 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 63, and on that basis, deny the allegations in Paragraph 63.

64.     Paragraph 64 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; FE-2's alleged dates of employment at Twist; FE-2's roles, responsibilities or job function while allegedly at Twist; or to or with whom FE-2 worked or reported while allegedly at Twist, and on that basis, deny the allegations in Paragraph 64.

65.     Paragraph 65 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 65, and on that basis, deny the allegations in Paragraph 65.

66.     Paragraph 66 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; FE-2's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-2 worked or reported; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 66, and on that basis, deny the allegations in Paragraph 66.

67.     Paragraph 67 relies on allegations attributed to FE-2, whose existence and

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 67, and on that basis, deny the allegations in Paragraph 67.

68.    Paragraph 68 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; FE-2's responsibilities or job function while allegedly at Twist; to or with whom FE-2 worked or reported while allegedly at Twist; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 68, and on that basis, deny the allegations in Paragraph 68.

69.    Paragraph 69 consists entirely of allegations related to Twist's purported error rates that have been dismissed from the case and as to which no response is therefore required.

70.    Paragraph 70 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; FE-2's responsibilities or job function while allegedly at Twist; to or with whom FE-2 worked or reported while allegedly at Twist; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 70, and on that basis, deny the allegations in Paragraph 70.

71.    Paragraph 71 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; or what information FE-2 observed or viewed while at Twist as alleged in Paragraph 71, and on that basis, deny the allegations in Paragraph 71.

72.    Paragraph 72 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; or what information FE-2 observed or viewed while at Twist as alleged in Paragraph 72, and on that basis, deny the allegations in Paragraph 72. To the extent Paragraph

72 contains allegations related to Twist's purported error rates, those allegations have been dismissed from the case and no response to those allegations is therefore required.

73.    Paragraph 73 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; FE-3's alleged dates of employment at Twist; FE-3's roles, responsibilities or job function while allegedly at Twist; or to or with whom FE-3 worked or reported while allegedly at Twist, and on that basis, deny the allegations in Paragraph 73.

74.    Paragraph 74 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; FE-3's roles, responsibilities or job function while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 74, and on that basis deny the allegations in Paragraph 74.

75.    Paragraph 75 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; FE-3's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-3 spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 75, and on that basis, deny the allegations in Paragraph 75.

76.    Paragraph 76 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; to or with whom FE-3 spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 76, and on that basis, deny the allegations in Paragraph 76.

77.    Paragraph 77 relies on allegations attributed to FE-3, whose existence and

- 14 -

credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; FE-3's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-3 spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 77, and on that basis, deny the allegations in Paragraph 77.

78.    Paragraph 78 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; to or with whom FE-3 worked or spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 78. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.

79.    Paragraph 79 relies on allegations attributed to FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to FE-3 exists; whether FE-3 provided information to Plaintiff; what information FE-3 provided to Plaintiff; FE-3's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-3 spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 79, and on that basis, deny the allegations in Paragraph 79.

80.    Paragraph 80 relies on allegations attributed to FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; whether FE-4 provided information to Plaintiff; what information FE-4 provided to Plaintiff; FE-4's alleged dates of employment at Twist; FE-4's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-4 worked or reported while allegedly at Twist; or what FE-4 observed or viewed while at Twist as alleged in Paragraph 80, and on that basis, deny the allegations in Paragraph 80.

81.    To the extent Paragraph 81 contains allegations related to Twist's purported error rates, those allegations have been dismissed from the case and no response is therefore required.

82. Paragraph 82 relies on allegations attributed to FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; whether FE-4 provided information to Plaintiff; what information FE-4 provided to Plaintiff; to or with whom FE-4 worked or spoke or what they talked about while allegedly at Twist; or what FE-4 observed or viewed while at Twist as alleged in Paragraph 79, and on that basis, deny the allegations in Paragraph 82.

83. Paragraph 83 relies on allegations attributed to FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; whether FE-4 provided information to Plaintiff; what information FE-4 provided to Plaintiff; FE-4's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-4 spoke or what they talked about while allegedly at Twist; or what FE-4 observed or viewed while at Twist as alleged in Paragraph 83, and on that basis, deny the allegations in Paragraph 83.

84. Paragraph 84 relies on allegations attributed to FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; to or with whom FE-4 spoke or what they talked about while allegedly at Twist; or what FE- 4 observed or viewed while at Twist as alleged in Paragraph 84, and on that basis, deny the allegations in Paragraph 84.

85. Paragraph 85 relies on allegations attributed to FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; whether FE-4 provided information to Plaintiff; what information FE-4 provided to Plaintiff; or to or with whom FE-4 spoke or what they talked about while allegedly at Twist, and on that basis, deny the allegations in Paragraph 85.

86. Paragraph 86 relies on allegations attributed to FE-5, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-5 exists; whether FE-5 provided information to Plaintiff; what information FE-5 provided to Plaintiff; FE-5's alleged dates of employment at Twist; or FE-5's roles, responsibilities or job function while allegedly at Twist, and on that basis, deny the allegations in

Paragraph 86.

87.    The allegations in Paragraph 87 consist entirely of allegations related to Twist's purported turnaround times that have been dismissed from the case and as to which no response is therefore required.

88.    Paragraph 88 relies on allegations attributed to FE-5, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-5 exists; whether FE-5 provided information to Plaintiff; FE-5's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-5 spoke or what they talked about while allegedly at Twist; or what FE-5 observed or viewed while at Twist as alleged in Paragraph 88, and on that basis, deny the allegations in Paragraph 88.

89.    Paragraph 89 relies on allegations attributed to FE-6, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-6 exists; whether FE-6 provided information to Plaintiff; what information FE-6 provided to Plaintiff; FE-6's alleged dates of employment at Twist; FE-6's roles, responsibilities or job function while allegedly at Twist; or to or with whom FE-6 worked or reported while allegedly at Twist, and on that basis, deny the allegations in Paragraph 89.

90.    Paragraph 90 relies on allegations attributed to FE-6, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-6 exists; whether FE-6 provided information to Plaintiff; what information FE-6 provided to Plaintiff; FE-6's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-6 spoke or what they talked about while allegedly at Twist; or what FE-6 observed or viewed while at Twist as alleged in Paragraph 90, and on that basis, deny the allegations in Paragraph 90.

91.    Paragraph 91 relies on allegations attributed to FE-6, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-6 exists; to or with whom FE-6 worked, spoke, or what they talked about while allegedly at Twist; or what information FE-6 observed or viewed while at Twist as alleged in Paragraph 91, and on that basis, deny the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 consist entirely of allegations related to Twist's purported turnaround times that have been dismissed from the case and as to which no response is therefore required.

93.    Paragraph 93 relies on allegations attributed to FE-6, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-6 exists or what FE-6 observed or viewed while at Twist as alleged in Paragraph 93, and on that basis, deny the allegations in Paragraph 93.

94.    Paragraph 94 relies on allegations attributed to FE-6, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-6 exists; to or with whom FE-6 worked, spoke, or what they talked about while allegedly at Twist; or what FE-6 observed or viewed while at Twist as alleged in Paragraph 94, and on that basis, deny the allegations in Paragraph 94.

95.    Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's Amended Complaint, as though fully set forth herein. Paragraph 95 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.    Paragraph 96 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Paragraph 96 purports to set forth Plaintiff's control theory of liability. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 96.

97.    Paragraph 97 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Paragraph 97 purports to set forth Plaintiff's control theory of liability. Defendants admit that Dr. Leproust has served as Twist's CEO and a member of its Board since 2013 and that from April 2018 to August 2023 Mr. Thorburn served as Twist's CFO. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 97.

98.    Defendants admit that Plaintiff references Twist's SEC filings and earnings calls during the putative Class Period, which speak for themselves. Except to the extent expressly

admitted, Defendants deny the allegations in Paragraph 98.

99.     Paragraph 99 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Paragraph 96 purports to set forth Plaintiff's claims under the Securities Act of 1933. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 99.

100.     Paragraph 100 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.     Paragraph 101 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.     Paragraph 102 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.     Defendants admit the allegations in Paragraph 103.

104.     Defendants admit that Plaintiff references and selectively quotes from Twist's Form S-3 Registration Statement filed on June 3, 2020 (the "2020 Registration Statement"), which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 104.

105.     Paragraph 105 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Twist's December 2020 Offering was filed pursuant to the 2020 Registration Statement. To the extent Paragraph 105 references the February 2022 Offering, those allegations have been dismissed from the case and therefore no response as to those allegations is required. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 105.

106.     Defendants admit that on December 1 and December 4, 2020 Twist filed preliminary prospectus supplements to the 2020 Registration Statement pursuant to Rule 424(b)(5) ("December 2020 Prospectus Supplements"), which speak for themselves. Paragraph 106 purports to state the proceeds of that offering, which is disclosed in the preliminary prospectus supplements. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 106.

107.     Defendants admit that Plaintiff references and selectively quotes from the December

2020 Prospectus Supplements, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 107.

108. Defendants admit that Twist announced the close of the December 2020 Offering on December 7, 2020. Defendants admit that Paragraph 108 purports to state the proceeds of that offering before deducting underwriting discounts and commissions and offering expenses, the number and price of shares offered, and the exercise of an option by the underwriters to purchase additional Twist shares. Defendants admit that Twist disclosed the underwritten public offering in a December 2, 2020 Form 8-K and a December 7, 2020 press release, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 consists entirely of allegations that have been dismissed from the case and as to which no response is required.

110. Paragraph 110 consists entirely of allegations that have been dismissed from the case and as to which no response is required.

111. Paragraph 111 consists entirely of allegations that have been dismissed from the case and as to which no response is required.

112. Paragraph 112 consists entirely of allegations that have been dismissed from the case and as to which no response is required.

113. Defendants admit that Plaintiff references certain of Twist's financial metrics as disclosed in its Forms 10-K for 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Plaintiff references and selectively quotes from Twist's 2020 Registration Statement, which speaks for itself. Defendants admit that Plaintiff references certain of Twist's financial metrics as disclosed in Twist's Q4 2019 Earnings Press Release filed on its Forms 8-K and 10-Qs for 2020 and 2021. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly

admitted, Defendants deny the allegations in Paragraph 116.

117.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019 and 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 117.

118.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019 and 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 118.

119.    Defendants admit that Plaintiff references and selectively quotes from Twist's 2019 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 119.

120.    Defendants admit that Plaintiff references and selectively quotes from Twist's 2019 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 120.

121.    Defendants admit that Plaintiff references and selectively quotes from Twist's 2019 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that this Paragraph purports to set forth Plaintiff's proposed class definition. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 123.

124.    Paragraph 124 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that this Paragraph purports to further set forth Plaintiff's proposed class definition. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 124.

125.    Paragraph 125 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the putative class and number and ownership of Twist

shares, and on that basis, deny the allegations in Paragraph 125.

126.    Paragraph 126 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    Paragraph 127 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    Paragraph 128 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    Paragraph 129 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis, deny them.

130.    Paragraph 130 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131.    Paragraph 131 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that Plaintiff references certain of Twist's financial metrics as disclosed in its Forms 10-K for 2018, 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 132.

133.    Defendants admit that Plaintiff references certain of Twist's financial metrics as disclosed in its Forms 10-Q and 10-K from Q4 2018 to Q3 2022, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that Plaintiff references Twist's quarterly and year-end earnings calls during the putative Class Period, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q2 2019 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q3 2019 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 136.

137.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q4 and FY 2019 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 137.

138.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q1 2020 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q2 2020 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 139.

140.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q3 2020 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 140.

141.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q4 and FY 2020 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 141.

142.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q4 and FY 2021 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 142.

143.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q2 2019 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 143.

144.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q4 2020 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 144.

145.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q1 2021 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 145.

146.    Defendants admit that Plaintiff references and selectively quotes from Twist's Q1 2021 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at JP Morgan's 2021 Healthcare Conference. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 149.

150.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019 and 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 150.

151.    Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2018, 2019, 2020, and 2021, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that Plaintiff references and selectively quotes from Twist's Form 10-K for 2019, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit that Plaintiff references and selectively quotes from Twist's Form 10-K for 2019, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 153.

154.    Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at JP Morgan's 2020 Healthcare Conference, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 154.

155.    Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at the 2022 Cowen Health Care on March 7, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 155.

156. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K for 2019 and 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 156.

157. Defendants admit that Plaintiff references and selectively quotes from Twist's 2021 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 157.

158. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at the 2019 Cowen Health Care Conference on March 12, 2019, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 158.

159. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at the 2019 Cowen Health Care Conference, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 159.

160. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at the 2021 JP Morgan Healthcare Conference on January 11, 2021, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 160.

161. Defendants admit that Plaintiff references and selectively quotes from Twist Q4 2019 Earnings Call transcript and statements attributed to Dr. Leproust at the 2020 JP Morgan Healthcare Conference and 2022 SVB Leerink Healthcare Conference, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 161.

162. Defendants admit that Plaintiff references and selectively quotes from Twist's Q2 2022 Earnings Call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 162.

163. Defendants deny the allegations in Paragraph 163. To the extent Paragraph 163 contains allegations related to Twist's purported error rates and turnaround times, those allegations have been dismissed from the case and no response to those allegations is therefore required.

164. Paragraph 164 asserts legal conclusions as to which no response is required. To the

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

extent a response is required, Defendants deny the allegations in Paragraph 164.

165. Paragraph 165 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 165, and on that basis, Defendants deny the allegations in Paragraph 165.

166. Paragraph 166 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what information FE-1 observed or viewed while at Twist as alleged in Paragraph 166, and on that basis, deny the allegations in Paragraph 166.

167. Paragraph 167 relies on allegations attributed to FE-1 and FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 or FE-3 exists; whether FE-1 or FE-3 provided information to Plaintiff; what information FE-1 or FE-3 provided to Plaintiff; to or with whom FE-1 or FE-3 spoke or what they talked about while allegedly at Twist; or what FE-1 or FE-3 observed or viewed while at Twist as alleged in Paragraph 167, and on that basis, deny the allegations in Paragraph 167.

168. Paragraph 168 relies on allegations attributed to FEs, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether the FEs provided information to Plaintiff; what information the FEs provided to Plaintiff; to or with whom the FEs spoke or what they talked about while allegedly at Twist; or what the FEs observed or viewed while at Twist as alleged in Paragraph 168. Defendants deny the allegations in Paragraph 168.

169. Paragraph 169 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information

FE-2 provided to Plaintiff; to or with whom FE-2 spoke or what they talked about while allegedly at Twist; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 169, and on that basis, deny the allegations in Paragraph 169.

170.    Paragraph 170 relies on allegations attributed to FE-2, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-2 exists; whether FE-2 provided information to Plaintiff; what information FE-2 provided to Plaintiff; to or with whom FE-2 spoke or what they talked about while allegedly at Twist; or what FE-2 observed or viewed while at Twist as alleged in Paragraph 170, and on that basis, deny the allegations in Paragraph 170.

171.    Paragraph 171 relies on allegations attributed to FE-1, FE-2, and FE-3, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether the FEs provided information to Plaintiff; what information the FEs provided to Plaintiff; to or with whom the FEs spoke or what they talked about while allegedly at Twist; or what the FEs observed or viewed while at Twist as alleged in Paragraph 171, and on that basis, deny the allegations in Paragraph 171.

172.    Paragraph 172 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; or what FE-1 observed or viewed while at Twist as alleged in Paragraph 172, and on that basis, deny the allegations in Paragraph 172.

173.    Paragraph 173 relies on allegations attributed to FE-3 and FE-4, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 or FE-4 exists; whether FE-3 or FE-4 provided information to Plaintiff; what information FE-3 or FE-4 provided to Plaintiff; or what FE-3 or FE-4 observed or viewed while at Twist as alleged in Paragraph 173, and on that basis, deny the allegations in Paragraph 173.

174.    Paragraph 174 relies on allegations attributed to FE-1, whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form

a belief as to whether FE-1 exists; whether FE-1 provided information to Plaintiff; what information FE-1 provided to Plaintiff; to or with whom FE-1 spoke or what they talked about while allegedly at Twist; or what the FE-1 observed or viewed while at Twist as alleged in Paragraph 174, and on that basis, deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    Paragraph 176 relies on allegations attributed to FE-2, and FE-3, and FE-6 whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether the FEs exist; whether the FEs provided information to Plaintiff; what information the FEs provided to Plaintiff; the FEs' roles, responsibilities or job function while allegedly at Twist; or what the FEs observed or viewed while at Twist as alleged in Paragraph 176, and on that basis, deny the allegations in Paragraph 176.

177.    Paragraph 177 relies on allegations attributed to FE-4 whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-4 exists; whether FE-4 provided information to Plaintiff; what information FE-4 provided to Plaintiff; FE-4's roles, responsibilities or job function while allegedly at Twist; to or with whom FE-4 spoke or what they talked about while at Twist; or what FE-4 observed or viewed while at Twist as alleged in Paragraph 177, and on that basis, deny the allegations in Paragraph 177.

178.    Paragraph 178 relies on allegations attributed to FE-3 whose existence and credibility have not been established. Defendants lack knowledge or information sufficient to form a belief as to whether FE-3 exists; to or with whom FE-3 spoke or what they talked about while allegedly at Twist; or what FE-3 observed or viewed while at Twist as alleged in Paragraph 178, and on that basis, deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Paragraph 180 consists entirely of allegations that have been dismissed from the case and as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 180.

181.    Paragraph 181 consists entirely of allegations that have been dismissed from the

case and as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182. Paragraph 182 consists entirely of allegations that have been dismissed from the case and as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 182.

183. Paragraph 183 consists entirely of allegations that have been dismissed from the case and as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184. Paragraph 184 consists entirely of allegations that have been dismissed from the case and as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust at SynBioBeta's Built with Biology Global Conference in April 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 185.

186. Defendants deny the allegations in Paragraph 186.

187. Defendants deny the allegations in Paragraph 187.

188. Defendants admit that Plaintiff references and selectively quotes from Twist's Form 2022 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 188.

189. Defendants admit that Plaintiff references and selectively quotes from Twist's 2022 Form 10-K, which speaks for itself. Defendants admit that Twist conducted an IPO and five subsequent offerings from 2018 to February 2022. To the extent Paragraph 189 contains allegations related to Twist's February 2022 Offering, those allegations have been dismissed from the case and no response is therefore required. Paragraph 189 purports to state the proceeds of Twist's IPO and subsequent offerings. Defendants admit that Twist filed a Prospectus pursuant to Rule 424(b)(4) and Forms 8-K, which disclosed these offerings and speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 189.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

190. Defendants deny the allegations in Paragraph 190.

191. Defendants admit that on December 1, 2021, Twist announced that it had completed the acquisition of Abveris, an antibody discovery services company. Defendants admit that Plaintiff references and selectively quotes from a statement attributed to Dr. Leproust regarding the acquisition of Abveris, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 191.

192. Defendants admit that Paragraph 192 purports to state details related to Twist's acquisition of Abveris, which Twist publicly disclosed in Forms 8-K filed on November 19 and December 1, 2021 that speak for themselves. Defendants admit that Twist's stock price closed at $30.43 per share on November 15, 2022. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 192.

193. Defendants admit that Plaintiff references and selectively quotes from Twist's Forms 10-K filed during the putative Class Period, which speak for themselves. Defendants admit that synthetic DNA and NGS tools are two of Twist's product offerings, and that they accounted for a portion of the Company's revenues during the putative Class Period. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 193.

194. Paragraph 194 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195. Paragraph 195 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196. Paragraph 196 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197. Defendants admit that short-seller Scorpion Capital released a report regarding Twist on November 15, 2022. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 concerning the purported research interviews Scorpion Capital conducted, and on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 197.

198. Defendants admit that the Scorpion Report purports to reference and selectively

quote from certain of Twist's earnings calls, conference call transcripts, and SEC filings. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants admit that Plaintiff references and selectively quotes from a Twist press release dated November 15, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 200.

201. Defendants admit that Plaintiff references and selectively quotes from a November 18, 2022 report from Evercore, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 201.

202. Defendants admit that Plaintiff references and selectively quotes from a November 18, 2022 report from J.P. Morgan, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 202.

203. Defendants admit that Plaintiff references and selectively quotes from a November 18, 2022 report from SVB Securities, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 203.

204. Defendants admit that Plaintiff references and selectively quotes from December 7, 2022 report from CrispIdea, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 204.

205. Defendants admit that Twist's stock price closed at $38.00 per share on November 14, 2022, $30.43 per share on November 15, 2022, and $24.81 per share on November 18, 2022. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 205.

206. Paragraph 206 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Twist's common stock trades on NASDAQ and Twist complies with its reporting requirements pursuant to the federal securities laws. Defendants admit that securities analysts have written reports about Twist, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 206.

207. Paragraph 207 asserts legal conclusions as to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 207.

208.    Defendants reassert and hereby incorporate by reference their responses to each allegation set forth in Sections I-IX of Plaintiff's Amended Complaint, as though fully set forth herein.

209.    Paragraph 209 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Paragraph 211 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Dr. Leproust and Mr. Thorburn signed the 2020 Registration Statement. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 211.

212.    Paragraph 212 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213.    Paragraph 213 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.    Paragraph 214 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the traceability of Lead Plaintiff's and the putative class's stock holdings and, on that basis, deny the allegations in Paragraph 214.

215.    Paragraph 215 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.    Paragraph 216 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Paragraph 216 purports to characterize the price of Twist's stock, which is a publicly available record and speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 216.

217.    Defendants reassert and hereby incorporate by reference their responses to each paragraph of Plaintiff's Amended Complaint, as though fully set forth herein.

218.    Paragraph 218 asserts legal conclusions as to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 218.

219.    Paragraph 219 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Dr. Leproust and Mr. Thorburn have served as officers and/or directors of Twist during the putative Class Period. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 219.

220.    Paragraph 220 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.    Paragraph 221 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Dr. Leproust and Mr. Thorburn signed the 2020 Registration Statement and the December 2020 Prospectus Supplements. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 221.

222.    Paragraph 222 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 222.

223.    Paragraph 223 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the traceability of Lead Plaintiff's and the putative class's stock holdings and, on that basis, deny the allegations in Paragraph 223.

224.    Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's Amended Complaint, as though fully set forth herein.

225.    Defendants deny the allegations in Paragraph 225.

226.    Paragraph 226 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227.    Paragraph 227 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 227.

228.    Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's Amended Complaint, as though fully set forth herein.

229.    Paragraph 229 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 229.

230.   Defendants admit that Plaintiff purports to demand a jury trial.

231.   The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not sufficiently alleged, and cannot prove, that Plaintiff, or the putative class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

- 34 -

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, would have purchased Twist shares as they did, even with full knowledge of the facts Plaintiff, and the putative class that Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, have not sufficiently alleged and cannot prove that Plaintiff's alleged injuries, or the injuries of the putative class that Plaintiff purports to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred because they cannot show transaction or loss causation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the damages for which Plaintiff claim Defendants are responsible arise from a decline in share price that was not caused or contributed to by any alleged material misrepresentation or actionable omission by Defendants and were otherwise caused or contributed to by (a) persons or entities for whom Defendants are not responsible and for whom Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the putative class that Plaintiff purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the putative class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the putative class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the putative class that Plaintiff purports to represent, sold their Twist shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Twist shares.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the putative class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the putative class that Plaintiff purports to represent, in connection with their ownership of Twist shares.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part to the extent the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the putative class that Plaintiff purports to represent, of Twist shares.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the putative class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because individualized issues including but not limited to those relating to

causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the putative class Plaintiff purports to represent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate defenses to the individual claims of Plaintiff, and the putative class that Plaintiff purports to represent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the putative class that Plaintiff purports to represent, have an adequate remedy at law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the putative class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff, and the putative class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 to the extent the statements at issue were forward-looking and (i) were identified as such and accompanied by meaningful cautionary warnings identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; and/or (ii) Plaintiff, and the putative class that Plaintiff purports to represent, do not sustain their burden of proof that the statements were made with actual knowledge of falsity.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part by the bespeaks caution doctrine.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO.: 5:22-CV-08168-EKL

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter or otherwise. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Amended Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray as follows:

1. For judgment in their favor;

2. That Plaintiff and the putative class take nothing by means of the Amended Complaint;

3. That Defendants be awarded costs to the maximum extent allowable by law; and

4. For such other further relief as the Court deems just and proper.

Dated:  October 21, 2025

JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT
ARIEL B. WINAWER
Orrick, Herrington & Sutcliffe LLP


By: */s/ James Kramer*
　　JAMES N. KRAMER

Attorneys for Defendants