JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

JAMES C. RUTTEN (SBN 201791)
james.rutten@mto.com
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

ACHYUT J. PHADKE (SBN 261567)
achyut.phadke@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY M.
LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated, Plaintiff, v. TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN, Defendants. | Case No. 5:22-cv-08168-EKL **DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO NON-PARTIES JOANNA LIPINSKI AND ERIC OSADA** Date:     March 24, 2026 Time:    10:00 a.m. Judge:  Honorable Susan van Keulen Ctrm:   6, 4th Floor |

I, M. Todd Scott, declare as follows:

1.    I am an attorney licensed to practice in the State of California. I am a partner at Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants Twist Bioscience Corporation ("Twist"), Emily M. Leproust, and James M. Thorburn (collectively "Defendants") in the above-captioned litigation. I submit this declaration in support of Defendants' Motion to Compel Compliance with Subpoena to Non-Parties Joanna Lipinski ("Ms. Lipinski") and Eric Osada ("Mr. Osada," together with Ms. Lipinski, "Deponents").

2.    I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify competently to each fact.

3.    Plaintiff's Amended Complaint ("AC") in this action attributes numerous statements to six former employees ("FEs") of Twist. Though the AC identifies these FEs only by number ("FE-1," "FE-2," etc.), Twist was able to identify them. Twist determined that Ms. Lipinski is FE-2 and that Mr. Osada is FE-6. Twist determined that a former employee named Faris Abelaziz is FE-2. In numerous meet-and-confer communications, Plaintiff has never denied that these individuals are indeed those FEs. In fact, Plaintiff listed each of these individuals, along with three other FEs that Twist had been able to identify, in its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

4.    In November 2025, Twist emailed the FEs and asked if they could speak with them informally about the allegations attributed to them in the AC. Mr. Abdelaziz responded, and later provided a declaration generally disavowing the statements attributed to him as FE-2 in the AC. Attached hereto as Exhibit 1 is a true and correct copy of Mr. Abdelaziz's declaration, dated December 8, 2025.

5.    Unlike Mr. Abdelaziz, the Deponents did not respond to the outreach and, accordingly, Defendants decided to move forward issuing document and deposition subpoenas to Deponents. Defendants forwarded subpoenas for the Deponents to Plaintiff's counsel, giving them notice they would be serving the subpoenas. Attached hereto as Exhibits 2 and 3 are true and correct copies of Defendants' Notice of Subpoena and Request for Production of Documents to Non-Party Joanna Kruszka-Lipinski and Defendants' Notice of Subpoena and Request for Production of

- 1 -

Documents to Non-Party Eric Osada, respectively, both dated January 15, 2026. At the same time, Defendants forwarded a subpoena to Plaintiff's counsel directed to another FE located in Maine.

6. Within 90 minutes of forwarding those deposition notices to Plaintiff's counsel and no one else, Deponents' counsel Kevin Homiak emailed Defendants out of the blue to claim that the Deponents (and the FE in Maine) were not available for depositions on the dates designated in the subpoenas. In response, Defendants' counsel requested the Deponents to provide their availability to schedule the depositions any time from February 16 through March 10, a multi-week block. Deponents' counsel has never taken Defendants up on this offer, and has never proposed any alternative date for depositions. Attached hereto as Exhibit 4 is a true and correct copy of an email chain with Deponents' counsel, dated from January 15, 2026 to January 21, 2026.

7. As reflected in Exhibit 4, the Deponents' counsel said that the Deponents planned to engage an outside forensic consultant to gather documents in response to the subpoenas, and he urged that the depositions be delayed until after the production was complete. Counsel wrote that the production might not be done until mid-April, roughly three months hence. In response, Defendants' counsel said that a forensic consultant—with the delay that would engender—was not necessary for these three individuals to comply with the subpoenas.

8. On January 21, 2026, Deponents' counsel and Defendants' counsel met and conferred via videoconference to discuss the subpoenas. At the meet and confer, Defendants reiterated that a forensic consultant was unnecessary, but counsel insisted that his clients were going to retain one anyway. Defendants also confirmed their willingness to reschedule the depositions for dates that worked for the Deponents during the period February 16 to March 10, and also agreed to substantially narrow their document requests to minimize any potential burden on the Deponents. *See* Exhibit 4.

9. To further obviate any purported need for a forensic consultant and the delay that would entail, Defendants e-mailed the Deponents' counsel to say they would withdraw virtually every document request in the subpoenas, and would only seek "communications with Plaintiff, its counsel, or any investigator, agent, or other person acting on behalf of Plaintiff or its counsel, that concern Twist Bioscience Corporation or this lawsuit (including all documents provided in

SCOTT DECL. ISO DEFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA,
NO.: 5:22-CV-08168-EKL

connection with such communications)." Defendants further agreed that they will not "seek the production of texts and will not otherwise require the witnesses to image their phones." *See* Exhibit 4.

10. Around this same time, Plaintiff was demanding that Twist include the FEs as document custodians for purposes of Twist's own collection and production of documents. Though Plaintiff previously had proposed numerous custodians, it had not previously proposed including the Deponents. Plaintiff only proposed including them after Defendants stated their intention to take their depositions. As a compromise, Twist agreed to include two other FEs as document custodians, and to defer their depositions until after their custodial documents are produced. Twist did not, however, agree to include the Deponents as custodians, given that Twist does not regard them as percipient witnesses, and does not believe that burdensome searches of their files would be appropriate or proportional to the needs of the case.

11. On February 2, 2026, Deponents' counsel served Ms. Lipinski's objections to the subpoena, stating that she would not sit for a deposition until the issue of whether to include her as a document custodian was resolved and, as applicable, any custodial documents were produced. Attached hereto as Exhibit 5 is a true and correct copy of Ms. Lipinski's Objections to Deposition and Document Subpoena, dated February 2, 2026.

12. On February 5, 2026, Deponents' counsel served Mr. Osada's objections to the subpoena, objecting on the same grounds as Ms. Lipinski. Attached hereto as Exhibit 6 is a true and correct copy of Mr. Osada's Objections to Deposition and Document Subpoena, dated February 5, 2026. The objections state at page 7, footnote 4 that the Deponents' counsel is being paid by Plaintiff's lawyers.

13. In the objections, the Deponents agreed to produce documents that are responsive to the subpoenas, as significantly narrowed as described above. To date, however, they have not produced any documents.

14. In attempts to resolve Deponents' objection to the depositions, on February 4, 2026, Defendants' counsel emailed Plaintiff's counsel, confirming that they "would not use internal Twist documents that have not been produced" at the depositions. Defendants also maintained they would

- 3 -

only use the Complaint and publicly available documents to question Deponents, if they used any documents at all." Attached hereto as Exhibit 7 is a true and correct copy of that email correspondence, dated February 4, 2024.

15.    Defendants' counsel then emailed Deponents' counsel, forwarding the above-referenced email correspondence to Plaintiff, and informing Deponents' counsel that they would not use any documents at the depositions that are not also available to Plaintiff. Attached hereto as Exhibit 8 is a true and correct copy of that email correspondence, dated from February 4, 2026 to February 8, 2026.

16.    Despite the foregoing concessions on Defendants' part during the meet and confer process, the Deponents have not agreed to sit for depositions, and have not produced any documents.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed on February 10, 2026, at San Francisco, California.

    */s/ M. Todd Scott*
    M. TODD SCOTT