# EXHIBIT 2

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ARIEL B. WINAWER (SBN 317821)
awinawer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

JAMES C. RUTTEN (SBN 201791)
james.rutten@mto.com
**MUNGER TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 683-4056

ACHYUT J. PHADKE (SBN 261567)
achyut.phadke@mto.com
**MUNGER TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY
M. LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168-EKL<br><br>**DEFENDANTS' NOTICE OF DEPOSITION SUBPOENA AND REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY JOANNA KRUSZKA-LIPINSKI**<br><br>Judge:   Honorable Eumi K. Lee<br>Dept:    7, 4th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Twist Bioscience Corporation ("Twist"), Emily M. Leproust, and James M. Thorburn (collectively, "Defendants"), by their counsel, will take the deposition of the following non-party upon oral examination on the date, and at the time and location specified below, or at some other place, date, and time agreed upon by the parties:

| Deponent | Date/Time | Location | Reporter |
|---|---|---|---|
| Joanna Kruszka-Lipinski | February 20, 2026 at 9:00 a.m. | Orrick, Herrington, & Sutcliff LLP 405 Howard Street San Francisco, CA 94105 | Lexitas |

The deposition will be taken before Lexitas Court Reporting ("Lexitas"), a notary public or other officer qualified to administer oaths pursuant to Fed. R. Civ. P. 28(a). The deposition will be recorded by a stenographer, videotape and/or real time computer means, and will continue from day to day, excluding Sundays and holidays, until the examination is completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the deponent, himself or through his respective counsel, will be required to produce for inspection and photocopying at least five (5) days prior to the deposition, the documents specified in the subpoena attached hereto.

Dated:   January 15, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

JAMES N. KRAMER

Attorneys for Defendants Twist Bioscience Corp., Emily M. Leproust, and James M. Thorburn

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| ANTHONY JOSEPH PETERS | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.     5:22-cv-08168-EKL |
| TWIST BIOSCIENCE CORPORATION, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Joanna Kruszka-Lipinski
2558 14th Avenue, San Francisco, CA 94127

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street, San Francisco, CA 94105 | Date and Time:<br>02/20/2026 9:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographer, videotape, and/or real time transcription

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/15/2026

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | *James N. Kramer* (signature) |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants Twist Bioscience Corporation, Emily M. Leproust, and James M. Thorburn     , who issues or requests this subpoena, are:
James N. Kramer | Orrick, Herrington & Sutcliffe LLP - 405 Howard Street, San Francisco, CA 94105 | Email: jkramer@orrick.com | Telephone: 415-773-5700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

(Non-Party Witness Joanna Kruszka-Lipinski)

**DEFINITIONS**

1.      The term "Action" means the instant proceeding, *Peters v. Twist Bioscience Corp., et al.*, 5:22-cv-08168-EKL, filed with the United States District Court for the Northern District of California.

1.       The term "Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws in this Action filed on October 11, 2023.

3.      The term "Person(s)" means, without limitation, individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other governmental and non-governmental entities.

4.      The terms "You," "Your," or "Yours" mean Joanna Kruszka-Lipinskiand/or other Persons or entities acting on his behalf.

5.      The term "Communication(s)" means the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed. It also includes any letters, emails, text messages or other instant messaging application, Twitter posts or direct or group messages, or any other social media platform posts or direct or group messages, comments on websites, voice recordings, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

6.      The term "Document(s)" is synonymous in meaning and equal in scope to its usage in Fed. R. Civ. P. 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "Document(s)" means any document now or at any time in your possession, custody, or

control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

7.    The term "Lead Plaintiff" means Policemen's Annuity and Benefit Fund of Chicago, and its affiliates, employees, agents, attorneys, accountants, investigators, representatives, and other Persons or entities acting on behalf of any of the foregoing.

8.    The term "Lead Counsel" means Bleichmar Fonti & Auld LLP and its affiliates, employees, agents, attorneys, accountants, investigators, representatives, and other Persons or entities acting on behalf of any of the foregoing, including but not limited to Desiree Torres.

9.    The term "Scorpion" means Scorpion Capital, its affiliates, employees, agents, attorneys, accountants, investigators, representatives, and other Persons or entities acting on behalf of any of the foregoing. For the avoidance of doubt, Scorpion includes the entity or Person that published the report on November 15, 2022 identified as the "Scorpion Report" in the Complaint.

10.    The term "Scorpion Report" means the report that Scorpion published on November 15, 2022 regarding Twist, identified as the "Scorpion Report" in the Complaint.

11.    The term "Twist" means Twist Bioscience Corporation.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents and Communications relating to your employment with Twist, including offer letters, employment agreements, confidentiality agreements, separation agreements, performance reviews, grievances, and disciplinary actions. This request does not seek the amount or terms of your salary or other compensation from Twist; any such information contained in responsive documents may be redacted.

**REQUEST NO. 2**:

All Documents created by Twist or otherwise related to Twist's business operations, including any notes or meeting materials You maintained as a Twist employee.

DEFS' NOTICE OF DEPOSITION & RFPS TO JOANNA
KRUSZKA-LIPINSKI, NO.: 5:22-CV-08168-EKL

**REQUEST NO. 3:**

All Documents and Communications that You provided to, received from, or exchanged with Lead Plaintiff or Lead Counsel.

**REQUEST NUMBER 4:**

All Documents and Communications that You provided to, received from, or exchanged with Scorpion or Kir Kahlon.

**REQUEST NO. 5:**

All Documents regarding the Scorpion Report or this Action, including but not limited to Your participation as a witness in this Action.

**REQUEST NO. 6:**

All Communications with any Person about Twist, Emily M. Leproust, or James M. Thorburn following your departure from Twist.

**REQUEST NO. 7:**

All Documents and Communications relating to your departure from Twist, including any post-employment contractual obligations to Twist.

**REQUEST NO. 8:**

All Documents and Communications reflecting or relating to any compensation, benefits, or consideration You have received or expect to receive in connection with this Action.

**REQUEST NO. 9:**

All Documents reflecting any direct or indirect financial interest You have held in Twist at any time, including all Documents relating to any purchases and sales of any Twist stock or other security issued by Twist.

DEFS' NOTICE OF DEPOSITION & RFPS TO JOANNA
KRUSZKA-LIPINSKI, NO.: 5:22-CV-08168-EKL

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States, more than eighteen years old and not a party to this action.  My place of employment and business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California, 94105-2669, and my e-mail address is lpatts@orrick.com.

On January 15, 2026, I served the following document(s):

- **DEFENDANTS' NOTICE OF DEPOSITION SUBPOENA AND REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY JOANNA KRUSZKA-LIPINSKI**

on the interested parties listed below by transmitting true and correct copies of the documents in Portable Document Format ("pdf") via electronic mail ("e-mail") from the e-mail address lpatts@orrick.com to the following e-mail addresses:

| | |
|---|---|
| Benjamin F. Burry<br>Joseph A. Fonti<br>George N. Bauer<br>Thayne D. Stoddard<br>**BLEICHMAR FONTI & AULD LLP**<br>300 Park Avenue, Suite 1301<br>New York, NY 10022<br>Telephone: (212) 789-1345<br>Email: bburry@bfalaw.com<br>        jfonti@bfalaw.com<br>        gbauer@bfalaw.com<br>        tstoddard@bfalaw.com<br><br>*Counsel for Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago and Lead Counsel for the Putative Class* | John A. Kehoe<br>**KEHOE LAW FIRM, P.C.**<br>41 Madison Avenue, 31st Floor<br>New York, NY 10010<br>Telephone: (215) 792-6676<br>Email: jkehoe@kehoelawfirm.com<br><br>*Additional Counsel for Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 15, 2026, at San Francisco, California.

_____
LENNY T. PATTS

- 1 -

DEFS' NOTICE OF DEPOSITION & RFPS TO JOANNA
KRUSZKA-LIPINSKI, NO.: 5:22-CV-08168-EKL