# EXHIBIT 4

| | |
|---|---|
| **From:** | Rutten, James <James.Rutten@mto.com> |
| **Sent:** | Wednesday, January 21, 2026 2:13 PM |
| **To:** | Homiak, Kevin; Connaughty, Alison |
| **Cc:** | Scott, M. Todd; Rosen, Olivia |
| **Subject:** | RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses |

**[EXTERNAL]**

Kevin,

Thank you for the meet-and-confer call today.  As discussed, to minimize any potential burden on your clients from the document subpoenas, Defendants hereby narrow the document requests to just the following: All communications with Plaintiff, its counsel, or any investigator, agent, or other person acting on behalf of Plaintiff or its counsel, that concern Twist Bioscience Corporation or this lawsuit (including all documents provided in connection with such communications).  We also hereby clarify that we do not seek the production of texts and will not otherwise require the witnesses to image their phones.  We therefore expect that responsive documents will consist of a small handful of e-mails and their attachments that your clients readily can locate with minimal perusing of their e-mails.  We do not require the thoroughness that could be achieved only with a forensic consultant, with all the expense – and delay – that that would engender.  We trust that this narrowing alleviates the burden and expense that your clients otherwise might bear, and that it will allow them to produce documents on the timetables set forth in the subpoenas.

Defendants remain willing to reschedule the depositions for any dates that work for your clients during the four-week block of February 16 to March 10.  Until new dates are locked down, we will leave the existing dates on calendar.

Also, given that your only offer to accept service came with a set of conditions, I assume you are declining to accept service of the existing subpoenas.  If instead you are authorized to accept service, please let us know.  Service through counsel is another way in which we are trying to alleviate burdens on your clients.

Jim

---

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Tuesday, January 20, 2026 5:10 PM
**To:** Rutten, James <James.Rutten@mto.com>; George Bauer <gbauer@bfalaw.com>

1

**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** Re: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

James—I'm free tomorrow between 12:00 p.m. MT and 3:00 p.m. MT. Please let me know if anything in that window works for you. If not, we can look at times on Thursday.

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**

CLASSIFICATION: RESTRICTED

---

**From:** Rutten, James <James.Rutten@mto.com>
**Sent:** Tuesday, January 20, 2026 3:05:15 PM
**To:** Homiak, Kevin <Homiak@wtotrial.com>; George Bauer <gbauer@bfalaw.com>
**Cc:** jkehoe@kehoelawfirm.com <jkehoe@kehoelawfirm.com>; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com <atalarides@orrick.com>; awinawer@orrick.com <awinawer@orrick.com>; jkramer@orrick.com <jkramer@orrick.com>; tscott@orrick.com <tscott@orrick.com>; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

---

Kevin – please give me a call if you would like to discuss further.  The e-mail are getting less productive.

---

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Tuesday, January 20, 2026 4:59 PM
**To:** Rutten, James <James.Rutten@mto.com>; George Bauer <gbauer@bfalaw.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

Thanks, James. For the reasons I've discussed below—namely, the time it will take to collect, review, and produce data responsive to those requests—that timing is unworkable. As mentioned in my proposed timeline, we're happy to confer about those requests once we have a sense of the volume of potentially responsive data. To make sure these processes are completed correctly, it will unfortunately take time. Again, I suspect if your clients' text messages or emails were requested in discovery, your firm would insist on using a reliable, transparent data preservation, production, and review processes. I will insist on taking the same approach with my clients.

Given that your fact discovery cutoff is September 16, conducting these depositions in late April/early May (which is where I suspect we'd land after the responsive data is collected, reviewed, and produced) seems highly unlikely to interfere with that cutoff. What "other case deadlines" prior to September 16 are you concerned about these depositions impacting?

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**

CLASSIFICATION: RESTRICTED

**From:** Rutten, James <James.Rutten@mto.com>
**Sent:** Tuesday, January 20, 2026 2:52 PM
**To:** Homiak, Kevin <Homiak@wtotrial.com>; George Bauer <gbauer@bfalaw.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

We disagree with much of what you write below. I'm happy to forward proofs of service when I receive them. The overall fact discovery cutoff is September 16, but there are other case deadlines prior to that to which these depositions are relevant. To be clear, if your clients believe that individual document requests are overbroad or otherwise problematic, we are available to meet and confer about their scope. And I reiterate again our offer to find alternate deposition dates that work for your clients anytime in the four-week period of February 16 through March 10.

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Tuesday, January 20, 2026 4:43 PM
**To:** Rutten, James <James.Rutten@mto.com>; George Bauer <gbauer@bfalaw.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

James,

We were continuing to discuss finding mutually agreeable dates, so I didn't think it was necessary to discuss personal service at that time. At no point did you say that you planned to move forward with serving our clients personally.

We've proposed a reasonable timeline to ensure that the document collection and production processes are done in a reliable way to ensure the preservation and collection of all potentially responsive data. Given the breadth of the document requests in Defendants' subpoenas, I expect it may be a significant volume of information that we will need to collect, review, and produce. If your clients received such broad document requests, I'm sure you'd expect the requesting party to work with you cooperatively and professionally to ensure that the requests are not unduly broad or overly burdensome and to confer to avoid unnecessarily having to seek court intervention. That obligation is no different (and is, in fact,

heightened) for non-parties. We've tried to do so, but you've refused to confer in good faith—instead, repeatedly insisting on unreasonable production and deposition timelines. At the same time, you've identified no reason why the timeline I've proposed is unworkable, or how it adversely impacts your existing discovery deadlines (in fact, you haven't even identified the fact discovery deadline, despite my request for that information to ensure my timeline wouldn't interfere with it).

Given your refusal to withdraw the subpoenas or work with us on a reasonable timeline for us to confer about the scope of your document requests, collect documents, produce documents, and schedule the depositions on dates that work for all parties, we'll move forward with serving objections on the document subpoena deadlines and moving to quash the deposition subpoenas.

Please forward me the proofs of service for all subpoenas you've served and are in the process of serving, so we can confirm the correct response dates.

Thanks,

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**


CLASSIFICATION: RESTRICTED

**From:** Rutten, James <James.Rutten@mto.com>
**Sent:** Tuesday, January 20, 2026 2:32 PM
**To:** Homiak, Kevin <Homiak@wtotrial.com>; George Bauer <gbauer@bfalaw.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

Kevin,

We asked you last week if you were authorized to accept service, because we were hoping to avoid serving them personally. You did not answer that question. We therefore kept the service process moving.

In terms of your scheduling proposal below, Defendants do not believe that an "outside forensic consultant" is necessary, or that your clients – all individuals, subpoenaed in their individual capacities – need three months to produce documents. The subpoenas provide a minimum of four weeks, and in most cases longer, for them to produce what we expect will be small quantities of documents. Your proposal would engender inappropriate delay.

You previously said that the noticed deposition dates did not work for any of your clients. We responded that Defendants will make any set of dates work during the four-week period of February 16 through March 10. I reiterate that if we can lock down dates in that period that are more convenient for your clients, then we would be happy to serve revised subpoenas.

4

**James C. Rutten | Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor **|** Los Angeles, CA 90071 **|** 213-683-9189
601 Massachusetts Avenue, N.W. **|** Washington, D.C. 20001 **|** 202-220-1195
james.rutten@mto.com **|** www.mto.com **|** bio **|** v-card

---

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Tuesday, January 20, 2026 4:02 PM
**To:** George Bauer <gbauer@bfalaw.com>; Rutten, James <James.Rutten@mto.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

James,

Dr. Lipinski was just served with a subpoena. The subpoena has the wrong name and a date on which she's unavailable (as we informed you last week). I understand that you and your clients are trying to be as aggressive as possible (presumably, in the hopes of intimidating these witnesses), but it's very disappointing that you decided to move forward with serving a represented non-party witness when we were actively conferring about their availability. Please let me know which of my other clients you've unilaterally decided to personally serve subpoenas on, and whether you will withdraw those subpoenas. Otherwise, we will move forward with filing motions to quash.

Thanks,

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**

CLASSIFICATION: RESTRICTED

---

**From:** Homiak, Kevin
**Sent:** Tuesday, January 20, 2026 1:27 PM
**To:** George Bauer <gbauer@bfalaw.com>; Rutten, James <James.Rutten@mto.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

All,

I'm not sure where things stand with your negotiations over these depositions and these witnesses' documents, but I wanted to offer a potential path forward.

- I recommend we use the deposition dates on the draft subpoenas as the dates by which our clients need to serve objections to the document subpoenas—i.e., February 18 for Mr. Osada, February 20 for Dr. Lipinski, and February 23 for Mr. Whitty. (Please let me know if I'm missing anyone). Our hope is to begin document productions by those dates, but I won't know that for certain until we collect the potentially responsive data and have a sense of its volume, how long it will take us to perform a responsiveness and privilege review, etc. At a

minimum, we should have that information by the current subpoena response dates. We are retaining an outside forensic expert to ensure the preservation and collection processes are completed correctly.

- If there's any disputes about our objections or the scope of Defendants' requests, we can confer about them in late February following the service of our objections so that we can promptly raise any unresolved issues with the court.

- Assuming we have no issues that need to be brought to the court's attention (and that the volume of responsive documents is reasonable), my clients should be able to complete the production of their documents by mid-April at the latest.

- I'd like to make sure everyone has sufficient time to review our clients' document productions. So once we've gotten a sense of the volume of documents and when they will be produced, we can confer regarding deposition dates that work for everyone.

My hope is that this timeline will give Defendants and Plaintiffs sufficient time to confer regarding outstanding issues that pertain to these witnesses, so that those issues can be resolve in a manner that avoids any of our clients being deposed more than once. Please also let me know what your current fact discovery deadline is, so that we can do everything we can to avoid pushing that deadline unnecessarily.

If this proposal is acceptable, please go ahead and send the document subpoenas to us with the dates identified above, and we can accept service.

Thank you,

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**

---

**From:** George Bauer <gbauer@bfalaw.com>
**Sent:** Friday, January 16, 2026 9:44 AM
**To:** Rutten, James <James.Rutten@mto.com>; Homiak, Kevin <Homiak@wtotrial.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

---

Just to clarify the record, Plaintiff has made it clear it does not look to stand in the way of Defendants' depositions. Rather, Plaintiff has requested that Defendants produce the relevant documents (including the custodial documents for these individuals, which are solely in Defendants' possession) prior to the depositions taking place. Plaintiff has explained that that request is intended to put the parties on equal footing and avoid any inefficiencies, including, as we have explicitly said, the concern of having to potentially seek multiple depositions from these individuals. Defendants have flatly refused to produce these individuals' documents at all, let alone prior to their depositions. We are happy to continue that discussion, but believe it is unfair to Plaintiffs and the third parties to proceed with the depositions while Defendants are insisting on such asymmetrical access to relevant discovery.

George N. Bauer

Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603
T: 212-789-3602
M: 718-757-0586
gbauer@bfalaw.com

---

**From:** Rutten, James <James.Rutten@mto.com>
**Sent:** Friday, January 16, 2026 7:07 AM
**To:** Homiak, Kevin <Homiak@wtotrial.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; George Bauer <gbauer@bfalaw.com>; Thayne Stoddard <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

Kevin,

We repeatedly invited Plaintiff's counsel to provide us with dates that work for them, and they did not do so, instead taking the position that the depositions should not proceed at all at this time. Accordingly, we selected dates and served notice. If the dates do not work for your clients, then please provide us with alternate dates any time during the period February 16 through March 10. That is a four-week block, which is more than adequate to get three depositions done. We would like to space them out by a few days to allow for travel time and such, but we will make any dates work in that four-week period. We will keep the depositions on calendar as noticed unless and until new dates are locked down.

Jim

---

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Thursday, January 15, 2026 7:46 PM
**To:** Rutten, James <James.Rutten@mto.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; George Bauer <gbauer@bfalaw.com>; tstoddard@bfalaw.com; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** Re: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

Hi James,

Please provide dates in February and March that work for all counsel, and we'll let you know which dates work for us and our clients. I don't want to go through the hassle of finding dates for us and our clients and moving around our schedules only to learn that they don't work for the parties' counsel.

We look forward to hearing from you.

Thanks,

**Kevin Homiak | Partner**
**Wheeler Trigg O'Donnell LLP**

CLASSIFICATION: RESTRICTED

---

**From:** Rutten, James <James.Rutten@mto.com>
**Sent:** Thursday, January 15, 2026 5:22:09 PM
**To:** Homiak, Kevin <Homiak@wtotrial.com>
**Cc:** jkehoe@kehoelawfirm.com <jkehoe@kehoelawfirm.com>; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; George Bauer <gbauer@bfalaw.com>; tstoddard@bfalaw.com <tstoddard@bfalaw.com>; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com <atalarides@orrick.com>; awinawer@orrick.com <awinawer@orrick.com>; jkramer@orrick.com <jkramer@orrick.com>; tscott@orrick.com <tscott@orrick.com>; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** RE: Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

---

If the noticed dates do not work, please provide alternate dates either the same week of each deposition, or the week before or after.  Please note that although we are happy to accommodate legitimate scheduling constraints, we are not going to defer the depositions just because Plaintiff (or your clients) think they should not go forward at this time.

In response to your question, yes, of course we will confer with Plaintiff's counsel about an appropriate allocation of time during each of the depositions.

If you intend to provide alternate dates, please do so by the end of the week.  Also, please advise if you can accept service of the subpoenas, or if your clients prefer to be served personally.  Thank you.

---

**From:** Homiak, Kevin <Homiak@wtotrial.com>
**Sent:** Thursday, January 15, 2026 6:46 PM
**To:** Rutten, James <James.Rutten@mto.com>
**Cc:** jkehoe@kehoelawfirm.com; Benjamin Burry <bburry@bfalaw.com>; Joseph Fonti <jfonti@bfalaw.com>; George Bauer <gbauer@bfalaw.com>; tstoddard@bfalaw.com; Phadke, Achyut <achyut.phadke@mto.com>; atalarides@orrick.com; awinawer@orrick.com; jkramer@orrick.com; tscott@orrick.com; Connaughty, Alison <Connaughty@wtotrial.com>
**Subject:** Peters v. Twist Bioscience (Case No. 5:22-cv-08168-EKL) - Depositions of Non-Party Witnesses

Hi James,

8

It has come to my attention that Defendants intend to serve deposition subpoenas on three of our clients (Jeffrey Whitty, Eric Osada, and Joanna Kruszka-Lipinski). We are not available on any of the noticed dates. We ask that you please withdraw the subpoenas, so that we don't have to file motions to quash.

We are happy to work with you and Plaintiffs' counsel to find dates on which all counsel and our clients are available for their depositions. That said, we object to any of our clients being deposed more than once. We therefore ask that you confer with Plaintiffs' counsel and reach an agreement regarding how to divide up the time for these depositions to ensure that they won't have to be deposed a second time. Please let us know if you can't reach an agreement, and we can raise the issue with the Court.

Thank you,

**Kevin Homiak | Partner**
**Office** 303-244-1949 | **Cell** 505-385-2614
370 17th Street, Suite 4500, Denver CO 80202-5647
Homiak@wtotrial.com | Bio | wtotrial.com

**Wheeler Trigg**
**O'Donnell**

CLASSIFICATION: RESTRICTED

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.