# EXHIBIT 6



Kevin D. Homiak
303.244.1949
homiak@wtotrial.com

Galen Bellamy
303.244.1844
bellamy@wtotrial.com

February 5, 2026

**VIA EMAIL**

James Rutten
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071

> Re:    *Peters v. Twist Bioscience Corporation* (Civil Action No. 5:22-cv-08168)
>        Deposition and Document Subpoena to Mr. Eric Osada

Mr. Rutten:

We represent Eric Osada ("Mr. Osada") in responding to the deposition and document subpoena served by Defendants Twist Bioscience Corporation ("Twist"), Emily M. Leproust, and James M. Thorburn (collectively, "Defendants") on January 22, 2026. Mr. Osada's objections to the subpoena are set forth below.

Given these objections, we will not be producing Mr. Osada for a deposition on February 18, 2026. Once the Court resolves the parties' outstanding disputes regarding Twist's documents related to Mr. Osada, we look forward to working with you and Plaintiffs' counsel to schedule a mutually convenient alternative date for Mr. Osada's deposition as quickly as possible.

**Mr. Osada's Objections to Defendants' Deposition Subpoena**

Defendants served a deposition subpoena for Mr. Osada to testify in person on February 18, 2026. As I informed you in a January 15, 2026 email, we are not available on that date. Nor is your alternative request for a deposition date between February 16, 2026, and March 10, 2026 workable—as it will likely mean that Mr. Osada will have to sit for multiple depositions in this case.

Based on email correspondence between the parties on which I was copied, Plaintiffs have requested that Defendants (i) add Mr. Osada as a document custodian for Defendants' ESI searches, and (ii) complete their production of documents related to Mr. Osada before his deposition. Defendants have declined these requests and have instead insisted on moving forward with scheduling Mr. Osada's deposition without any agreement on (or court resolution of) these issues. Defendants also have not provided a timeline within which they could complete their production of Twist's documents related to Mr. Osada, if the Court orders that production.

# WheelerTriggO'Donnell LLP

February 5, 2026
Page 2


Defendants' refusal to delay scheduling Mr. Osada's deposition until after these issues are decided by the Court significantly increases the risk that Mr. Osada may be deposed multiple times. Assuming a hearing is set in the next week or two, the Court likely will not issue an order until mid-February. If the Court decides that Plaintiffs are entitled to Defendants' documents related to Mr. Osada (which seems likely, given that Defendants requested his deposition and intend to question him about at least some of those documents), it is likely that Defendants' document production won't be completed until several weeks after the Court issues its order. If Defendants do not complete their production until after Mr. Osada's deposition, then Plaintiffs will likely want to depose Mr. Osada a second time regarding those documents—especially if Defendants use only a subset of their documents relating to Mr. Osada in his first deposition.[1]

Defendants have offered no legitimate reason why they need to schedule Mr. Osada's deposition *before* the Court resolves these disputes. On our January 21 conferral call, I asked why Defendants needed to complete Mr. Osada's deposition before March 10. You first said there were other "case deadlines" without specifying what those were. When I pointed out that the parties' fact discovery deadline was not until September 16, 2026, you said that Mr. Osada's deposition needed to be completed before March 10, because the parties have a mediation scheduled for March 2026.[2] But that is not a sufficient reason to force Mr. Osada to incur the time, expense, inconvenience, and burden of being deposed multiple times in the same case.[3] Of course, mediation can be rescheduled and, in any event, it is not at all clear to me why Mr. Osada's deposition testimony is necessary for a successful mediation.

To be clear: We do not object to Mr. Osada being deposed. We simply want to avoid him being deposed twice unnecessarily. We therefore ask that you withdraw Defendants' deposition subpoena to Mr. Osada until the Court resolves the parties' outstanding disputes about Twist's documents related to Mr. Osada. If the Court agrees with Defendants, then we can schedule the deposition immediately after the Court issues its ruling. If the Court agrees with Plaintiffs, then we

---

[1] Mr. Osada is a former employee of Twist, so he currently has no access to Twist's documents.

[2] You also mentioned Defendants' opposition to Plaintiffs' class certification motion is due in May 2026. But it's not clear to me how Mr. Osada's deposition is relevant to that filing, and you did not explain why it would be relevant. Even if it is, there's no reason why Mr. Osada's proposed approach would impact that filing deadline. Assuming the Court resolves the parties' disputes over Twist's documents relating to Mr. Osada by mid-February, Twist could presumably produce those documents by mid-March, and Mr. Osada's deposition could move forward in late March—well before Defendants' May 8 filing deadline. (Scheduling Order, ECF 129 at 2.) Admittedly, however, it is difficult to say if this timeline is feasible, given that Defendants have not indicated how long it may take for them to produce these documents.

[3] A party must obtain leave of court to take a second deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). Second depositions of *any* witnesses are "disfavored because of the cost and burden." *Blount v. Stanley Eng'g Fastening*, No. 519CV00109BJBLLK, 2021 WL 932033, at *4 (W.D. Ky. Mar. 11, 2021). And these concerns are heightened for depositions of non-parties. *See, e.g.*, *Kimera Labs, Inc. v. Jayashankar*, 346 F.R.D. 146, 150 (S.D. Fla. 2024) (granting motion to quash subpoena for second deposition of non-party witness as unduly burdensome and cumulative).

# Wheeler Trigg O'Donnell LLP

February 5, 2026
Page 3

can schedule the deposition to occur after Defendants' production of documents related to Mr. Osada is completed. In either scenario, we will work with you and Plaintiffs' counsel to schedule his deposition as quickly as possible once these issues are resolved. This approach allows the parties resolve their dispute without risking Mr. Osada incurring the time, inconvenience, expense, and burden of being unnecessarily deposed multiple times.

Please confirm by February 6 that Defendants are withdrawing Mr. Osada's deposition subpoena. If Defendants are unwilling to do so (or if we don't hear from you by then), we will move forward with filing a motion to quash on February 10.

## Mr. Osada's General Objections to Defendants' Document Subpoena

Mr. Osada objects to the nine requests in Defendants' document subpoena as overly broad, unduly burdensome, and not proportional to the needs of the case for several reasons.

First, Defendants seek documents that are already in Twist's possession, custody, and control. Mr. Osada is not a party to the above-referenced action. The standards for non-party discovery require a heightened showing of relevance and offer additional protections against any undue burden in responding to the subpoena. *See* Fed. R. Civ. P. 45, Advisory Committee Notes (2006 Amendment) (discussing "protection against undue impositions on nonparties"). Rule 45 requires a party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on" the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The person responding to the subpoena also need not produce electronically stored information from sources he identifies as "not reasonably accessible because of undue burden or cost." *Id.*

Put simply, a great majority of the documents Defendants' seek—particularly, the documents sought in Requests 1, 2, 6, and 7—are not within Mr. Osada's possession, custody, or control. Mr. Osada is a former employee of Twist and has not had access to his Twist email account or his Twist devices since approximately July 2023. Mr. Osada performed his work with a company email address on a company-issued laptop which he returned upon leaving the company. Thus, to the extent Mr. Osada possessed any responsive, non-privileged documents, Twist or its counsel have much greater and less burdensome access to the information sought. *See Shopify, Inc. v. Express Mobile, Inc.,* 2019 WL 5893235, *2 (N.D. Cal. 2019) (explaining that "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." (quoting *High Tech Medical Instrumentation, Inc. v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995))). Requiring Mr. Osada to search for documents that are already in Twist's possession (to the extent such documents exist), would be unduly burdensome and disproportionate to the needs of the case.

Second, Mr. Osada objects to the broad definition of "Communication" or "Communications" in the subpoena. More specifically, Mr. Osada objects to the inclusion of personal text messages and social media communications as part of such definition. It has been nearly three years since Mr. Osada worked at Twist, and a production of personal text messages would require a

# Wheeler Trigg O'Donnell LLP

February 5, 2026
Page 4

forensic imaging scan of his phone to search for personal conversations. Such personal conversations are not relevant to any claim, allegation, or defense in this suit. Further, any request to forensic image Mr. Osada's phone is disproportionate to the needs of this case and would cause undue burden and expense on Mr. Osada.

Third, Mr. Osada further objects to the extent the requests privileged materials. Each of the nine document requests implicates privilege concerns by requesting "all" or "any" communications and documents concerning each respective topic. Mr. Osada will not be producing any documents containing or referencing privileged communications or other protected materials based on attorney-client privilege or the work product doctrine. Fed. R. Civ. P. 26(b)(1), (3), (5); Fed. R. Civ. P. 45(e)(2)(A). Nor will he be producing any documents protected by Rule 1.6 of the California Rules of Professional Conduct.

Fourth, the temporal scope of the subpoena is also overly broad.  For example, the subpoena requests "all" or "any" documents and communications on each topic with no temporal limitation whatsoever. However, the class period is specifically defined in Plaintiffs' complaint as December 20, 2018 to November 15, 2022. (*See* Amended Class Action Complaint at iii, ECF 83.) Mr. Osada left Twist in July 2023, and the subpoena seeks all documents and communications relating to Mr. Osada's departure from Twist without any ties to the allegations in the Complaint. Mr. Osada's employment duration also falls outside of the class period, as defined. Without waiving the objection as to temporal scope, however, Mr. Osada states that he is not withholding any documents based on this objection.

Fifth, Mr. Osada further objects on the ground that the requests contained in the subpoena use definitions that render the requests vague, unintelligible, and incapable of response through efficient and economical methods. For example, Paragraphs 3, and 7–9 of the Definitions of Schedule A to the Subpoena seeks to define Person, Lead Plaintiff, Lead Counsel, and Scorpion to  include several potential individuals or entities. "Lead Plaintiff" includes its "affiliates, employees, agents, attorneys, accountants, investigators, representatives, and other Persons or entities acting on behalf of any of the foregoing." However, Twist does not specify the names of any such persons or companies for any of these lists of potential points of contact, and Mr. Osada is not in a position to independently identify such persons or companies.

Mr. Osada turns next to Twist's individual requests as set forth in the document subpoena.

## Request No. 1

This request seeks "[a]ll Documents and Communications relating to your employment with Twist, including offer letters, employment agreements, confidentiality agreements, separation agreements, performance reviews, grievances, and disciplinary actions. This request does not seek the amount or terms of your salary or other compensation from Twist; any such information contained in responsive documents may be redacted."

# WheelerTriggO'Donnell LLP

February 5, 2026
Page 5

Mr. Osada objects to this request on the grounds that much of this information would have been located on his company-issued laptop, which was returned to Twist upon Mr. Osada's separation from the company. Mr. Osada further objects to this request to the extent it seeks communications with such former coworkers that are on Twist's internal system. Accordingly, any such communications or documents would be in the possession, custody, and control of Twist, not Mr. Osada, and it is unnecessary for Twist to obtain them from Mr. Osada. *See Free Stream Media Corp. V. Alphonso Inc.,* 2017 WL 6209309, *6 (N.D. Cal. 2017); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Mr. Osada also objects to this request to the extent it seeks any information protected by the attorney-client privilege, common interest doctrine, and/or work product doctrine.

Subject to and without waiving any objections, Mr. Osada responds as follows: Mr. Osada has identified non-privileged and potentially responsive documents in his possession, custody, or control. Undersigned counsel will work with Mr. Osada to obtain these documents in a manner that preserves the integrity of the documents, review them to confirm they are responsive and not protected by privilege, and produce any non-privileged responsive documents.

## Request No. 2

This request seeks "[a]ll Documents created by Twist or otherwise related to Twist's business operations, including any notes or meeting materials You maintained as a Twist employee."

Mr. Osada objects to this request on the grounds that any such information would have been located on his company-issued laptop, which was returned to Twist upon Mr. Osada's separation from the company. Accordingly, any such communications or documents would be in the possession, custody, and control of Twist, not Mr. Osada, and it is unnecessary for Twist to obtain them from Mr. Osada. *See Free Stream Media Corp. V. Alphonso Inc.,* 2017 WL 6209309, *6 (N.D. Cal. 2017); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objections, Mr. Osada does not have any documents in his possession, custody, or control responsive to this request.

## Request No. 3

This request seeks "[a]ll Documents and Communications that You provided to, received from, or exchanged with Lead Plaintiff or Lead Counsel."

Mr. Osada objects to this request to the extent it seeks irrelevant information or that protected by Rule 1.6 of the California of Professional Conduct, the attorney-client privilege, common interest doctrine, and/or work product doctrine.

# Wheeler Trigg O'Donnell LLP

February 5, 2026
Page 6

Subject to and without waiving any objections, Mr. Osada does not have any documents in his possession, custody, or control responsive to this request.

## Request No. 4

This request seeks "[a]ll Documents and Communications that You provided to, received from, or exchanged with Scorpion or Kir Kahlon."

Mr. Osada objects to this request on the grounds that any such information would have been located on his company-issued laptop, which was returned to Twist upon Mr. Osada's separation from the company. Mr. Osada further objects to this request to the extent it seeks communications with such former coworkers that are on Twist's internal system. Accordingly, any such communications or documents would be in the possession, custody, and control of Twist, not Mr. Osada, and it is unnecessary for Twist to obtain them from Mr. Osada. *See Free Stream Media Corp. V. Alphonso Inc.,* 2017 WL 6209309, *6 (N.D. Cal. 2017); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objections, Mr. Osada does not have any documents in his possession, custody, or control responsive to this request.

## Request No. 5

This request seeks "[a]ll Documents and Communications that You provided to, received from, or exchanged with Scorpion or Kir Kahlon."

Mr. Osada objects to this request on the grounds that any such information would have been located on his company-issued laptop, which was returned to Twist upon Mr. Osada's separation from the company. Accordingly, any such communications or documents would be in the possession, custody, and control of Twist, not Mr. Osada, and it is unnecessary for Twist to obtain them from Mr. Osada. *See Free Stream Media Corp. V. Alphonso Inc.,* 2017 WL 6209309, *6 (N.D. Cal. 2017); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objections, Mr. Osada does not have any documents in his possession, custody, or control responsive to this request.

## Request No. 6

This request seeks "[a]ll Communications with any Person about Twist, Emily M. Leproust, or James M. Thorburn following your departure from Twist."

Mr. Osada objects to this request to the extent that it seems irrelevant information, or information protected by the attorney-client privilege and work product doctrine. Mr. Osada further

# WheelerTriggO'Donnell LLP

February 5, 2026
Page 7

objects that this request is overly broad and unduly burdensome. In particular, the request calls for "Communications with any Person" without any temporal limitations or limitations on substance.

Subject to and without waiving any objections, Mr. Osada will not be responding to this request.

## Request No. 7

This request seeks "[a]ll Documents and Communications relating to your departure from Twist, including any post-employment contractual obligations to Twist."

Mr. Osada objects to this request on the grounds that much of this information would have been located on his company-issued laptop, which was returned to Twist upon Mr. Osada's separation from the company. Mr. Osada further objects to this request to the extent it seeks communications with such former coworkers that are on Twist's internal system, and thus, would be in the possession, custody, and control of Twist, not Mr. Osada. Accordingly, any such communications or documents would be in the possession, custody, and control of Twist, not Mr. Osada, and it is unnecessary for Twist to obtain them from Mr. Osada. *See Free Stream Media Corp. V. Alphonso Inc.,* 2017 WL 6209309, *6 (N.D. Cal. 2017); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objections, Mr. Osada responds as follows: Mr. Osada has identified non-privileged and potentially responsive documents in his possession, custody, or control. Undersigned counsel will work with Mr. Osada to obtain these documents in a manner that preserves the integrity of the documents, review them to confirm they are responsive and not protected by privilege, and produce any non-privileged responsive documents.

## Request No. 8

This request seeks "[a]ll Documents and Communications reflecting or relating to any compensation, benefits, or consideration You have received or expect to receive in connection with this Action."

Mr. Osada objects to this request to the extent it seeks irrelevant information or that protected by Rule 1.6 of the California of Professional Conduct, the attorney-client privilege, common interest doctrine, and/or work product doctrine.

Subject to and without waiving any objections, Mr. Osada does not have any responsive documents in his possession, custody, or control. He has not received and does not expect to receive any compensation, benefits, or consideration in connection with this Action.[4]

---

[4] Although not responsive to this request, Mr. Osada discloses that Bleichmar Fonti & Auld LLP is paying his attorneys' fees and costs in connection with this matter.

# Wheeler Trigg O'Donnell LLP

February 5, 2026
Page 8

**Request No. 9**

This request seeks "[a]ll Documents reflecting any direct or indirect financial interest You have held in Twist at any time, including all Documents relating to any purchases and sales of any Twist stock or other security issued by Twist."

Mr. Osada objects to this request to the extent that it seems irrelevant information. Mr. Osada further objects that this request is overly broad and unduly burdensome In particular, in that request calls for "all Documents" without any temporal limitations or limitations on substance. Subject to and without waiving any objections, Mr. Osada will not be responding to this request.

**Defendants' Amended Document Request (per January 21, 2026 Conferral Call)**

After our conferral call on January 21, 2026, Defendants agreed to narrow the scope of the subpoena to a single request for the following: "All communications with Plaintiff, its counsel, or any investigator, agent, or other person acting on behalf of Plaintiff or its counsel, that concern Twist Bioscience Corporation or this lawsuit (including all documents provided in connection with such communications)." You further stated that Defendants no longer seek Mr. Osada's text messages and will not otherwise require Mr. Osada to image his phone.

Subject to any without waiving any of the objections outlined below, Mr. Osada agrees to produce the documents and information in his possession he has identified as responsive to the narrowed scope of the subpoena that you provided on January 21, 2026, on a rolling basis before his deposition.

Please give me a call if you'd like to discuss any of the foregoing.

Best regards,

Kevin D. Homiak
Galen D. Bellamy