**JOINT CHART**

Pursuant to Rule 7(b) of Your Honor's Standing Order, Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago ("Plaintiff"); Joanna Lipinski and Eric Osada (the "Targeted FEs"); and Defendants Twist Bioscience Corporation ('Twist"), Emily M. Leproust, and James M. Thorburn (collectively, with Twist, "Defendants") attached the following joint chart to their Joint Position Statement with respect to the specific discovery requests from Plaintiff's First RFPs that are disputed by the parties.

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| Request 2: Documents sufficient to show each non-automated component, action, or process relating to the production or manufacture of a Twist Product, and any "internal account[ing] for the extra time that was necessary due to lack of automation," as alleged in, e.g., ¶79(b) of the Complaint. | Defendants object that this Request is vague and ambiguous, including as to the phrases "non-automated component, action, or process," "internal accounting for the extra time," and "necessary due to lack of automation," which are undefined, subjective, and susceptible to multiple interpretations, including what qualifies as "non-automated," which | Plaintiff proposes that Defendants produce prior to FE depositions the responsive documents bearing on the following FE allegations from the Complaint:<br><br>¶¶59-60, 63 (Twist sold products without an automated process, instead utilizing expensive, error-prone, manual labor, and | | |

1

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | processes are "relating to" the production or manufacture of a Twist Product, and how "extra time" is to be measured, tracked, or quantified. Defendants object that, as drafted, the Request is overbroad in scope, subject matter, and custodians, and is not proportional to the needs of the case. The Request seeks expansive categories of materials concerning alleged non-automated work across numerous product lines, facilities, and functions, without limitation to the operative alleged misstatements and topics actually at issue. Defendants further object to this Request to the extent that it seeks | resulting in poor quality and customer complaints); ¶72 (Twist was not able to achieve automation and was forced to rely on human touchpoints and manual steps to manufacture the Company's products, resulting in production errors); ¶79 (automating the manufacturing process was not a priority for Twist, and some steps in production had to be done manually, which was internally accounted for by Twist, and resulted in slower production times); ¶94(a) (Twist had operator errors and mishandling problems because of a lack of |  |  |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants object to the extent the Request seeks disclosure of confidential, proprietary, or trade secret information, including sensitive technical, manufacturing, or process-automation information. Defendants will not produce such information or documents except as permitted by, and subject to, appropriate confidentiality protections under a Protective Order. | automation, resulting in the contamination and reproduction of samples). | | |

3

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | Defendants object to the extent the Request seeks documents outside Defendants' possession, custody, or control, including documents held by third parties over whom Defendants have no legal right of control. Subject to and without waiving the foregoing objections, Defendants understand this Request as seeking non-privileged, existing documents within Defendants' possession, custody, or control sufficient to show, for Defendants DNA writer, any principal steps of the synthetic DNA and NGS tools production process that were performed manually. Defendants are willing to meet and confer |  |  |  |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | with Plaintiff regarding appropriate limitations to this Request. | | | |
| Request 10:  Twist's contracts with its customers for the purchase of Twist Products, including terms or concessions on pricing, discounts, rebates, returns, and warranties, as alleged in, e.g., ¶121 of the Complaint. | Defendants object that, as drafted, the Request is overbroad in scope, subject matter, and custodians, and is not proportional to the needs of the case. The Request seeks sweeping production of "contracts with its customers" and "any . . . concessions" across product lines, facilities, and years, untethered to the operative alleged misstatements or topics actually at issue, and would require burdensome collection and review of voluminous contracting files, negotiations, and individualized deal terms. Defendants object that the Request is vague and | Plaintiff proposes that Defendants produce prior to FE depositions the responsive documents bearing on the following FE allegations from the Complaint:

¶70(a) (when customers complained about missing, defective, or contaminated shipments, Twist re-made the product without receiving additional payment from the customer); ¶¶82-84 (to pacify customers who had received failed or defective products, Twist gave "serious | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | ambiguous, including as to the phrase "concessions," which is undefined and susceptible to multiple interpretations (e.g., negotiated terms, customer-specific accommodations, pricing variances, service credits), and fails to identify with reasonable particularity the product lines, custodians, facilities, date ranges, or document categories to be searched. Defendants object that customer-specific, contract-by-contract pricing, discounts, rebates, returns, and warranty terms are not relevant to any party's claims or defenses as framed, and in any event, any marginal probative value is substantially | discounts," would "comp" the product, or send replacement products to customers for free; and "so many customers were annoyed" with Twist NGS products that Twist "had to reiterate over and over and remake and gave it to customers for free"); ¶88 (Twist gave customers "steep" discounts on its products, sometimes up to 70%); ¶91 (Twist received customer complaints and sent replacements for spoiled products). | | |

6

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | outweighed by the undue burden and expense of collecting and producing customer-specific agreements and negotiation materials. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants object to the extent the Request seeks disclosure of confidential, proprietary, or trade secret information, including sensitive commercial terms and negotiations with |  |  |  |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | customers. Defendants will not produce such information or documents except as permitted by, and subject to, appropriate confidentiality protections under a Protective Order. Defendants further object to this Request as unduly burdensome and oppressive to the extent it seeks documents or information that are subject to agreements of confidentiality with third parties, including Twist's customers. Subject to and without waiving the foregoing objections, Defendants understand this Request as seeking non-privileged, existing documents within Defendants' possession, custody, or control |  |  |  |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | sufficient to show the final, standard form customer terms used for Twist's synthetic DNA and NGS tools products. Defendants are willing to meet and confer with Plaintiff regarding narrowing the scope of this Request. | | | |
| Request 13: Documents sufficient to identify and describe the instances in which Twist offered or provided a discount, rebate, price reduction, or replacement or complimentary product to a customer. | Defendants object that, as drafted, the Request is overbroad in scope, subject matter, and custodians, and is not proportional to the needs of the case. The Request seeks expansive categories of customer-specific pricing accommodations and remedial actions across all products and facilities, untethered to the operative alleged misstatements actually at issue, and would require burdensome | Plaintiff proposes that Defendants produce prior to FE depositions the responsive documents bearing on the following FE allegations from the Complaint:<br><br>¶70(a) (when customers complained about missing, defective, or contaminated shipments, Twist re-made the product without receiving | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | collection and review of voluminous contracting, sales, and customer-service materials. Defendants object that the Request is vague and ambiguous, including as to the phrase "complimentary product," which is undefined and susceptible to multiple interpretations (e.g., goodwill replacement, promotional sample, trial unit), and fails to identify with reasonable particularity the product lines, facilities, or document categories to be searched. Defendants object that customer-specific, individualized discounts, rebates, price reductions, and complimentary or replacement products are | additional payment from the customer); ¶¶82-84 (to pacify customers who had received failed or defective products, Twist gave "serious discounts," would "comp" the product, or send replacement products to customers for free; and "so many customers were annoyed" with Twist NGS products that Twist "had to reiterate over and over and remake and gave it to customers for free"); ¶88 (Twist gave customers "steep" discounts on its products, sometimes up to 70%); ¶91 (Twist received customer complaints and sent |  |  |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | not relevant to any party's claims or defenses as framed. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants object to the extent the Request seeks disclosure of confidential, proprietary, or trade secret information, including sensitive commercial terms and negotiations with customers. Defendants will not produce such information or documents | replacements for spoiled products). | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | except as permitted by, and subject to, appropriate confidentiality protections under a Protective Order. Subject to and without waiving the foregoing objections, Defendants understand this Request as seeking non-privileged, existing documents within Defendants' possession, custody, or control sufficient to show the standard customer policies actually in effect for discounts, rebates, and returns applicable to Twist's synthetic DNA and NGS tools products. Defendants are willing to meet and confer with Plaintiff regarding the scope of this Request. | | | |
| Request 17: The PowerPoints, reports, | Defendants object that this Request is vague and | Plaintiff proposes that Defendants produce | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| recordings, and other Documents presented, referenced, utilized, or created in connection with Performance Meetings (whether biweekly, monthly, or otherwise), department-level meetings, contamination meetings, Leadership Meetings, Operations Meetings, Development Meetings, Leproust's meetings concerning "product failures, quality control errors, and customer complaints," and Leproust's regular "business meeting" by Zoom to provide updates to the Company, as alleged in, e.g., ¶¶59, 62, 63, 66, 67, 69-71, 76-78, 82, 84, 85, 90 of | ambiguous, including as to the phrases "Performance Meetings," "department-level meetings," "contamination meetings," "Leadership Meetings," "Operations Meetings," "Development Meetings," "business meeting," "content posted to the Twist Intranet," and "presented, referenced, utilized, or created in connection with," which are undefined, susceptible to multiple interpretations, encompass much, if not all, of Twist's business, and lack any reasonable particularity. Defendants object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it | prior to FE depositions the responsive documents bearing on the following FE allegations from the Complaint:<br><br>¶¶59-60 (Twist executive meetings with Defendants Leproust included encouragement and recognition of manual processes and sacrifices of quality to ship Twist Products quickly); ¶63 (Twist executive meetings with Defendants Leproust included efforts to raise concerns being shut down); ¶69 (Twist executive meetings included Leproust reporting the Company's 10% error | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| the Complaint, including but not limited to minutes, calendar invitations, recordings, Zoom chats, content posted to the Twist Intranet, as well as documents sufficient to identify the attendees of such Meetings. | seeks minutes, calendar invitations, recordings, Zoom chats, intranet content, and attendee-identification documents for broad categories of recurring meetings across the Company, untethered to the operative alleged misstatements or topics actually at issue, and would require burdensome collection and review across extensive custodians and systems. Defendants further object that the Request is unreasonably cumulative and duplicative of other requests seeking customer-complaint and incident materials. Defendants further object to this Request to the extent that it seeks information that is | rate); ¶¶76-79 (Twist executive meetings with Lerpoust and other executives included in-depth discussion and analysis about "what was going on" with each of Twist's products, discussion of quality deficiencies and lack of automation, and dissemination of the phrase "good enough is good enough"); ¶90 (Twist executive meetings attended included discussion of cross-contamination and plant shutdowns and Leproust's knowledge thereof). | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants object to the extent the Request seeks disclosure of confidential, proprietary, or trade secret information, including sensitive technical, manufacturing, quality-control, or process-automation information. Defendants will not produce such information or documents except as permitted by, and subject to, appropriate confidentiality protections under a Protective Order. | | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | Subject to and without waiving the foregoing objections, Defendants understand this Request as seeking non-privileged, existing documents within Defendants' possession, custody, or control that reflect materials actually used in meetings specifically addressing product failures, quality-control errors, or customer complaints relevant to the efficacy of Twist's DNA writer. Defendants are willing to meet and confer with Plaintiff regarding the scope of this Request. | | | |
| Request 25: Documents and Communications of, with, among, or concerning Leproust and/or Thorburn relating to, among other things ... | Defendants object that, as drafted, the Request is overbroad in scope, subject matter, and custodians, unduly burdensome, and not proportional to the | Plaintiff proposes that Defendants produce prior to FE depositions documents responsive to the 8 subcategories of RFP 25 set forth in | | |

16

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| (iii) automation, or actual or potential efforts to automate Twist's production or manufacturing; (iv) human touchpoints or manual action, process, or labor to produce or manufacture Twist Product; (v) operator error and operator mishandling problems concerning the production of manufacture of a Twist Product; (vi) product quality or quality control; (vii) customer complaints, customer satisfaction, or customer experience; (viii) contamination; (ix) any actual or potential shut down of Your laboratory, production, | needs of the case. It seeks "Documents and Communications" for twelve expansive topical categories across the Company, untethered to the operative alleged misstatements that remain at issue, and would require burdensome collection and review across extensive custodians and systems. Defendants object that the Request is vague and ambiguous, including as to the phrases "human touchpoints or manual action, process, or labor," "operator error and operator mishandling problems," "customer satisfaction," "contamination," "any actual or potential shut down," and "replacement | Column 1 (of 12 original subcategories) bearing on the following FE allegations from the Complaint: ¶¶59-60 (Twist executive meetings with Defendants Leproust included encouragement and recognition of manual processes and sacrifices of quality to ship Twist Products quickly); ¶63 (Twist executive meetings with Defendants Leproust included efforts to raise concerns being shut down); ¶69 (Twist executive meetings included Leproust reporting the Company's 10% error rate); ¶70(a) (when | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| or manufacturing; [and] (x) customer contracts, pricing, discounts, rebates, or warranties relating to the sale of Twist Products…. | or complimentary products," which are undefined and susceptible to multiple interpretations. For purposes of this Request, Defendants will construe: "human touchpoints or manual action, process, or labor" to mean documented, non-automated steps in the synthetic DNA production workflow; "operator error and operator mishandling problems" to mean operator-caused events contemporaneously recorded by operations/quality that materially impacted yield, quality, or throughput; "customer satisfaction" to mean final, summary-level metrics or summaries actually presented | customers complained about missing, defective, or contaminated shipments, Twist re-made the product without receiving additional payment from the customer); ¶¶76-79 (Twist executive meetings with Leproust included in-depth discussion and analysis about "what was going on" with each of Twist's products, discussion of quality deficiencies and lack of automation, and dissemination of the phrase "good enough is good enough"); ¶¶82-84 (to pacify customers who had received failed or defective products, Twist gave "serious | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | externally for synthetic DNA in the timeframe of the statements at issue; "contamination" to mean contamination incidents contemporaneously recorded by operations/quality that materially impacted shipments or required holds/returns; "any actual or potential shut down" to mean documented temporary halts of lab or production operations recorded by operations/quality; and "replacement orcomplimentary products" to mean standard customer policies or final, public-facing statements concerning replacements, not discretionary, incident-level | discounts," would "comp" the product, or send replacement products to customers for free; and "so many customers were annoyed" with Twist NGS products that Twist "had to reiterate over and over and remake and gave it to customers for free"); ¶88 (Twist gave customers "steep" discounts on its products, sometimes up to 70%); ¶90 (Twist executive meetings included discussion of cross-contamination and plant shutdowns and Leproust's knowledge thereof); ¶91 (Twist received customer complaints and sent | | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | accommodations. The Request further fails to identify with reasonable particularity the specific facilities, product lines, or document categories to be searched. Defendants object that the Request is unreasonably cumulative and duplicative of other requests that seek documents regarding automation, production/manufacturing, operator error, quality/complaints, returns/replacements, customer contracts/discounts/rebates, and financial metrics. Defendants object to the extent the Request seeks documents or information concerning statements, offerings, or topics that | replacements for spoiled products). | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | have been dismissed or are otherwise not at issue pursuant to the Court's Order. Any such materials are irrelevant and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants object to the extent the Request seeks disclosure of confidential, proprietary, or trade secret information, including sensitive technical, | | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
| | manufacturing, logistics, and customer-specific commercial information. Defendants will not produce such information or documents except as permitted by, and subject to, appropriate confidentiality protections under a Protective Order. Defendants object that the "Documents and Communications of, with, among, or concerning" formulation is vague and invites dispute as to sufficiency, and improperly seeks to impose on Defendants an obligation to curate, summarize, or create proof beyond producing existing, non-privileged documents. Subject to and without waiving the foregoing | | | |

| Document Request (or portions thereof) that Plaintiff Asks That Defendants Complete Prior to the FE Depositions (quoted from Plf's Oct. 17, 2025 First RFPs) | Objecting Party's Response or Objection (quoted from Ds' Nov. 17, 2025 R&Os) | Plaintiff's Proposed Compromise | Defendants' Proposed Compromise: | For the Court's Use |
|---|---|---|---|---|
|  | objections, Defendants are willing to meet and confer regarding the scope of this Request. |  |  |  |