JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     (415) 773 5700
Facsimile:     (415) 773 5759

JAMES C. RUTTEN (State Bar No. 201791)
james.rutten@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

ACHYUT J. PHADKE (SBN 261567)
achyut.phadke@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
TWIST BIOSCIENCE CORPORATION, EMILY
M. LEPROUST, and JAMES M. THORBURN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>    Defendants. | Case No. 5:22-cv-08168-EKL (SVK)<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING EXHIBITS FILED IN CONNECTION WITH LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:    Honorable Susan van Keulen |

Defendants Twist Bioscience Corporation ("Twist"), Emily M. Leproust, and James M. Thorburn (collectively "Defendants"), by and through their undersigned counsel, apply for an order pursuant to Civil Local Rule 79-5(f)(3) permitting the sealing of Exhibit 2, Exhibit 3, and parts of Exhibit 1 to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, filed in connection with Lead Plaintiff's Motion to Certify Class.

Material associated with class certification may be sealed upon a showing of "compelling reasons." *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Compelling reasons exist where disclosure of information would risk competitive harm by revealing confidential business strategy. *See Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("compelling reasons" include "sources of business information that might harm a litigant's competitive standing"); *Lawson v. Grubhub, Inc.*, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (business information that can cause competitive harm may include "pricing, profit, and customer usage information kept confidential by a company").

Exhibit 2-3 and the portions of Exhibit 1 listed in the chart below (which quote from Exhibits 2-3) are confidential materials provided to Twist's Board of Directors. These materials contain competitively sensitive and valuable information to Twist's business operations, including nonpublic financial data, trends, and detailed revenue reports focused on specific customers and markets; internal operational metrics including production volumes, turnaround times, and performance indicators; and strategic planning about actual or potential partnership, product, and market opportunities. Disclosure of this information would provide competitors with competitively sensitive information about Twist's business and strategy. *See* Declaration of Adam Laponis in Support of Sealing Exhibits ("Laponis Decl.") ¶¶ 4-6. Courts routinely seal such information from public disclosure. *See Iron Workers Local 580 Joint Funds v. Nvidia Corporation*, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026) (granting motion to seal "materials sent to NVIDIA's Board of Directors, reflecting highly confidential business, financial, and accounting information, data, and projections"); *eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (granting motions to seal documents containing business operation and strategy information that could harm competitive standing); *Grace v. Apple, Inc.*, 2019 WL

-2-                                    Case No. 5:22-cv-08168-EKL (SVK)
DEFENDANTS' STATEMENT IN SUPPORT OF SEALING

12288173, at *2-3 (N.D. Cal. Aug. 22, 2019) (granting motion to seal portions of documents including detailed information about the "workings of Apple's products and the metrics it uses to evaluate those products internally").

Twist ensures confidentiality of the documents it seeks to seal through its contractual agreements with employees and board members and through its policies and practices, among other things. *See* Laponis Decl. ¶ 5.

Public filing of these documents would threaten Twist's competitive standing. *See* Laponis Decl. ¶ 6. Competitors could utilize internal information about Twist's performance, reverse-engineer its analytics and decision-making frameworks, and copy or take account of Twist's business strategies. Courts routinely seal detailed financial information to protect against such competitive harm. *Avocent Huntsville, LLC v. ZPE Sys., Inc.*, 2018 WL 1411100, at *2 n.3 (N.D. Cal. Mar. 21, 2018) (citing *Apple Inc. v. Samsung Elecs. Co., LTD.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)) (explaining that a company had a "significant interest" in protecting its "confidential, product-specific financial information"); *Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Co.*, 2018 WL 11462812, at *2 (D. Alaska Oct. 31, 2018) (concluding that information about revenues from different types of products and the value of a company's business in certain products are trade secrets within the definition adopted by the Ninth Circuit and granting motion to seal that information); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (granting plaintiff's motion to seal portions of its own complaint containing specific revenue information about its advertising products because disclosure could give competitors an unfair advantage in the development of rival products).

The vast majority of the information in these board materials is not relevant to the proposition for which it is cited or to Lead Plaintiff's Motion to Certify Class. Accordingly, sealing that information does not implicate the public's right of access. *See Overstock.com, Inc. v. Goldman Sachs Grp., Inc.*, 231 Cal. App. 4th 471, 497 (2014); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010). For example, Exhibit 2 contains 58 pages of confidential material, and Lead Plaintiff cites only two phrases from one page. *See* ECF 150-2 at 5.

For the foregoing reasons, Defendants request that these exhibits be maintained under seal to protect Twist's confidential business information, as detailed in the chart below.

| ECF No. | Document | Portion(s) to Seal | Reason for Sealing |
|---|---|---|---|
| 150-2 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Exhibit 1 | Highlighted Portions of Page 5, Lines 10-13 | Contains confidential information related to Twist's business, including nonpublic operational information. *See* Laponis Decl. ¶¶ 4-6. Public disclosure of this information would cause competitive harm to Twist. *Id.*; *see also Iron Workers Local 580 Joint Funds v. Nvidia Corporation*, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026) (granting motion to seal board materials reflecting highly confidential business, financial, and accounting information, data, and projections). |
| 150-3 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Exhibit 2 | Entire Document | Contains confidential information related to Twist's business operations, including nonpublic financial data, operational metrics, and strategic plans. *See* Laponis Decl. ¶¶ 4-6. Public disclosure of this information would cause competitive harm to Twist. *Id.*; *see also Iron Workers Local 580 Joint Funds v. Nvidia Corporation*, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026) (granting motion to seal board materials reflecting highly confidential business, financial, and accounting information, data, and projections). |
| 150-4 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Exhibit 3 | Entire Document | Contains confidential information related to Twist's business operations, including nonpublic financial data, operational metrics, and strategic plans. *See* Laponis Decl. ¶¶ 4-6. Public disclosure of this information would cause competitive harm to Twist. *Id.*; *see also Iron Workers Local 580 Joint Funds v. Nvidia Corporation*, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026) (granting motion to seal |

| | | | board materials reflecting highly confidential business, financial, and accounting information, data, and projections). |
|---|---|---|---|

A proposed order granting the application is enclosed.

DATED:  March 20, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP
MUNGER, TOLLES & OLSON LLP

By:      /s/ Achyut J. Phadke
     ACHYUT J. PHADKE

Attorneys for Defendants TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN