# STIPULATION EXHIBIT A

**Proposed Notice Order**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | Case No. 5:22-cv-08168-EKL<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE**<br><br>**EXHIBIT A**<br><br>Hon. Eumi K. Lee |

WHEREAS, a class action is pending before the Court entitled *Peters v. Twist Bioscience Corp., et al.*, Case No. 5:22-cv-08168-EKL (N.D. Cal.) (the "Litigation");

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated April 30, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2) as being fair, reasonable, and adequate.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length, and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Robert A. Meyer of JAMS; (ii) eliminating risks to the Parties of continued litigation; (iii) falling within a range of reasonableness warranting final approval; (iv) having no obvious deficiencies; and (v) sufficiently fair, reasonable, and adequate to warrant notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below. The Court further finds that the confidential agreement establishing the conditions under which Defendants may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement.

3.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, its Related Parties, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against Defendants and their Related Parties (other than continuing proceedings related to the Settlement).

4.    **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2026 [at least one hundred and fifteen (115) calendar days from the date of this Order], at __:__ _.m., in Courtroom 7, 4th Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113.

(a)    The purposes of the Final Approval Hearing shall be to: (i) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.19 of the Stipulation should be entered herein; (iii) determine whether to dismiss the Litigation on the merits and with prejudice; (iv) determine whether the Parties' mutual releases of the Released Claims as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute any Released Claims extinguished by the Settlement; (v) determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Plaintiff should be finally certified as Settlement Class Representative for the Settlement Class, and whether Lead Counsel should be finally appointed as Settlement Class Counsel for the Settlement Class; (vi) determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (vii) consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for awards to Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); (viii) consider Settlement Class Members' responses to the Settlement, Plan of Allocation, or Lead Counsel's or Plaintiff's application(s); and (ix) consider such other matters the Court deems appropriate.

2

(b)    The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind where to do so would not impair Settlement Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Final Approval Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website maintained by the Claims Administrator.

5.    **Class Certification**.

(a)    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class comprised of all Persons who purchased or otherwise acquired Twist common stock (a) in the December 2020 Offering pursuant to the 2020 Registration Statement, and were damaged thereby; and/or (b) during the Class Period of December 20, 2018 through November 15, 2022, both inclusive, and were damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of Twist and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) Twist's employee retirement and benefit plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

(b)    Pursuant to Rule 23, and for purposes of settlement only, the Court hereby preliminarily certifies Plaintiff as Settlement Class Representative and Bleichmar Fonti & Auld LLP as Settlement Class Counsel.

3

6.     **Settlement Class Findings**.  With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the factors set out in Federal Rule of Civil Procedure 23(b)(3)(A)-(D).

7.     **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim and Release Form (the "Proof of Claim"), and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended, and the rules of this Court.

8.     **Retention of Claims Administrator and Manner of Notice**.  Lead Counsel is hereby authorized to retain Simpluris, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     No later than _____, 2026 (the "Notice Date") [a date that is twenty-one (21) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice, substantially in the form annexed hereto, by First-Class

4

Mail to (i) all Settlement Class Members who can be identified with reasonable effort, and (ii) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors.  Further, on the Notice Date, the Notice, Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits shall be posted on the website to be established by the Claims Administrator for the purpose of providing information concerning the Settlement to Settlement Class Members and for online claim submission by Settlement Class Members;

(b)    No later than _____, 2026 [a date that is fourteen (14) calendar days from the date of this Order], the Claims Administrator shall cause the Summary Notice to be published once in a national news publication, and once over a national newswire service; and

(c)    On or before _____, 2026 [a date that is fourteen (14) calendar days prior to the Final Approval Hearing], Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting of the Summary Notice.

9.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts incurred and/or disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

10.    **Nominee Procedures**.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Twist common stock during the Class Period as record owners but not as beneficial owners.  Such nominees shall (a) send the Notice to such beneficial owners of such Twist common stock within seven (7) calendar days after receipt thereof, or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  Nominees who choose the first option must send a statement to

5

the Claims Administrator confirming that the mailing was made and must retain their mailing records for use in connection with any further notices that may be provided in the Litigation. Upon nominees' full and timely compliance with these directions, such nominees may seek reimbursement out of the Settlement Fund solely of their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, subject to further order of this Court with respect to any dispute concerning such compensation.

11.    **Participation in the Settlement**. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

(a)    Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **no later than _____, 2026 [a date that is ninety (90) calendar days after the Notice Date]**. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Parties asserting, concerning, arising out of, or relating to the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, and Lead Counsel shall also have the discretion (but not the obligation) to direct the Claims Administrator to waive what Lead Counsel deems to be de minimis or formal or technical defects in any claims submitted. No

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE — CASE NO. 5:22-cv-08168-EKL

Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

(b)    A Proof of Claim must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation:  (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of such person's current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    **Exclusion from the Settlement Class**.  Any Person who desires to request exclusion from the Settlement Class shall do so by submitting a written request for exclusion to the Claims Administrator, which must be timestamped (for online submissions) or received by the Claims Administrator **no later than ___ , 2026 [a date that is twenty-one (21) calendar days prior to the Final Approval Hearing]**.  The request for exclusion must:  (i) include the person's or entity's name, address, and telephone number; (ii) state that the person or entity wishes to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all Twist common stock purchased and/or sold during the Class Period; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion shall be effective unless it is timely and provides the required information.  Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such

7

request(s) and provide them copies of such request(s) and the documentation accompanying them by electronic mail.  All Persons who submit valid and timely requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.  The Claims Administrator shall provide Lead Counsel and Defendants' Counsel with copies of all requests for exclusion as expeditiously as possible and, in any event, not more than five (5) business days after receipt by the Claims Administrator.

13.    **Appearance and Objections at Final Approval Hearing**.  Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If he, she, or it does not enter an appearance, he, she, or it will be represented by Lead Counsel.

(a)    Any Settlement Class Member may file a written objection to the proposed Settlement and show cause (i) why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, (ii) why the Judgment should or should not be entered thereon, (iii) why the Plan of Allocation should or should not be approved, and/or (iv) why attorneys' fees and expenses should or should not be awarded to Lead Counsel or awards granted to Plaintiff.  All written objections and supporting papers must (a) clearly identify the case name and number (*Peters v. Twist Bioscience Corp., et al.*, Case No. 5:22-cv-08168-EKL (N.D. Cal.), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, at the address below, and (c) be filed or postmarked on or before  _____, **2026 [a date that is twenty-one (21) calendar days prior to the Final Approval Hearing]**.

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
Robert F. Peckham Federal Building &

8

United States Courthouse
280 South 1st Street, Room 2112
San Jose, California 95113

To object, a Settlement Class Member must send a letter saying that he, she, or it objects to the Settlement in *Peters v. Twist Bioscience Corp., et al.*, Case No. 5:22-cv-08168-EKL (N.D. Cal.), which must:   (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of shares of Twist common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or the awards to Plaintiff, unless otherwise ordered by the Court.

(b)    Attendance at the Final Approval Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.

(c)    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

(d)    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses and awards to Plaintiff, shall be approved.

14.    **Settlement Fund**.  The Court approves the establishment of the Escrow Account into which the Settlement Amount will be deposited for the benefit of the Settlement Class.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court,

9

and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15.    **Supporting Papers**.  All opening papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses and awards to Plaintiff shall be filed and served **on or before _____, 2026** [a date that is fifty-six (56) calendar days prior to the Final Approval Hearing].  Any reply papers in response to objections shall be filed and served **on or before _____, 2026** [a date that is seven (7) calendar days prior to the Final Approval Hearing].

16.    Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses and award to Plaintiff submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed or incurred pursuant to ¶¶2.10 and 2.11 of the Stipulation.

18.    **Use of this Order**.  Neither this Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it:  (i) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission, including with respect to any statement or written document attributed to, approved or made by, any Defendant in any civil, criminal, or

10

administrative proceeding in any court, administrative agency, or other forum or tribunal; provided that Defendants and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

19. **Termination**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Parties shall be deemed to have reverted to their respective positions in the Litigation as of March 31, 2026.

20. **Stay of Proceedings**. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiff, nor any of Plaintiff's Related Parties, nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Defendants or their Related Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. **CAFA Notice.** The Parties have indicated that Defendants have complied with the requirements of 28 U.S.C. § 1715 *et seq.* by providing proper notice to the appropriate federal official and state officials specified in the statute within ten (10) calendar days after the proposed Settlement was filed, which ensures that the Final Approval Hearing will be held at least ninety (90) days after the appropriate federal official and state officials were served. Defendants shall file proof of compliance with CAFA with the Court at least seven (7) calendar days prior to the Final Approval Hearing.

22.     **Taxes.**  Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     **Jurisdiction**.   The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED:_____                    _____
                                               Honorable Eumi K. Lee
                                               United States District Judge

12