# STIPULATION EXHIBIT B

**Proposed Judgment**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,

Defendants.

Case No. 5:22-cv-08168-EKL

CLASS ACTION

**[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT**

**EXHIBIT B**

Hon. Eumi K. Lee

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice ("Notice Order") dated _____, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated April 30, 2026 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction over the subject matter of the Litigation and all matters relating to the Settlement, and personal jurisdiction over all Parties to the Litigation, including all Members of the Settlement Class.

2.      Excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class, [as identified in Exhibit A hereto].

3.      All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

4.      For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (i) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the factors set out in Federal Rule of Civil Procedure 23(b)(3)(A)-(D).

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as:

> All Persons who purchased or otherwise acquired Twist common stock (a) in the December 2020 Offering pursuant to the 2020

1

Registration Statement, and were damaged thereby; and/or

(b) between December 20, 2018 through November 15, 2022, both

inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of Twist and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) Twist's employee retirement and benefit plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

6.     Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Lead Plaintiff as Settlement Class Representative for the Settlement Class, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class Counsel. Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented the Settlement Class and satisfied the requirements of Federal Rule of Civil Procedure 23.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Litigation, as provided for therein) and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (ii) the proposal was the product of informed, arm's length negotiations among competent, able counsel; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any

2

proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; (v) there was no collusion in connection with the Stipulation; and (vi) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein; *provided, however,* that such dismissal is without prejudice with respect to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class.

9.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

10.    The terms of the Stipulation and of this Judgment shall be forever binding on the Parties, their respective Related Parties, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form ("Proof of Claim") or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

11.    Upon the Effective Date, and as provided in the Stipulation, Plaintiff, its Related Parties, and the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties (including Defendants' Counsel).  All such Releases shall be effective whether or not any Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement

3

Fund, and whether or not such Settlement Class Member objects to the Settlement. Claims to enforce the terms of the Stipulation are not released. For the avoidance of doubt, the releases herein do not include any claims: (i) that may be asserted derivatively against or on behalf of any Defendant, including claims asserted in *Shumacher v. Leproust, et al.*, No. 1:23-cv-01048-UNA (D. Del.) and any other pending derivative actions brought on behalf of Twist; (ii) that any Defendant, and/or their Related Parties, may have against any other Defendant and/or their Related Parties; and/or (iii) any claims relating to the enforcement of the Settlement.

12.      Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, Plaintiff's Related Parties (including Plaintiff's Counsel), and Settlement Class Members from all Released Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of: (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

13.      Upon the Effective Date, and as provided in the Stipulation, the Parties, their respective Related Parties, and the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, waived the provisions, rights, and benefits of California Civil Code § 1542 and any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542. Section 1542 provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Parties, their respective Related Parties, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, they, or it now know(s) or believe(s) to be true with respect to the subject matter of the Released Claims. Nevertheless, upon the Effective Date, the Parties, their respective Related Parties, and Settlement Class Members shall be deemed

4

to have, and by operation of this Judgment shall have, expressly fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

14. Upon the Effective Date, Plaintiff, each of Plaintiff's Related Parties, and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through, under, or on behalf of them, are and shall be forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and/or their Related Parties, and each of them.

15. Upon the Effective Date, any and all future claims for contribution or indemnity (or any other claim or claim-over, however denominated, for which the injury claimed is that person's or entity's alleged liability to Plaintiff or Settlement Class Members) among and against Plaintiff, Plaintiff's Related Parties, any and all Settlement Class Members, Defendants, and Defendants' respective Related Parties arising out of the Litigation and Released Claims are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"), provided, however, that the Bar Order shall not preclude either (i) Defendants from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that Defendants may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

16. Notwithstanding any of the foregoing, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

17. The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed

Settlement of Class Action, and Summary Notice in accordance with the Notice Order entered on _____, 2026: (i) complied with the terms of the Stipulation and the Notice Order; (ii) constituted the best notice practicable under the circumstances; (iii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (iv) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (v) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. § 77z-1(a)(7) and 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment [except those persons listed on Exhibit 1 to this Final Judgment].

18.     Twist has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Twist timely mailed, or caused to be mailed, notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorney General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Twist has complied in all respects with the notice requirements of CAFA. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to any plan of allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment.

[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT — CASE NO. 5:22-cv-08168-EKL

19.    Neither this Judgment, the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of any of the Defendants or any of their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission, including with respect to any statement or written document attributed to, approved or made by, any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding, or other forum or tribunal.

20.    Defendants and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

21.    Without affecting the finality of this Judgment in any way, this Court shall retain jurisdiction with respect to: (a) implementation and enforcement of the Settlement and terms of the Stipulation; (b) disposition and distribution of the Settlement Fund including interest earned thereon; and (c) determining attorneys' fees, expenses, and awards in the Litigation.  All Parties hereto submit to the jurisdiction of the Court for purposes of construing, implementing, and enforcing the Settlement embodied in the Stipulation.

22.    The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

23.    Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with

7

this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Stipulation.

24.    If the Effective Date does not occur because there is a failure of a condition set forth in ¶8.1 of the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Litigation as of March 31, 2026.

25.    The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members.  Lead Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

26.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:_____          _____

Honorable Eumi K. Lee
United States District Judge

[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT — CASE NO. 5:22-cv-08168-EKL