# EXHIBIT 2

**Declaration of
Jacob Kamenir**

Adam C. McCall (SBN 302130)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel: (415) 445-4003
Fax: (415) 445-4020

Joseph A. Fonti (*pro hac vice*)
Nancy A. Kulesa (*pro hac vice*)
George N. Bauer (*pro hac vice*)
Benjamin F. Burry (*pro hac vice*)
Thayne Stoddard (*pro hac vice*)
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960
jfonti@bfalaw.com
nkulesa@bfalaw.com
gbauer@bfalaw.com
bburry@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff Policemen's
Annuity and Benefit Fund of Chicago and
Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated, | Case Number: 5:22-cv-08168-EKL |
| | CLASS ACTION |
| Plaintiffs, | **DECLARATION OF JACOB KAMENIR ON BEHALF OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC. IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| v. | |
| TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN | |
| Defendants. | Courtroom: 7, 4th Floor |
| | Judge: Honorable Eumi K. Lee |

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

I, Jacob J. Kamenir, hereby declare as follows:

1. Under penalties as provided by law pursuant to 28 U.S.C. § 1746, I certify that the statements set forth in this declaration are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify that I believe the same to be true.

2. I am Vice President of Notice at Simpluris, Inc. ("Simpluris").[1] Simpluris is a national full-service class action notice and claims administrator.

3. I am an attorney licensed to practice in the State of Minnesota and I hold a Master of Science in Industrial Administration (a variant of an MBA) from Purdue University. I have an extensive background in data analytics and legal marketing, and co-lead Simpluris's legal noticing team. I have developed and overseen, in whole or in part, hundreds of class notice plans and administrations, and have given both written and oral testimony on class notice and administration procedures in federal and state courts.

4. The following statements are based on my personal knowledge and information provided by other Simpluris employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

### SIMPLURIS EXPERIENCE

4. Simpluris has been administering class action settlements for over fifteen years, in which time we have been appointed in over 10,000 cases and distributed over $10 billion in funds. Our leadership team has nearly 100 years of combined industry experience that includes some of the largest class action administrations in the United States, including *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.) and *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.). Recent representative cases include *Cullen v. Ryvyl Inc.*, No. 23-cv-0185 (S.D. Cal.); *Wang v. Ampio Pharma., Inc.*, No. 22-cv-2105 (D. Colo.); *Crivellaro v. Singularity Future Tech. Ltd.*, No. 22-cv-7499 (E.D.N.Y.); *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated April 30, 2026, and filed contemporaneously herewith.

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

Diego); *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda); *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles); *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara); *Starke v. Stanley Black & Decker Inc.*, Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore); and *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.).

5.      Simpluris was selected by Lead Counsel Bleichmar Fonti & Auld LLP ("Lead Counsel" or "BFA") to serve as the Claims Administrator for this Action, subject to the approval of the Court, after submitting a detailed proposal in response to a request for proposals received from BFA. Simpluris's proposal included information on its proposed pricing for the engagement including its per-claim fees for claims processing and per-unit fees for others costs such as printing Notice postcards, and postage, telephone, and website services. Other than in this action, BFA has engaged Simpluris in one derivative matter in the past two years and has not otherwise engaged Simpluris in any securities class action.

## PRIVACY AND SECURITY

6.      Simpluris maintains robust data and cybersecurity practices, controls, and procedures. These include the use of layered, industry-leading software and hardware systems to prevent both external and internal unauthorized access to sensitive client and company data. Unique among other administrators, Simpluris has developed a comprehensive, integrated administration system, Cadence, which was designed specifically to provide the highest level of data privacy and anti-intrusion security. Our systems are monitored, tested, and constantly upgraded by a highly experienced team of IT professionals, and systemwide security is overseen directly by our CTO.

7.      Simpluris is SOC 2 Type 1 and Type 2 certified. SOC 2 is a standard developed by the American Institute of CPAs (AICPA) to ensure that customer data is handled in a way that meets strict security, availability, integrity, confidentiality, and privacy standards. Certification

requires an extensive audit of all aspects of company data practices by a qualified independent CPA or accounting firm.

8.      As an approved Redress Administrator for the Federal Trade Commission (FTC), and approved Fund Administrator for the Securities and Exchange Commission (SEC), Simpluris maintains Federal Information Security Management Act (FISMA) and National Institute of Standards and Technology (NIST) certification for data security.

9.      All Simpluris employees are required to undergo HIPAA training.

10.     Simpluris will access and handle Settlement Class Member data solely for the purpose of administering this Settlement.

11.     Simpluris has implemented these privacy and security procedures successfully in prior matters and will utilize the same here.

### OVERVIEW

12.     Simpluris has been selected by Lead Counsel to be the Claims Administrator for the Settlement in the above-captioned case, and this declaration details Simpluris' duties and responsibilities.

13.     If approved by the Court, Simpluris will be charged with, among other responsibilities:

a.  Establishing and maintaining an Interactive Voice Response ("IVR") settlement toll-free telephone number that will be available 24 hours a day and offer answers to frequently asked questions ("FAQs") and the option to speak with live agents during business hours;

b.  Establishing and maintaining a settlement-specific email inbox which will be monitored for Settlement Class Member inquiries;

c.  Developing and maintaining an interactive Settlement Website (defined at ¶ 29 below) that will host relevant settlement documents; allow eligible Settlement Class Members to submit claims electronically and elect to receive their payments

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

4

digitally or by check; and comply with data privacy requirements, including a detailed privacy policy;

d. Processing incoming claims, requests for exclusion, objections, and related class correspondence;

e. Sending a postcard summary notice of the Settlement to all Settlement Class Members who can be identified with reasonable effort, and brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors; the Notice will provide information on how to file a claim, the deadline to do so, and other relevant dates including the date of the Final Approval Hearing;

f. Causing the Summary Notice to be published once in a national news publication (*Investors' Business Daily*), and once over a national newswire service (*PR Newswire*);

g. Calculating the amounts due to each Settlement Class Member pursuant to the Court-approved Plan of Allocation;

h. Processing distributions from the Net Settlement Fund to Settlement Class Members who make valid claims;

i. Preparing and filing all applicable tax forms and tax returns with state and federal agencies;

j. Reporting on the status of the claims and distribution as required by Lead Counsel and the Court; and

## NOTICE PLAN

14. The Notice Plan described herein is designed using best practices and techniques commonly used in similar cases and approved by both federal and state courts.

15. "Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

5

16.     Based on communications with Lead Counsel, Simpluris expects to receive data provided by Defendant Twist Biosciences Corporation's securities transfer agent that will identify Settlement Class Members and provide, where available, postal and/or email addresses for potential Settlement Class Members. Once the class data is received and analyzed, Simpluris will execute the direct notice program described below.

17.     **Notice by U.S. Mail**. Simpluris will use the United States Postal Service ("USPS") to send the Notice to all Settlement Class Members for whom a postal address is available. The Notice will direct Settlement Class Members to the Settlement Website and provide other details of the Settlement, as well as include other methods that Settlement Class Members may use to obtain information about the Settlement (*e.g.*, via email, using a toll-free phone number, or by regular mail).

18.     Prior to mailing the Notice, Simpluris will update the mailing address information for Settlement Class Members via the USPS National Change of Address (NCOA) database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS. Additionally, all addresses will be processed through the USPS Coding Accuracy Support System (CASS) and Locatable Address Conversion System (LACS) to ensure deliverability.

19.     Notices that are returned to Simpluris by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS, and the Settlement Class Member database will be updated accordingly.

20.     Notices that are returned to Simpluris by the USPS without a forwarding address will be processed through a public records address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, and other sources, to locate updated postal addresses. When a new address is identified, the Settlement Class Member database will be updated with the new address information and the Notice will be re-mailed to that address.

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

6

21.     Many potential Settlement Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – i.e., the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers.  Simpluris maintains a proprietary database with the names and addresses of the largest and most common banks, brokers, and other nominees. Simpluris will cause the Notice to be sent by First-Class mail and/or email to the entities on this list.

22.     If any of these entities request that Simpluris either send notice on its behalf, or send notices to them for dissemination, Simpluris will timely honor either request.

23.     Ultimately, Simpluris estimates that it will mail and/or email a total of approximately 53,500 Notices to potential Settlement Class members and nominees. Based on recent securities class action settlements that are generally comparable to this case, we expect an approximate claims rate of between 30% and 50% of the Notices mailed, which translates to approximately 16,050 – 26,750 claims.[2]

24.     **Media Notice**. Simpluris will cause to have the Summary Notice published in a widely recognized and respected national financial news publication, *Investor's Business Daily*, as well as on banner advertisements on top stock market trend websites, and social media advertisements to users who follow stock tracking accounts. The Summary Notice will be published in either publication as a quarter-page black and white notice.

25.     **Press Release.** A press release including the Summary Notice will be distributed via *PR Newswire*'s U.S. National Newsline (US1), which reaches thousands of journalists, newsrooms, and online news outlets across the country.

---

[2] For reference, the following cases were used in determining this range, and were selected because they are recent examples of cases where Simpluris served as the claims administrator and in which there were similar alleged claims and similar methods of dissemination of notice: *Cullen v. Ryvyl Inc.*, No. 23-cv-0185 (S.D. Cal.) (28,718 total claims); *Wang v. Ampio Pharma., Inc.*, No. 22-cv-2105 (D. Colo.) (24,159 total claims); and *Crivellaro v. Singularity Future Tech. Ltd.*, No. 22-cv-7499 (E.D.N.Y.) (24,683 total claims).

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

7

26.     **Settlement Website.** Prior to disseminating the Notices, Simpluris will establish and maintain a case-specific website (the "Settlement Website"), which will inform Settlement Class Members of the terms of the Settlement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in .pdf format and available for download, the Notice, Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits, as well as other important case documents and/or documents required by the Court. The Long-Form Notice includes additional detailed information, including in question-and-answer format, as well as copies of the Stipulation and other relevant documents such as online opt-out and objection forms. The Settlement Website shall also provide Settlement Class Members with the ability to complete and submit the Claim Form electronically, and to select their preferred method of payment.  The Settlement Website will also include an exclusion form whereby potential Settlement Class Members may seek exclusion from the Settlement Class by completing the form and providing the information required by the Court-approved Long-Form Notice.

27.     **Contact Center.** A toll-free telephone number devoted to this case will be implemented and maintained to further apprise Settlement Class Members of their rights and options in the Settlement. The toll-free telephone number will be listed in the Notice, the Long-Form Notice, and on the Settlement Website. The toll-free telephone number will utilize an Interactive Voice Response (IVR) system to provide Settlement Class Members with responses to frequently asked questions (FAQs) and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week. To the extent the IVR system is unable to resolve a caller's questions, the caller will be invited to leave a voicemail with their contact information, and a live agent will return their call.

## CLAIMS ADMINISTRATION

28.     The primary way for Settlement Class Members to file a claim will be online via the Settlement Website. The online Claim Form will be designed to be easily accessible and viewed from all types of electronic devices.

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

8

29.     Settlement Class Members who prefer to file a paper Claim Form will have the opportunity to download a printable copy of the form from the Settlement Website, or to request that a Claim Form be mailed to them.

30.     After filling out a Claim Form either online or on paper, Settlement Class members wishing to be eligible to receive a distribution will also need to provide adequate supporting documentation for the transactions and holdings in Twist common stock reported therein.

31.     Each Claim received by Simpluris will be reviewed upon receipt to verify that all required information has been provided. The documentation provided with each Claim will be reviewed for authenticity and compared to the information provided in the Claim to verify the Claimant's identity and the purchase/acquisition, sale, and holding information. Simpluris will process each Claim in accordance with the Court-approved Plan of Allocation using the loss calculation module developed for the Settlement.

32.     Simpluris will provide Lead Counsel timely reports on the claims submitted.

33.     Dispute resolution for claims will be conducted in accordance with the Court-approved Plan of Allocation, and in consultation with Lead Counsel. Simpluris will timely notify Lead Counsel of any disputed claims.

34.     In addition, if a Claim is determined to be defective, a deficiency notification will be sent to the Claimant, via letter or email, describing the deficiency in the Claim including, where applicable, what is necessary to cure the deficiency. The deficiency notification will also advise Claimants how much time they have to submit the appropriate information and/or documentary evidence to complete/cure their Claim. If the deficiency in the Claim is not cured, the Claim will be recommended for rejection (in whole or in part). The deficiency notification will also advise Claimants of their right to contest Simpluris's administrative determination with respect to their Claim and to request Court review of their Claim.

35.     Simpluris will immediately notify Lead Counsel if any requests for exclusion or objections are received.

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

9

**SETTLEMENT DISBURSEMENTS**

36.     Simpluris will ensure that all federal and state statutory and regulatory tax filing and reporting requirements for the Settlement Fund are fully complied with and completed.

37.     Once the deadline for Settlement Class Members to submit Claim Forms has passed and after the Claims (and responses to deficiency notifications) have been fully processed, quality assurance reviews performed, and final administrative determinations have been made as to which Claims are valid, Lead Counsel will present Simpluris's administrative report on the Claims received for the Settlement to the Court, along with a proposed plan for distribution. Thereafter, upon Court approval, Simpluris will distribute the net Settlement proceeds to eligible Settlement Class members *pro rata* based upon each Claim's recognized loss amount as calculated pursuant to the Court-approved Plan of Allocation, the total recognized losses of all eligible Claims, and the amount available for distribution.

38.     Distributions from the Net Settlement Fund will be sent to Authorized Claimants via check or wire with, in the case of check payments, a specified period for each to cash their payment (typically 90 days). For any checks that are not cashed, Simpluris will conduct an outreach campaign to encourage cashing and to provide Authorized Claimants with reissued checks where applicable.

39.     The procedure described above is the standard claims administration process for all securities class action settlements handled by Simpluris.

40.     When appropriate, tax documents will be mailed to Settlement Class Members who select payment by check, and emailed to Settlement Class Members who select a digital payment option.

41.     Any mailed Settlement disbursement checks that are returned as undeliverable will be skip traced, as described above, and remailed.

42.     Once the Fee and Expense Award, any Court-approved award to the Lead Plaintiff, Notice and Administration Costs, Taxes and Tax Expenses, and individual disbursements from the Net Settlement Fund to Authorized Claimants have been paid and the final check negotiation

deadline has passed, any residual funds remaining in the Net Settlement Fund shall, if approved by the Court, be re-allocated among Authorized Claimants until such redistributions are no longer feasible.  Any remaining amount following such redistributions shall be donated to the Parties' chosen *cy pres* recipient, the Gladstone Institutes.

## ESTIMATED ADMINISTRATION COSTS

43.    Based on Simpluris's experience with securities settlements with similar numbers of shareholders, we estimate that administering the settlement notice, claims processing, and settlement distribution aspects of this proposed settlement will generate professional services fees and expenses of approximately $134,547.

44.    The foregoing amounts are estimates and the ultimate cost of this administration could change if the number of Notices mailed is substantially greater (or smaller) than Simpluris's estimate or if the number of Claims received is substantially greater (or smaller) than the estimate. In addition, the costs of this administration could also be impacted by any out of scope work encountered during the course of the administration. Simpluris will always strive to keep costs down whenever possible.

## CONCLUSION

45.    Simpluris will administer its duties with respect to the Settlement as agreed to by the parties and approved by the Court, and in accordance with industry best practices and in full compliance with all applicable federal and state statutes and regulations.

46.    I believe that proposed Notice Plan, consisting of direct notice by mail to nearly the entire class, targeted print media, interactive settlement website, and communication with Settlement Class Members via email and IVR, represents "the best notice that is practicable under the circumstances" and will fully comply with the requirements set forth in Fed. R. Civ. P. 23(c)(2)(B).

I declare under penalty of the perjury under the laws of the United States that the foregoing is true and correct.

DECL. OF JACOB KAMENIR IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 5:22-cv-08168-EKL

11

Executed on April 30, 2026.

_____
Jacob J. Kamenir